David M. Goodrich, State Bar No. 208675
dgoodrich@wgllp.com
Beth E. Gaschen, State Bar No. 245894
bgaschen@wgllp.com
**WEILAND GOLDEN GOODRICH LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Telephone    714-966-1000
Facsimile    714-966-1002

Proposed Attorneys for Debtor and
Debtor in Possession
Cloud Mountain Inc.

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re | Case No. 8:22-bk-10442-TA |
| CLOUD MOUNTAIN INC., | Chapter 11 - Subchapter V |
| Debtor and Debtor in Possession. | **EMERGENCY MOTION FOR ORDER: (1) AUTHORIZING THE PAYMENT OF PRE-PETITION EMPLOYEE OBLIGATIONS, INCLUDING WAGES, COMPENSATION, BENEFITS, EXPENSE REIMBURSEMENTS, AND RELATED OBLIGATIONS; (2) CONFIRMING RIGHTS TO CONTINUE EMPLOYEE PROGRAMS POST-PETITION; (3) CONFIRMING RIGHT TO PAY WITHHOLDING AND PAYROLL TAXES; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF HANBING SHI IN SUPPORT THEREOF** |
| | **DATE: TBD**<br>**TIME: TBD**<br>**PLACE: Courtroom 5B (Via ZoomGov)**<br>**411 West Fourth St.**<br>**Santa Ana, California 92701** |

*Weiland Golden Goodrich LLP*
*650 Town Center Drive, Suite 600*
*Costa Mesa, California 92626*
*Tel 714-966-1000 · Fax 714-966-1002*

1361931.1

EMERGENCY PAYROLL MOTION

# TABLE OF CONTENTS

**Page**

I.  STATEMENT OF FACTS ........................................................................................3

    A.  Jurisdiction and Venue ...........................................................................3

    B.  Factual Background ................................................................................3

        1.  The Filing ....................................................................................3

        2.  The Debtor's Business and Circumstances Leading to
            the Filing ......................................................................................3

        3.  The Debtor's Employee Payroll .................................................4

II.  LEGAL AUTHORITY ...........................................................................................5

    A.  Payment of Prepetition Obligations Should Be Authorized
        Under Section 507(a) of the Bankruptcy Code .............................................5

    B.  The Proposed Payments are Appropriate Under Bankruptcy
        Code Section 363(b)(1) .............................................................................6

    C.  Payment of the Prepetition Obligations is Authorized Under
        Bankruptcy Code Section 1184 ...............................................................7

    D.  Bankruptcy Code Section 105 and the Doctrine of Necessity
        Support Payment of the Prepetition Obligations .........................................8

    E.  Honoring of Checks and Transfers Related to Employee
        Obligations and Maintenance of Payroll Accounts ....................................10

III.  NECESSITY FOR IMMEDIATE RELIEF AND EFFECTIVENESS OF
     ORDER ................................................................................................................10

IV.  COMPLIANCE WITH LOCAL BANKRUPTCY RULE 2081-1(A)(6) ....................11

V.  NOTICE .............................................................................................................13

VI.  CONCLUSION ...................................................................................................13

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1

## TABLE OF AUTHORITIES

2

**Page(s)**

3

## Cases

4

*In re Columbia Gas Sys., Inc.*,
   171 B.R. 189, 191-92 (Bankr. D. Del. 1994) ........................................................ 9

5

*In re CoServ, L.L.C.*,
6   273 B.R. 487, 497 (Bankr. N.D. Tex. 2002) .......................................................... 7

7   *In re Eagle-Picher Indus., Inc.*,
   124 B.R. 1021, 1023 (Bankr. S. D. Ohio 1991) ................................................... 9

8

*In re Gordian Medical, Inc.*,
9   8:12-12399-MW (Bankr. C.D. Cal. March 5, 2012) ............................................. 9

10  *In re Ionosphere Clubs, Inc.*,
   98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) ....................................................... 6, 9

11

*In re Just for Feet, Inc.*,
12   242 B.R. 821, 826 (D. Del. 1999) ........................................................................ 9

13  *In re NVR L.P.*,
   147 B.R. 126, 127 (Bankr. E.D. Va. 1992) ......................................................... 9

14

*In re Ocean Park Hotels – Toy, LLC, et. al.*,
15   1:10-bk-15358 GM (Bankr. C.D. Cal. May 11, 2010) ......................................... 9

16  *In re Payless Cashways, Inc.*,
   268 B.R. 543, 546-47 (Bankr. W.D. Mo. 2001) ................................................. 9

17

*In re Victor Valley Community Hospital*,
18   6:10-39537-CB (Bankr. C.D. Cal. Sept. 17, 2010) ............................................. 9

19

## Statutes

20  11 U.S.C. § 105 ............................................................................................................... 8

21  11 U.S.C. § 363 ............................................................................................................... 6

22  11 U.S.C. § 363(b)(1) ...................................................................................................... 6

23  11 U.S.C. § 365 ............................................................................................................... 7

24  11 U.S.C. § 507 ............................................................................................................. 12

25  11 U.S.C. § 507(a)(4) .................................................................................................. 5, 6

26  11 U.S.C. § 507(a)(5) ...................................................................................................... 5

27  11 U.S.C. § 507(a)(5)(B) ................................................................................................. 6

28  11 U.S.C. § 1184 ......................................................................................................... 7, 8

# TABLE OF AUTHORITIES (cont.)

**Page(s)**

28 U.S.C. § 157 ........................................................................................................3

28 U.S.C. § 157(b)(2) ...............................................................................................3

28 U.S.C. § 1334 ......................................................................................................3

28 U.S.C. § 1408 ......................................................................................................3

28 U.S.C. § 1409 ......................................................................................................3

**Rules**

L.B.R. 2081-1(a)(6)(A) ...........................................................................................12

Fed. R. Bankr. P. 6004(h) ...............................................................................11, 13

Fed. R. Bankr. P. 6004(a) ...............................................................................11, 13

Fed. R. Bankr. P. 6003 ....................................................................................10, 11

Local Bankruptcy Rule 2081-1(a)(6) ...............................................................11, 12

Local Bankruptcy Rule 2081-1(a)(6)(B) .................................................................12

Local Bankruptcy Rule 2081-1(a)(6)(C) .................................................................12

Local Bankruptcy Rule 2081-1(a)(6)(E) .................................................................12

Local Bankruptcy Rule 2081-1(a)(6)(F) .................................................................12

Local Bankruptcy Rule 2081-1(a)(6)(G) ................................................................12

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

**TO THE HONORABLE THEODOR C. ALBERT, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, THE SUBCHAPTER V TRUSTEE, AND ALL OTHER INTERESTED PARTIES:**

Cloud Mountain Inc., the debtor and debtor-in-possession (the "Debtor") in the above-captioned bankruptcy case (the "Case"), hereby moves (the "Motion") on an emergency basis for an order pursuant to sections 105(a), 363(b), 363(c), 507(a), 541, and 1184 of title 11 of the United States Code ("Bankruptcy Code") and Rule 6003 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") authorizing the Debtor, in its discretion, to pay, continue, or otherwise honor various prepetition employee-related obligations (collectively, the "Prepetition Obligations") to or for the benefit of its current employees (collectively, the "Employees") for wages, compensation, benefits, and expense reimbursements under all plans, programs, and policies maintained or contributed to, and agreements entered into, by the Debtor prior to the Petition Date (as described below, the "Employee Programs").

The Debtor also seeks authorization to be permitted to pay any and all local, state, and federal withholding and payroll-related taxes relating to the Prepetition Obligations and Employee Programs including, but not limited to, all withholding taxes, social security taxes, and Medicare taxes.  In addition, the Debtor seeks confirmation that it is permitted to pay to third parties any and all amounts deducted from Employee paychecks for payments on behalf of Employees for garnishments, charitable contributions, support payments, tax levies, bankruptcy payments, savings programs, benefit plans, insurance programs, and other similar programs.  The Debtor also seeks authority to continue to make payments of benefit obligations including medical insurance and other benefits incurred and payable in the ordinary course.  In addition, the Debtor seeks authorization to honor all pre-petition vacation pay, sick leave, holiday pay, jury duty pay, and other paid leave claims in the ordinary course.

In support of the Motion, the Debtor submits the following Memorandum of Points and Authorities and the declaration of Hanbing Shi, Chief Executive Officer of the Debtor

EMERGENCY PAYROLL MOTION

1  ("Shi Declaration").  The Debtor cannot set the matter on regular notice as it is seeking

2  retoractive authorization of the pre-petition payroll for the period of March 1, 2022 – March

3  15, 2022, that despite the Debtor's efforts to stop, was issued to the Employees on March

4  18, 2022 ("Pre-Petition Payroll").  The Debtor will also need to pay the outstanding

5  amounts due to employees for March 16, 2022, in its next payroll which is scheduled to be

6  run in just over a week.  Therefore, pursuant to Local Bankruptcy Rule 2081-1(a)(9), the

7  Debtor requests that this Motion be heard on an emergency basis.

8

9  Dated:  March 23, 2022                    WEILAND GOLDEN GOODRICH LLP

10

11                                            By:   */s/ Beth E. Gaschen*_____
                                                    DAVID M. GOODRICH
12                                                  BETH E. GASCHEN
                                                    Proposed Attorneys for Debtor in
13                                                  Possession, Cloud Mountain Inc.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1361931.1                                  2                    EMERGENCY PAYROLL MOTION

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    STATEMENT OF FACTS

#### A.    Jurisdiction and Venue

This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b)(2).  The Debtor consents to the entry of a final order by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.  Venue of the Case and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

#### B.    Factual Background

##### 1.    The Filing

On March 17, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11, Subchapter V of the Bankruptcy Code in the United States Bankruptcy Court for the Central District of California (the "Court").  The Debtor continues to operate and manage its affairs as debtor and debtor-in-possession pursuant to section 1184 of the Bankruptcy Code.  On March 17, 2022, Mark Sharf was appointed as the Subchapter V Trustee ("Trustee").  No committee has been designated in the Case.

##### 2.    The Debtor's Business and Circumstances Leading to the Filing

The Debtor is a wholesaler that specializes in the construction, design, manufacturing, and sales of quality furniture ("Business").  It focuses on indoor and outdoor furniture and outdoor shades.  The Debtor has multiple retail customers including Wayfair, Overstock, and HSN.

The Debtor began to suffer financial issues with the complications caused by the COVID-19 pandemic.  As with many companies, there has been an instability in the Debtor's supply chain with massive increases in the costs of shipping containers from Asia to the United States as well as the increase in trucking rates.  These added costs could not be absorbed by the company or its vendors and the Debtor could not increase its rates as it would jeopardize its sales.  Moreover, retailers ceased providing purchase

1  orders for lump sum orders, but instead minimized their order based upon the orders they

2  received from their customers.

3      Not only has there been an increase in the delays and costs of shipping, but the

4  Debtor has encountered problems with receiving funds from its overseas customers in

5  China.  Due to regulations, any payments from China to the United States have been

6  delayed as the Chinese government and banking institutions verified transactions.  This

7  has caused up to a two (2) week lag in the money transactions being approved.

8      As the Debtor was dealing with these economic issues, it fell behind on its rent.  On

9  January 21, 2022, 500 Warner Avenue, LLC, the Debtor's landlord, filed a complaint

10  against Cloud Mountain for unlawful detainer, commencing case no. 30-2022-01241850-

11  CU-UD-CJC.

12      The Debtor also found that it was having problems with certain of its former

13  employees and managers.

14      The Debtor's exit strategy is to file a plan of reorganization so that the Debtor may

15  continue to operate the Business.  It is taking steps to handle the financial and operational

16  issues it encountered pre-petition and believes that it will have the ability to successfully

17  confirm a plan of reorganization and repay its creditors.  In addition, pre-petition, the

18  Debtor commenced a lawsuit in Los Angeles County Superior Court against David

19  Martinez, Carlos Martinez, and Cojecto (Case No. 21STCV3063) and a lawsuit in San

20  Bernardino Superior Court against Advance Warehouse Logistics LLC, et al. (Case No.

21  CIVSB2101842) seeking damages against the defendants that collectively exceeds

22  approximately $2,000,000.00.

23      **3.      The Debtor's Employee Payroll**

24      As of the Petition Date, the Debtor had nine (9) employees.[1]  Employees are paid

25  on a bi-monthly basis.  The Debtor's most recent payroll was processed on March 18,

26

27  _____

28      [1] These Employees include several account managers, a customer service representative, a shipping
clerk, and the Debtor's CFO.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1  2022, for the period of March 1 – March 15, 2022.  It was funded pre-petition and despite

2  the Debtor's efforts to stop the payroll from being completed by PAYCHEX post-petition,

3  PAYCHEX ran payroll, including direct deposit to the Debtor's Employees and payment to

4  taxing authorities, one (1) day post-petition.  Therefore, the nine (9) Employees that

5  receive direct deposit and the taxing authorities received payment after the Petition Date.

6  A true and correct copy of the Pre-Petition Payroll, with personal identification is attached

7  as Exhibit A to the Shi Declaration.  Therefore, as to employees and taxing authorities

8  who received payment immediately after the Petition Date via direct deposit, the Debtor

9  respectfully requests that the relief requested be granted retroactively.

10  The Debtor will also owe its Employees for March 16, 2022, which payroll is

11  scheduled to be funded and paid on March 31, 2022.  The Debtor seeks authority to pay

12  its employees for the one other pre-petition day (March 16, 2022), in its next payroll.

13  There is one insider employee, Sepideh Forster, who receives payment through the

14  Employee Programs.

15  **II.**  **LEGAL AUTHORITY**

16      **A.**  **Payment of Prepetition Obligations Should Be Authorized Under**

17          **Section 507(a) of the Bankruptcy Code**

18  Section 507(a)(4) of the Bankruptcy Code provides that wages, salaries, or

19  commissions, including vacation, severance, and sick leave pay earned by an individual

20  within 180 days of the date of filing are to be accorded priority in payment in an amount

21  not to exceed $13,650 for each individual.  Section 507(a)(5) of the Bankruptcy Code

22  provides that claims for contributions to an employee benefit plan arising from services

23  rendered within 180 days of the date of filing are to be accorded priority in payment in an

24  amount not to exceed, for each plan, to the extent of the number of employees covered by

25  each plan multiplied by $13,650, less the aggregate paid to employees under section

26

27

28

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1    507(a)(4).[2]  As set forth below, the Debtor seeks authorization to pay the Employees

2    prepetition compensation and benefits up to these statutory limits.

3        With respect to the Pre-Petition Payroll, no Employee is owed more than $13,650

4    on an individual basis.  *See* 11 U.S.C. § 507(a)(4).  The one additional day of pre-petition

5    payroll outstanding will not cause any Employee to receive more than the $13,650 cap set

6    forth in Section 507(a)(4).

7        Further, the average total compensation and benefits owed to each individual

8    Employee is well below the aggregate cap of $13,650 set forth in 11 U.S.C. §

9    507(a)(5)(B).  Accordingly, the Debtor seeks authorization to pay the Debtor's Employee

10   benefits up to the $13,650 cap set forth in Section 507(a)(5)(B).

11       The Debtor also seeks authorization to be permitted to pay any and all local, state,

12   and federal withholding and payroll-related or similar taxes relating to the Prepetition

13   Obligations and Employee Programs including, but not limited to, all withholding taxes,

14   social security taxes, and Medicare taxes.

15   **B.**    **The Proposed Payments are Appropriate Under Bankruptcy Code**

16           **Section 363(b)(1)**

17       Under Bankruptcy Code section 363, a bankruptcy court is empowered to authorize

18   a chapter 11 debtor to expend funds in the bankruptcy court's discretion outside the

19   ordinary course of business.  *See* 11 U.S.C. § 363.  In order to obtain approval for the use

20   of estate assets outside the ordinary course of business, the debtor must articulate a valid

21   business justification for the requested use.  *See In re Ionosphere Clubs, Inc.*, 98 B.R.

22   174, 175 (Bankr. S.D.N.Y. 1989).

23

24       [2] Bankruptcy Code section 507(a)(4)(A) provides, "The following expenses and claims have priority in
     the following order . . . Fourth, allowed unsecured claims, but only to the extent of $13,650 for each

25   individual or corporation, as the case may be, earned within 180 days before the date of the filing of the
     petition or the date of the cessation of the debtor's business, whichever occurs first, for — (A) wages,

26   salaries, or commissions, including vacation, severance, and sick leave pay earned by an individual . . . ."
     Bankruptcy Code section 507(a)(5) provides, "The following expenses and claims have priority in the

27   following order . . . Fifth, allowed unsecured claims for contributions to an employee benefit plan — (A)
     arising from services rendered within 180 days before the date of the filing of the petition or the date of the

28   cessation of the debtor's business, whichever occurs first. . . ."

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1     Here, the preservation and protection of the Debtor's business, the retention of the

2 Employees, and the maintenance of positive morale provide a sufficient business

3 justification for payment of prepetition wage, salary, and benefit claims, even if such

4 payments are deemed to be outside the ordinary course of business.  *See id.*  Moreover,

5 payments which are critical to the retention and morale of the Debtor's workforce actually

6 add value to the estate because an unplanned reduction in Employees could have

7 disastrous effects on recoveries to unsecured creditors.  Accordingly, this Court should

8 grant the requested relief under Bankruptcy Code section 363.

9     Nothing in this Motion nor any payments made by the Debtor pursuant to this

10 Motion shall be deemed an assumption or rejection of any employee benefit plan,

11 employment agreement, other program or contract, or otherwise affect the Debtor's rights

12 under section 365 of the Bankruptcy Code to assume or reject any executory contract

13 between the Debtor and any employee or any payroll service.

14  **C.     Payment of the Prepetition Obligations is Authorized Under**

15       **Bankruptcy Code Section 1184**

16     The Debtor, operating its business as debtor-in-possession under Bankruptcy Code

17 section 1184, is a fiduciary "holding the bankruptcy estate[s] and operating the

18 business[es] for the benefit of [their] creditors and (if the value justifies) equity owners."  *In*

19 *re CoServ, L.L.C.*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002).  Implicit in the duties of a

20 chapter 11 debtor in possession is the duty "to protect and preserve the estate, including

21 an operating business's going-concern value."  *Id.*

22     At least one court has noted that there are instances in which a debtor-in-

23 possession can fulfill its fiduciary duty "only . . . by the preplan satisfaction of a prepetition

24 claim."  *See id.*  The *CoServ* court specifically noted that preplan satisfaction of prepetition

25 claims would be a valid exercise of a debtor's fiduciary duty when the payment "is the only

26 means to effect a substantial enhancement of the estate."  *Id.*  The court provided a three-

27 pronged test for determining whether a preplan payment on account of a prepetition claim

28 was a valid exercise of a debtor's fiduciary duty:

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1
2
3
4
5

First, it must be critical that the debtor deal with the claimant. Second, unless it deals with the claimant, the debtor risks the probability of harm, or, alternatively, loss of economic advantage to the estate or the debtor's going concern value, which is disproportionate to the amount of the claimant's prepetition claim. Third, there is no practical or legal alternative by which the debtor can deal with the claimant other than by payment of the claim.

6    *Id.* at 498.

7    Payment of the Prepetition Obligations meets each element of the *CoServ* court's

8    standard.  Any failure by the Debtor to pay the Prepetition Obligations would have a

9    severe negative impact on the morale of the Debtor's Employees at a critical time for the

10    Debtor and its business.  Moreover, as described above, the Employees likely maintain

11    priority claims against the Debtor for the Prepetition Obligations.

12    Second, the potential harm and economic disadvantage that would stem from the

13    failure to pay the Prepetition Obligations is grossly disproportionate to the amount of any

14    prepetition claim that may be paid.  Absent payment of the Prepetition Obligations, the

15    roster of employees of the Debtor may decrease dramatically, likely leading to the loss of

16    key Employees, lower sales, and other severe business disruptions costing far in excess

17    of the amount of such obligations.  Third, the Debtor has determined that, to avoid

18    significant disruption of the Debtor's business operations, there exists no practical or legal

19    alternative to payment of such obligations.

20    Therefore, the Debtor can only meet its fiduciary duties as debtor-in-possession

21    under Bankruptcy Code section 1184 by payment of the Prepetition Obligations.

22    **D.    Bankruptcy Code Section 105 and the Doctrine of Necessity Support**

23    **Payment of the Prepetition Obligations**

24    The proposed payments of the Prepetition Obligations should be authorized

25    pursuant to Bankruptcy Code section 105 and under the "doctrine of necessity."

26    Bankruptcy Code section 105 authorizes this Court "to issue any order . . . necessary or

27    appropriate to carry out the provisions" of the Bankruptcy Code.  11 U.S.C. § 105.  For the

28    reasons set forth herein, and in light of the critical need for the Debtor to preserve the

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1  going concern value of its business in order to affect a successful reorganization through,

2  among other things, preservation of the Debtor's workforce and its morale, payment of the

3  Prepetition Obligations as requested herein is proper in accordance with Bankruptcy Code

4  section 105.

5      Payment of the Prepetition Obligations is further supported by the doctrine of

6  necessity.  The doctrine of necessity is a well-settled doctrine that permits a bankruptcy

7  court to authorize payment of certain prepetition claims prior to the completion of the

8  reorganization process where the payment of such claims is necessary to the

9  reorganization.  *See In re Just for Feet, Inc.*, 242 B.R. 821, 826 (D. Del. 1999) (stating that

10  where the debtor "cannot survive" absent payment of certain prepetition claims, the

11  doctrine of necessity should be invoked to permit payment);[3] *see also In re NVR L.P.*, 147

12  B.R. 126, 127 (Bankr. E.D. Va. 1992) ("[T]he court can permit pre-plan payment of pre-

13  petition obligation when essential to the continued operation of the debtor."); *In re Eagle-*

14  *Picher Indus., Inc.*, 124 B.R. 1021, 1023 (Bankr. S. D. Ohio 1991) ("[T]o justify payment of

15  a pre-petition unsecured creditor, a debtor must show that the payment is necessary to

16  avert a serious threat to the Chapter 11 process.").

17      The doctrine of necessity is a widely accepted component of modern bankruptcy

18  jurisprudence.  *See Just For Feet*, 242 B.R. at 826 (approving payment of key inventory

19  suppliers' prepetition claims when such suppliers could destroy debtor's business by

20  refusing to deliver new inventory on eve of debtor's key sales season); *In re Payless*

21  *Cashways, Inc.*, 268 B.R. 543, 546-47 (Bankr. W.D. Mo. 2001) (authorizing payment of

22

23      [3] The Court's power to utilize the doctrine of necessity in chapter 11 cases derives from the Court's
inherent equity powers and its statutory authority to "issue any order, process, or judgment that is necessary

24  or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  The United States Supreme
Court first articulated the doctrine of necessity over a century ago, in *Miltenberger v. Logansport C & Sw.*

25  *Ry. Co.*, 106 U.S. 286 (1882), in affirming the authorization by the lower court of the use of receivership
funds to pay pre-receivership debts owed to employees, vendors and suppliers, among others, when such

26  payments were necessary to preserve the receivership property and the integrity of the business in
receivership.  *See id.* at 309-14.  The modern application of the doctrine of necessity is largely unchanged

27  from the Court's reasoning in *Miltenberger.  See In re Lehigh & New Eng. Ry.*, 657 F.2d 570, 581-82 (3d Cir.
1981) ("[I]n order to justify payment under the 'necessity of payment' rule, a real and immediate threat must

28  exist that failure to pay will place the [debtor's] continued operation . . . in serious, jeopardy.")

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1    critical prepetition suppliers' claims when such suppliers agree to provide post-petition

2    trade credit); *see also In re Columbia Gas Sys., Inc.*, 171 B.R. 189, 191-92 (Bankr. D. Del.

3    1994); *Ionosphere Clubs*, 98 B.R. at 175-76.  In this district, courts have routinely granted

4    such relief.  *See e.g., In re Gordian Medical, Inc.*, 8:12-12399-MW (Bankr. C.D. Cal.

5    March 5, 2012) [Docket No. 57], *In re Ocean Park Hotels – Toy, LLC, et. al.*, 1:10-bk-

6    15358 GM (Bankr. C.D. Cal. May 11, 2010) [Docket No. 25]; *In re Victor Valley*

7    *Community Hospital*, 6:10-39537-CB (Bankr. C.D. Cal. Sept. 17, 2010) [Docket No. 30].

8        For the reasons discussed herein, it is evident that payment of the Prepetition

9    Obligations is necessary to the Debtor's effective reorganization.  In particular, without

10   payment of the Prepetition Obligations, the Debtor's business and operations will be

11   detrimentally impacted through the reduction in Employee morale and the potential loss of

12   key Employees during a critical time for the Debtor and its business.  Hence, this Court

13   should exercise its equitable powers to grant the relief requested in the Motion.

14   **E.**    **Honoring of Checks and Transfers Related to Employee Obligations**

15        **and Maintenance of Payroll Accounts**

16        Furthermore, the Debtor requests that all applicable banks and other financial

17   institutions be authorized and directed to receive, process, honor and pay all checks

18   presented for payment and to honor all transfer requests made by the Debtor related to

19   the Prepetition Obligations, whether such checks were presented or funds transfer

20   requests were submitted prior to or after the Petition Date (including checks that have

21   been presented and dishonored).  The Debtor represents that these checks are drawn on

22   identifiable accounts.  Accordingly, checks other than those for Prepetition Obligations will

23   not be honored inadvertently.  The Debtor expects to have sufficient funds to pay all

24   Prepetition Obligations, to the extent described herein, on an ongoing basis and in the

25   ordinary course of business.  The Debtor had already funded the Pre-Petition Payroll prior

26   to the Petition Date and will have funds to make its next required payroll.  Moreover, there

27   are no issues with cash collateral as the Debtor has no secured creditors.

28

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

### III.    NECESSITY FOR IMMEDIATE RELIEF AND EFFECTIVENESS OF ORDER

Bankruptcy Rule 6003 provides that "[e]xcept to the extent that relief is necessary to avoid immediate and irreparable harm, the court shall not, within 21 days after the filing of the petition, grant . . . (b) a motion to use, sell, lease, or otherwise incur an obligation regarding property of the estate, including a motion to pay all or part of a claim that arose before the filing of the petition . . . ."

Any interruption in the payment of the Employee's wages, salaries, or benefit programs will irreparably shake the confidence of the Debtor's Employees, reduce morale, and will likely cause employees to seek employment elsewhere.  While the Employees have been extremely understanding and patient, the Debtor cannot and does not expect that this will continue, especially if the Employees are required to return their pay received on March 18, 2022.  Employees will likely view any continued interruption in their wage, salary, and benefit programs as an indication that their employment and/or continuing wages and benefits are uncertain.  Key employees with the most valuable skills and/or the most important customer relationships will likely seek employment elsewhere, causing irreparable harm to the Debtor as measured in both the loss of productivity and the lost relationships with customers.  It may be impossible to replace these employees during the bankruptcy case due to the financial constraints imposed while in bankruptcy.  Further, even if it is possible to replace employees who choose to leave, the cost to replace these invaluable employees may only be at great expense and significant distraction to the Debtor.  Even if no employees choose to leave, morale would likely suffer and directly impact the Employees' work performance and undermine the Debtor's attempt to succeed in bankruptcy.

For the reasons discussed herein, it would cause immediate and irreparable harm to the Debtor and its business operations unless it is authorized to continue its ordinary business operations by maintaining its Employee related wage, salary and benefit programs. Accordingly, the interim relief requested herein is consistent with Bankruptcy Rule 6003.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1361931.1

EMERGENCY PAYROLL MOTION

1    Further, to implement the foregoing successfully, the Debtor seeks a waiver of the

2    notice requirements under Bankruptcy Rule 6004(a) and the fourteen-day stay of an order

3    authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h), to the

4    extent these rules are applicable.

5    **IV.    COMPLIANCE WITH LOCAL BANKRUPTCY RULE 2081-1(a)(6)**

6    As provided by Local Bankruptcy Rule 2081-1(a)(6), (a) the Employees subject to

7    the Motion are still employed by the Debtor, (b) the payment of the claims subject to this

8    Motion are necessary in that they will preserve morale, ensure the Debtor can maintain

9    operating its business, and will support the Debtor's efforts to reorganize, (c) the unpaid

10    wages to hourly and salaried Employees are not to insiders (or to the extent such wages

11    are to insiders, will also be subject to the rules governing the approval and payment of

12    insider compensation), the Debtor is likely to reorganize, the employees' claims are

13    subject to the limits established by 11 U.S.C. § 507, and (d) the payments will not render

14    the estate administratively insolvent.

15    As set forth above, the Motion satisfies all requirements of Local Bankruptcy Rule

16    2081-1(a)(6).  The Motion seeks an order authorizing the Debtor to pay prepetition payroll

17    obligations for current Employees of the Debtor.  *See* L.B.R. 2081-1(a)(6)(A).  This

18    request is necessary because the failure to pay these Employees timely would have a

19    severe negative impact on the morale of the Employees and potentially cause the loss of

20    key Employees during a critical time for the Debtor and its business.  *See* L.B.R. 2081-

21    1(a)(6)(B).  The payment of the Debtor's prepetition priority payroll and benefits programs

22    will help the Debtor maintain the high morale of the Debtor's Employees, have clear

23    morale benefits to the business which will directly enhance the Debtor's ability to

24    successfully reorganize in bankruptcy without the unnecessary distraction of reduced

25    morale, increased turnover, and lost key Employees.  *See* L.B.R. 2081-1(a)(6)(C).  The

26    Debtor is likely to reorganize based on the fact that the Debtor will fund a plan of

27    reorganization through operations for the benefit of all parties.

28

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1    The Chief Financial Officer is owed unpaid wages, but the vast majority of the

2  Employees owed wages and/or benefits are hourly and salaried Employees which are not

3  insiders (and to the extent such wages are to the insiders, these wages will be subject to

4  the rules governing the approval and payment of insider compensation).  *See* L.B.R.

5  2081-1(a)(6)(E).  The Motion sets forth that all of the Employees are owed amounts within

6  the limits established by 11 U.S.C. § 507.  *See* L.B.R. 2081-1(a)(6)(F).  Finally, the Debtor

7  has budgeted funds to pay both the Debtor's administrative expenses and the benefits

8  owed to Employees, and the payments proposed will not render the estate

9  administratively insolvent.  *See* L.B.R. 2081-1(a)(6)(G).

10  **V.    NOTICE**

11    The Motion has been served on: (a) the Office of the United States Trustee, (b) the

12  Subchapter V trustee, (c) the twenty largest unsecured creditors, and (c) any other

13  interested party.  In the event that the Court grants the relief requested by the Motion, the

14  Debtor shall provide notice of the entry of the order granting such relief upon each of the

15  foregoing parties and any other parties-in-interest as the Court directs.  The Debtor

16  submits that such notice is sufficient and that no other or further notice be given.

17  **VI.    CONCLUSION**

18    Based on the foregoing, the Debtor respectfully requests that this Court enter an

19  order (a) authorizing, but not directing, the Debtor to pay, continue, or otherwise honor the

20  Prepetition Obligations and Employee Programs in accordance with the Debtor's ordinary

21  course of business and stated policies; (b) authorizing, but not directing, the Debtor to pay

22  any and all local, state, and federal withholding and payroll-related or similar taxes relating

23  to the Prepetition Obligations and Employee Programs including, but not limited to, all

24  withholding taxes, social security taxes, and Medicare taxes; (c) authorizing and directing

25  the applicable bank(s) and other financial institutions to receive, process, honor and pay

26  all checks presented for payment and to honor all electronic payment requests made by

27  the Debtor related to the foregoing; (d) waiving the notice requirements under Bankruptcy

28  Rule 6004(a) and the 14 day stay of an order authorizing the use, sale, or lease of

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1  property under Bankruptcy Rule 6004(h); and (e) granting such other and further relief as

2  is just and proper under the circumstances.

3                                     Respectfully submitted,

4  Dated:  March 23, 2022              WEILAND GOLDEN GOODRICH LLP

5

6                                     By:  */s/ Beth E. Gaschen*
                                           DAVID M. GOODRICH
7                                          BETH E. GASCHEN
                                           Proposed Attorneys for Debtor in
8                                          Possession Cloud Mountain, Inc.

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

# DECLARATION OF HANBING SHI

I, Hanbing Shi, declare as follows:

1.      I am the Chief Executive Officer ("CEO") of the debtor and debtor-in-possession (the "Debtor") in the above-captioned chapter 11 case (the "Case").  I have served as CEO since the Debtor's inception.  In my role as CEO, I am responsible for overall operations of the Debtor.  I have been focusing on increasing the Debtor's customer base and increasing sales.  I am the main point of contact for all clients/customers both in the United States and overseas.

2.      As a result of my tenure with the Debtor, my extensive day to day experience with the financial matters impacting the Debtor's operations, my review of relevant documents, and my discussions with other members of the Debtor's management in the ordinary course of business, I am familiar with the Debtor's day-to-day operations, business affairs, and books and records.  Except as otherwise stated, all facts set forth in this Declaration are based on my personal knowledge, my review of relevant documents, or my opinion, based on my experience and knowledge of the Debtor's operations and financial conditions and, if called as a witness, could testify competently thereto.  I am submitting this declaration in support of the *Emergency Motion for Order (1) Authorizing the Payment of Prepetition Employee Obligations, Including Wages, Compensation, Benefits, Expense Reimbursements, and Related Obligations, (2) Confirming Rights to Continue Employee Programs Post-Petition, (3) Confirming Right to Pay Withholding and Payroll Taxes* (the "Motion").  All terms not defined herein shall have the meanings ascribed to them in Motion.

3.      On March 17, 2022, the Debtor filed a voluntary petition for relief under Chapter 11, Subchapter V of the Bankruptcy Code.  The Debtor continues to operate and manage its affairs as debtor and debtor-in-possession.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

4. I am informed and believe that on March 17, 2022, the Trustee was appointed. I am further informed and believe that no committee has been designated in the Case.

5. The Debtor is a wholesaler that specializes in the construction, design, manufacturing, and sales of quality furniture ("Business"). It focuses on indoor and outdoor furniture and outdoor shades. The Debtor has multiple retail customers including Wayfair, Overstock, and HSN.

6. The Debtor began to suffer financial issues with the complications caused by the COVID-19 pandemic. As with many companies, there has been an instability in the Debtor's supply chain with massive increases in the costs of shipping containers from Asia to the United States as well as the increase in trucking rates. These added costs could not be absorbed by the company or its vendors and the Debtor could not increase its rates as it would jeopardize its sales. Retailers also stopped providing purchase orders for lump sum orders, but instead minimized their orders based upon the orders they received from their customers.

7. Not only has there been an increase in the delays and costs of shipping, but the Debtor has encountered problems with receiving funds from its overseas customers in China. Due to regulations, any payments from China to the United States have been delayed as the Chinese government and banking institutions verified transactions. This has caused up to a two (2) week lag in the money transactions being approved.

8. As the Debtor was dealing with these economic issues, it fell behind on its rent. On January 21, 2022, 500 Warner Avenue, LLC, the Debtor's landlord, filed a complaint against Cloud Mountain for unlawful detainer, commencing case no. 30-2022-01241850-CU-UD-CJC.

9. The Debtor also found that it was having problems with certain of its former employees and managers.

10. The Debtor's exit strategy is to file a plan of reorganization so that the Debtor may continue to operate the Business. It is taking steps to handle the financial

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1  and operational issues it encountered pre-petition and I believe that the Debtor will have

2  the ability to successfully confirm a plan of reorganization and repay its creditors.

3      11.    Pre-petition, the Debtor commenced a lawsuit in Los Angeles County

4  Superior Court against David Martinez, Carlos Martinez, and Cojecto (Case No.

5  21STCV3063) and a lawsuit in San Bernardino Superior Court against Advance

6  Warehouse Logistics LLC, et al. (Case No. CIVSB2101842) seeking damages against the

7  defendants that collectively exceeds approximately $2,000,000.00.

8      12.    A true and correct copy of the Pre-Petition Payroll, with personal

9  identification is attached hereto as Exhibit A.

10     13.    As of the Petition Date, the Debtor had nine (9) employees.  Employees are

11 paid on a bi-monthly basis.  The Debtor's most recent payroll was processed on March

12 18, 2022, for the period of March 1 – March 15, 2022.  It was funded pre-petition and

13 despite the Debtor's efforts to stop the payroll from being completed by PAYCHEX post-

14 petition, PAYCHEX ran payroll, including direct deposit to the Debtor's Employees and

15 payment to taxing authorities, one day post-petition.

16     14.    The Debtor will also owe its Employees for March 16, 2022, which payroll is

17 scheduled to be funded and paid on March 31, 2022.  The Debtor seeks authority to pay

18 its employees for the one other pre-petition day (March 16, 2022), in its next payroll.

19 There is one insider employee, Sepideh Forster, who receives payment through the

20 Employee Programs.

21     15.    The Debtor risks losing employees necessary for a reorganization if accrued

22 wages and withholding taxes are not paid.

23     16.    No employee will be paid more than $13,650 on an individual basis.

24     17.    I believe the payment to the Employees is critical to the retention and morale

25 of the Debtor's workforce at a critical time for the Debtor and its business.  I believe that

26 without the payment of the Prepetition Obligations, the Debtor's business and operations

27 would be detrimentally impacted through the reduction in Employee morale and the

28

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

without the payment of the Prepetition Obligations, the Debtor's business and operations would be detrimentally impacted through the reduction in Employee morale and the potential loss of key Employees, creating severe business disruptions costing far in excess of the Prepetition Obligations.

18.    While the Employees have been extremely understanding and patient, I do not expect that this will continue especially if the Employees have to repay the Pre-Petition Payroll.  There is no practical alternative to payment of such obligations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 23rd day of March, 2022, at _____, California.

_____
Hanbing Shi

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

# EXHIBIT A

# PAYROLL JOURNAL

**0080 1607-9914** Cloud Mountain Inc

| EMPLOYEE NAME ID | HOURS, EARNINGS, REIMBURSEMENTS & OTHER PAYMENTS | | | | WITHHOLDINGS | | DEDUCTIONS | | NET PAY ALLOCATIONS | |
|---|---|---|---|---|---|---|---|---|---|---|
| | DESCRIPTION | RATE | HOURS | EARNINGS | REIMB & OTHER PAYMENTS | | | | | |
| **En, Rathmony** 6 | Salary | | | 2,083.33 | | Social Security | 129.17 | PX401 EEPRE | 20.83 | Direct Deposit # 8 | |
| | | | | | | Medicare | 30.21 | | | **Check Amt** | 0.00 |
| | | | | | | Fed Income Tax | 100.88 | | | Chkg 937 | 1,712.93 |
| | | | | | | CA Income Tax | 66.39 | | | | |
| | | | | | | CA Disability | 22.92 | | | | |
| | EMPLOYEE TOTAL | | | 2,083.33 | | | 349.57 | | 20.83 | Net Pay | 1,712.93 |
| **Feng, ChiQiong** 13 | Hourly | 20.0000 | 88.00 | 1,760.00 | | Social Security | 109.12 | | | Direct Deposit # 9 | |
| | | | | | | Medicare | 25.52 | | | **Check Amt** | 0.00 |
| | | | | | | Fed Income Tax | 137.89 | | | Chkg 308 | 1,421.68 |
| | | | | | | CA Income Tax | 46.43 | | | | |
| | | | | | | CA Disability | 19.36 | | | | |
| | EMPLOYEE TOTAL | | 88.00 | 1,760.00 | | | 338.32 | | | Net Pay | 1,421.68 |
| **Forster, Sepideh** 4 | Salary | | | 5,416.67 | | Social Security | 335.83 | | | Direct Deposit # 10 | |
| | | | | | | Medicare | 78.54 | | | **Check Amt** | 0.00 |
| | | | | | | Fed Income Tax | 746.98 | | | Chkg 380 | 3,467.97 |
| | | | | | | CA Income Tax | 227.77 | | | Chkg 368 | 500.00 |
| | | | | | | CA Disability | 59.58 | | | | |
| | EMPLOYEE TOTAL | | | 5,416.67 | | | 1,448.70 | | | Net Pay | 3,967.97 |
| **Lu, Wenhui** 12 | Hourly | 20.0000 | 88.00 | 1,760.00 | | Social Security | 109.12 | | | Direct Deposit # 11 | |
| | | | | | | Medicare | 25.52 | | | **Check Amt** | 0.00 |
| | | | | | | Fed Income Tax | 101.99 | | | Chkg 361 | 1,482.65 |
| | | | | | | CA Income Tax | 21.36 | | | | |
| | | | | | | CA Disability | 19.36 | | | | |
| | EMPLOYEE TOTAL | | 88.00 | 1,760.00 | | | 277.35 | | | Net Pay | 1,482.65 |
| **Schermerhorn, Ste...** 7 | Salary | | M64.00 | 3,030.32 | | Social Security | 444.17 | PX401 EEPRE | 71.64 | EA | |
| | Sick | | M64.00 | 3,029.76 | | Medicare | 103.88 | | | Check # Unknown | |
| | Vacation | | M23.32 | 1,103.96 | | CA Disability | 78.80 | | | **Check Amt** | 0.00 |
| | | | | | | | | | | Manual | 6,465.55 |
| | EMPLOYEE TOTAL | | 151.32 | 7,164.04 | | | 626.85 | | 71.64 | Net Pay | 6,465.55 |
| **Shi, Cuiping** 11 | Salary | | | 2,000.00 | | Social Security | 124.00 | PX401 EEPRE | 20.00 | Direct Deposit # 12 | |
| | | | | | | Medicare | 29.00 | | | **Check Amt** | 0.00 |
| | | | | | | Fed Income Tax | 90.98 | | | Chkg 806 | 1,653.07 |
| | | | | | | CA Income Tax | 60.95 | | | | |
| | | | | | | CA Disability | 22.00 | | | | |
| | EMPLOYEE TOTAL | | | 2,000.00 | | | 326.93 | | 20.00 | Net Pay | 1,653.07 |
| **Viehmeyer, Robbie J** 10 | Hourly | 20.0000 | 72.58 | 1,451.60 | | Social Security | 94.42 | PX401 EEPRE | 15.23 | Direct Deposit # 13 | |
| | Overtime | 30.0000 | 2.38 | 71.40 | | Medicare | 22.09 | | | **Check Amt** | 0.00 |
| | | | | | | Fed Income Tax | 107.62 | | | Chkg 275 | 1,233.89 |
| | | | | | | CA Income Tax | 33.00 | | | | |

**0080 1607-9914** Cloud Mountain Inc

Run Date 03/16/22  05:07 PM

Period Start - End Date    03/01/22 - 03/15/22
Check Date    03/18/22

Payroll Journal
Page 1 of 2
PYRJRN

EXHIBIT A    PAGE 19

# PAYROLL JOURNAL

**0080 1607-9914**  Cloud Mountain Inc

| EMPLOYEE NAME ID | HOURS, EARNINGS, REIMBURSEMENTS & OTHER PAYMENTS | | | | WITHHOLDINGS | | DEDUCTIONS | | NET PAY ALLOCATIONS | |
|---|---|---|---|---|---|---|---|---|---|---|
| | DESCRIPTION | RATE | HOURS | EARNINGS | REIMB & OTHER PAYMENTS | | | | | |
| **(cont.)** **Viehmeyer, Robbie J (cont.)** **10** | | | | | | CA Disability | 16.75 | | | | |
| | EMPLOYEE TOTAL | | 74.96 | 1,523.00 | | | 273.88 | | 15.23 | Net Pay | 1,233.89 |
| **Wan, Baie** **1** | Salary | | | 3,746.50 | | Social Security | 232.28 | PX401 EEPRE | 37.47 | Direct Deposit # 14 | |
| | | | | | | Medicare | 54.33 | | | **Check Amt** | 0.00 |
| | | | | | | Fed Income Tax | 514.65 | | | Chkg 383 | 2,644.99 |
| | | | | | | CA Income Tax | 221.57 | | | | |
| | | | | | | CA Disability | 41.21 | | | | |
| | EMPLOYEE TOTAL | | | 3,746.50 | | | 1,064.04 | | 37.47 | Net Pay | 2,644.99 |
| **Wu, Jinyi** **5** | Salary | | | 2,000.00 | | Social Security | 124.00 | PX401 EEPRE | 20.00 | Direct Deposit # 15 | |
| | | | | | | Medicare | 29.00 | | | **Check Amt** | 0.00 |
| | | | | | | Fed Income Tax | 164.29 | | | Chkg 870 | 1,579.76 |
| | | | | | | CA Income Tax | 60.95 | | | | |
| | | | | | | CA Disability | 22.00 | | | | |
| | EMPLOYEE TOTAL | | | 2,000.00 | | | 400.24 | | 20.00 | Net Pay | 1,579.76 |

| **COMPANY TOTALS** | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| *9 Person(s)* | Hourly | | 248.58 | 4,971.60 | | Social Security | 1,702.11 | PX401 EEPRE | 185.17 | **Check Amt** | 0.00 |
| *9 Transaction(s)* | Salary | | 64.00 | 18,276.82 | | Medicare | 398.09 | | | Dir Dep | 15,696.94 |
| | Overtime | | 2.38 | 71.40 | | Fed Income Tax | 1,965.28 | | | Manual | 6,465.55 |
| | Sick | | 64.00 | 3,029.76 | | CA Income Tax | 738.42 | | | | |
| | Vacation | | 23.32 | 1,103.96 | | CA Disability | 301.98 | | | | |
| | COMPANY TOTAL | | 402.28 | 27,453.54 | | | 5,105.88 | | 185.17 | Net Pay | 22,162.49 |
| | | | | | | *Employer Liabilities* | | | | | |
| | | | | | | Social Security | 1,702.12 | | | | |
| | | | | | | Medicare | 398.07 | | | | |
| | | | | | | Fed Unemploy | 35.62 | | | | |
| | | | | | | CA Unemploy | 201.86 | | | | |
| | | | | | | CA Emp Train | 5.94 | | | | |
| | | | | | TOTAL EMPLOYER LIABILITY | 2,343.61 | | | | |
| | | | | | TOTAL TAX LIABILITY | 7,449.49 | | | | |

(IC) = Independent Contractor

**0080 1607-9914**  Cloud Mountain Inc
Run Date 03/16/22  05:07 PM

Period Start - End Date    03/01/22 - 03/15/22
Check Date    03/18/22

Payroll Journal
Page 2 of 2
PYRJRN

EXHIBIT A    PAGE 20

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**650 Town Center Drive, Suite 600
Costa Mesa, California 92626**

A true and correct copy of the foregoing document entitled (*specify*): <u>Emergency Motion For Order: (1) Authorizing The Payment Of Pre-Petition Employee Obligations, Including Wages, Compensation, Benefits, Expense Reimbursements, And Related Obligations; (2) Confirming Rights To Continue Employee Programs Post-Petition; (3) Confirming Right To Pay Withholding And Payroll Taxes; Memorandum Of Points And Authorities; And Declaration Of Hanbing Shi In Support Thereof</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) <u>March 23, 2022</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
Fahim Farivar    fahim@farivarlaw.com, catherine@farivarlaw.com;lisa@farivarlaw.com
Beth Gaschen    bgaschen@wgllp.com,
kadele@wgllp.com;cbmeeker@gmail.com;cyoshonis@wgllp.com;lbracken@wgllp.com;bgaschen@ecf.courtdrive.com;gestrada@wgllp.com
David M Goodrich    dgoodrich@wgllp.com,
kadele@wgllp.com;lbracken@wgllp.com;wgcllp@ecf.courtdrive.com;gestrada@wgllp.com
Queenie K Ng    queenie.k.ng@usdoj.gov
Mark M Sharf (TR)    mark@sharflaw.com, C188@ecfcbis.com;sharf1000@gmail.com
United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) <u>March 23, 2022</u>, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) <u>March 23, 2022</u>, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 3/23/2022 | Gloria Estrada | *Gloria Estrada* |
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                    **F 9013-3.1.PROOF.SERVICE**