David M. Goodrich, State Bar No. 208675
dgoodrich@wgllp.com
Beth E. Gaschen, State Bar No. 245894
bgaschen@wgllp.com
**WEILAND GOLDEN GOODRICH LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Telephone    714-966-1000
Facsimile    714-966-1002

Attorneys for Debtor and Debtor-in-Possession
Cloud Mountain Inc.

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:22-bk-10442-TA |
| CLOUD MOUNTAIN INC,, | Chapter 11, Subchapter V |
| Debtor and Debtor-in-Possession. | **PLAN OF REORGANIZATION FOR SMALL BUSINESS UNDER CHAPTER 11**<br><br>**Confirmation Hearing:**<br>**DATE:** _____, 2022<br>**TIME:** _____ a.m./p.m.<br>**CTRM:  5B** |

1369689.2

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

# TABLE OF CONTENTS

**Page**

I. GENERAL DISCLAIMER ...........................................................................................2

II. BACKGROUND FOR CASES FILED UNDER SUBCHAPTER V .........................2

    A.   Description and History of the Debtor's Business.......................................2

    B.   Factors that Led to Filing of the Bankruptcy Case....................................3

    C.   Actions Taken to Solve Financial Problems ..............................................4

    D.   Future Financial Outlook ...........................................................................4

III. DEFINITIONS AND PRELIMINARY INFORMATION..........................................4

    A.   Claims and Interests...................................................................................4

    B.   Allowed, Disallowed, and Disputed Claims and Interests.........................4

    C.   Potential § 1111(b) Elections.....................................................................7

IV. VOTING BY BALLOT...............................................................................................7

    A.   Who May Vote or Object ...........................................................................7

        1.   Who May Object to Confirmation of the Plan.................................7

        2.   Who May Vote to Accept/Reject the Plan.......................................7

        3.   Who Can Vote in More than One Class............................................8

        4.   Votes Necessary to Confirm the Plan..............................................8

V. FILING AN OBJECTION TO CONFIRMATION OF THE PLAN ...........................8

VI. PLAN OF REORGANIZATION...............................................................................8

    A.   Treatment of Unclassified Claims..............................................................9

        1.   Administrative Expenses ................................................................9

            a.   Professional Fee Claims .......................................................11

        2.   Priority Tax Claims.........................................................................11

    B.   Classified Claims.....................................................................................12

        1.   Summary of Classes......................................................................12

        2.   Class of Priority Claims..................................................................12

        3.   Class of General Unsecured Claims...............................................13

1369689.2

i

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

## TABLE OF CONTENTS (cont.)

**Page**

4. Interest Holders ................................................................................13

VII. MEANS OF EFFECTUATING THE PLAN ...................................................14

A. Funding the Plan ....................................................................................14

B. Disbursing Agent ...................................................................................14

C. Corporate Governance ..........................................................................14

D. Unclaimed or Undeliverable Plan Distributions.....................................15

E. Changes in Rates Subject to Regulatory Commission Approval .............15

F. Preservation of Causes of Action and Avoidance Actions .......................15

VIII. PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED
LEASES .....................................................................................................17

IX. LIQUIDATION ANALYSIS............................................................................19

X. TAX CONSEQUENCES OF THE PLAN .....................................................19

XI. EXPLANATION OF RISK FACTORS AND POTENTIAL
FLUCTUATIONS WHEN IMPLEMENTING THE PLAN ................................20

XII. EFFECT OF CONFIRMATION OF THE PLAN ............................................20

A. General Comments ................................................................................20

B. Discharge of Liability for Payments of Debts .........................................21

XIII. GENERAL PROVISIONS.............................................................................21

A. Definitions and Rules of Construction ...................................................21

B. Effective Date ........................................................................................22

C. Severability ...........................................................................................22

D. Binding Effect ........................................................................................22

E. Modification of the Plan .........................................................................22

F. Exculpation and Releases .....................................................................22

G. Captions ................................................................................................23

H. Controlling Effect ...................................................................................23

I. Retention of Jurisdiction ........................................................................23

## TABLE OF CONTENTS (cont.)

**Page**

J.      Final Decree ........................................................................................24

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

# **TABLE OF AUTHORITIES**

**Page(s)**

**Statutes**

11 U.S.C. § 101(10) .................................................................................................................. 4

11 U.S.C. § 101(12) .................................................................................................................. 4

11 U.S.C. § 101(16) .................................................................................................................. 4

11 U.S.C. § 101(5) .................................................................................................................... 4

11 U.S.C. § 101(7) .................................................................................................................... 4

11 U.S.C. § 102(2) .................................................................................................................... 4

11 U.S.C. § 107(17) .................................................................................................................. 4

11 U.S.C. § 108 ...................................................................................................................... 23

11 U.S.C. § 346 ...................................................................................................................... 23

11 U.S.C. § 362(a) .................................................................................................................. 21

11 U.S.C. § 362(c)(1) .............................................................................................................. 21

11 U.S.C. § 503 ...................................................................................................................... 21

11 U.S.C. § 505 ...................................................................................................................... 23

11 U.S.C. § 506(b) .................................................................................................................. 10

11 U.S.C. § 507(a) .................................................................................................................. 13

11 U.S.C. § 507(a)(2) ................................................................................................................ 9

11 U.S.C. § 507(a)(3) ......................................................................................................... 12, 13

11 U.S.C. § 507(a)(4) ......................................................................................................... 12, 13

11 U.S.C. § 507(a)(5) ......................................................................................................... 12, 13

11 U.S.C. § 507(a)(6) ......................................................................................................... 12, 13

11 U.S.C. § 507(a)(7) ......................................................................................................... 12, 13

11 U.S.C. § 507(a)(8) .............................................................................................................. 11

11 U.S.C. § 510 ...................................................................................................................... 23

11 U.S.C. § 511 ...................................................................................................................... 10

11 U.S.C. § 525 ...................................................................................................................... 23

**TABLE OF AUTHORITIES (cont.)**

**Page(s)**

11 U.S.C. § 543 ................................................................................................................ 23

11 U.S.C. § 545 ................................................................................................................ 23

11 U.S.C. § 547 ................................................................................................................ 23

11 U.S.C. § 548 ................................................................................................................ 23

11 U.S.C. § 549 ................................................................................................................ 23

11 U.S.C. § 551 ................................................................................................................ 23

11 U.S.C. § 1111(b) ............................................................................................................ 7

11 U.S.C. § 1141(d)(1)(A) ................................................................................................ 21

11 U.S.C. § 1141(d)(6) ..................................................................................................... 21

11 U.S.C. § 1146 .............................................................................................................. 23

11 U.S.C. § 1189 ................................................................................................................ 1

11 U.S.C. § 1190(1)(C) ..................................................................................................... 14

11 U.S.C. § 1191(a) .......................................................................................................... 21

11 U.S.C. § 1191(b) ............................................................................................................ 8

11 U.S.C. § 1191(c) .......................................................................................................... 14

11 U.S.C. § 1192 .............................................................................................................. 21

**Rules**

Fed. R. Bankr. P. 4007(c) ................................................................................................. 21

11 U.S.C. § 1193 .............................................................................................................. 22

Federal Rule of Bankruptcy Procedure 9019 ..................................................................... 5

**TO THE HONORABLE THEODOR C. ALBERT, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, THE SUBCHAPTER V TRUSTEE, AND ALL OTHER INTERESTED PARTIES:**

Cloud Mountain Inc., the debtor and debtor-in-possession ("Debtor") in the above-captioned Chapter 11, Subchapter V case ("Case"), filed a voluntary bankruptcy petition under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code" or "Code") on March 17, 2022 ("Petition Date").  The Debtor submits this Plan of Reorganization for Small Business Under Chapter 11 (the "Plan") pursuant to 11 U.S.C. § 1189.

Chapter 11 allows debtors to propose a plan.  A plan may provide for a debtor to reorganize by continuing to operate, to liquidate by selling assets of the bankruptcy estate ("Estate"), or a combination of both.  The Debtor is the proponent of this Plan.

This Plan is a liquidating plan.  As described in detail below, all allowed claims will be paid in full on the Effective Date (defined below) from the proceeds of the sale of all of the Debtor's assets and any additional cash on hand.  The Debtor believes that this Plan will enable the Estate to efficiently liquidate its assets for the benefit of creditors and accomplish the objectives of Chapter 11.  Additionally, the Debtor believes the Plan presents the most advantageous outcome for all the Debtor's creditors and, therefore, confirmation of the Plan is in the best interests of the Estate.  The Debtor recommends that creditors vote to accept the Plan.

To the extent that a claim is disputed, the claim will not be paid unless and until a final non-appealable order is entered allowing the claim.  All creditors should refer to Articles VI-VIII of this Plan for the precise treatment of their claims.

**The Court has not yet confirmed the Plan, which means the terms of the Plan are not now binding on anyone**; however, if the Plan is confirmed, the terms will bind the Debtor and any holders of claims or interests treated by the Plan, whether or not they file a proof of claim, accept the Plan, object to confirmation, or have their claims allowed. **Your rights may be affected.  You should read these papers carefully and discuss**

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1369689.2

1

PLAN OF REORGANIZATION FOR SMALL BUSINESS UNDER CHAPTER 11

**them with your attorney, if you have one.  If you do not have an attorney, you may wish to consult one.**

Any interested party desiring further information should contact the attorney for the Debtor, whose contact information is identified in the box at the top left of the first page of the Plan.

**I.    GENERAL DISCLAIMER**

PLEASE READ THIS DOCUMENT CAREFULLY.  IT EXPLAINS WHO IS ENTITLED TO (A) VOTE TO ACCEPT OR REJECT THE PLAN, AND (B) FILE AN OBJECTION TO CONFIRMATION OF THE PLAN.  IT ALSO IDENTIFIES THE TREATMENT THAT CREDITORS AND INTEREST HOLDERS (EQUITY SECURITY INTERESTS OR OTHER OWNERSHIP INTERESTS) CAN EXPECT TO RECEIVE UNDER THE PLAN, IF THE PLAN IS CONFIRMED BY THE COURT.

The financial data relied upon in formulating the Plan is based on the financial records of the Debtor, projections created by the Debtor's financial professionals, or information provided by other parties in interest.  The professionals employed by the Debtor drafted the Plan based on this information and have no independent knowledge regarding the accuracy of the data.  The Court has not yet determined whether or not the Plan is confirmable and makes no recommendation as to whether or not you should support or oppose the Plan.

**II.    BACKGROUND FOR CASES FILED UNDER SUBCHAPTER V**

**A.    Description and History of the Debtor's Business**

The Debtor was formed in 2016 and is owned 100% by its Chief Executive Officer Hanbing Shi.  The Debtor is a wholesaler that specializes in indoor and outdoor furniture and outdoor shades ("Business").  The Business sells furniture directly through its own website and through multiple retail outlets such as Wayfair, Overstock, Home Shopping Network, and through overseas foreign outlets.  The Debtor also provides third-party logistics ("3PL") for several clients where it stores and ships product for these parties for a

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

1369689.2

2

PLAN OF REORGANIZATION FOR SMALL
BUSINESS UNDER CHAPTER 11

fee as well as a charge for the space in the Debtor's warehouse occupied by the 3PL customer's product.

On March 17, 2022 ("Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11, Subchapter V of the Bankruptcy Code in the United States Bankruptcy Court for the Central District of California ("Court").  The Debtor continues to operate and manage its affairs as debtor and debtor-in-possession pursuant to section 1184 of the Bankruptcy Code.  On March 17, 2022, Mark M. Sharf was appointed as the Subchapter V Trustee ("Trustee").  No committee has been designated in the Case.

## B.    Factors that Led to Filing of the Bankruptcy Case

The Debtor began to suffer financial issues with the complications caused by the COVID-19 pandemic. As with many companies, there was an instability in the Debtor's supply chain with massive increases in the costs of shipping containers from Asia to the United States as well as the increase in trucking rates. These added costs could not be absorbed by the company, or its vendors, and the Debtor could not increase its rates as it would jeopardize its sales.  Moreover, retailers ceased providing purchase orders for lump sum orders, but instead transitioned to a dropship model whereby the Debtor received orders from its customers as they received it from their customers.

The Debtor also encountered problems with receiving funds from its overseas customers in China.  Due to regulations, any payments from China to the United States were delayed as the Chinese government and banking institutions verified transactions. This caused up to a two (2) week lag in the money transactions being approved.

As the Debtor was dealing with these economic issues, it fell behind on its rent.  On January 21, 2022, 500 Warner Avenue, LLC, the Debtor's landlord, filed a complaint against the Debtor for unlawful detainer, commencing case no. 30-2022-01241850-CU-UD-CJC.

The Debtor also found that it was having problems with its former operations manager and warehouse manager, both of whom have now been replaced.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

1369689.2

3

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

## C.   Actions Taken to Solve Financial Problems

Since the filing, the Debtor has continued to focus on its sales and is currently in its peak season.  The Debtor has replaced employees with others that have more experience and are assisting in correcting any issues caused by former employees.  The Debtor has not suffered any losses as it did pre-petition in dealings with companies it no longer associates with.

## D.   Future Financial Outlook

The Debtor has been performing well during the course of this Case and will be able to pay all creditors in full through the sale of its assets.

## III.   DEFINITIONS AND PRELIMINARY INFORMATION

### A.   Claims and Interests

1.   Claims [§§ 101(5), (7), and (12); § 102(2)]; Interests [§ 101(16)].  "Claims" refers to all debts and other obligations of the Debtor or against property of the Debtor.  Claims treated under the Plan are included whether the claim arose before or after the bankruptcy case was filed, and whether or not a claim or obligation involves a cash payment.  "Interests" refer to equity securities and any other ownership stakes in the Debtor.

2.   Creditors [§ 101(10)]; Interest Holders [§ 107(17)].  A "creditor" refers to the holder of any claim treated under the Plan even if the creditor did not file a proof of claim.  An "interest holder" refers to a holder of an interest treated under the Plan, even if the interest holder did not file a proof of interest.

### B.   Allowed, Disallowed, and Disputed Claims and Interests

1.   Allowed Claims.  A claim or interest is allowed if it is timely and properly scheduled or filed, and (a) was not objected to; or (b) was objected to or was settled by the parties or otherwise determined by a court order.  Allowed claims and interests are treated under the Plan.

1369689.2

PLAN OF REORGANIZATION FOR SMALL
BUSINESS UNDER CHAPTER 11

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

2.    <u>Disallowed Claims and Interests</u>.  A claim or interest is disallowed if it was timely objected to by the Debtor and the court made a ruling that the claim or interest is disallowed in part or entirety.  Disallowed claims are not treated under the Plan.

3.    <u>Disputed Claims and Interests</u>.  A claim or interest is disputed if a ruling on allowance has not been made and (a) a proof of claim or interest has not been filed or deemed filed and the Debtor or a party in interest has filed an objection; or (b) a proof of claim or interest has not been filed and the Debtor scheduled such claim or interest as disputed, contingent, unliquidated or unknown.

4.    <u>Delayed Distribution on Disputed Claims and Interests.  Settlement</u>.  No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.  The Debtor will have the power and authority to settle and compromise a disputed claim with Court approval and compliance with Bankruptcy Rule 9019 unless the amount allowed by the compromise does not exceed $5,000, in which case no Court approval is necessary.

5.    <u>Claims Bar Date.</u>  THE BAR DATE FOR FILING A PROOF OF CLAIM IN THIS CASE BY CLAIMANTS WHOSE CLAIMS WERE NOT SCHEDULED OR WERE SCHEDULED AS UNKNOWN, DISPUTED, CONTINGENT OR UNLIQUIDATED WAS MAY 26, 2022 (AS TO CREDITORS OTHER THAN GOVERNMENTAL UNITS) AND IS SEPTEMBER 13, 2022 (AS TO GOVERNMENTAL UNITS).

The following chart lists all of the claims that have been filed to date:

| Claim # | Date Filed | Claimant | Amount |
|---|---|---|---|
| 1 | 3/29/2022 | SCIE, Inc. | $27,023.04 (GUC) |
| 2 | 4/1/2022 | Department of Treasury – Internal Revenue Service ("IRS") | $510,890.17 (Priority) $431,740.39 (GUC)[1] |
| 3 | 4/1/2022 | Uline | $723.57 (GUC) |
| 4 | 4/21/2022 | Meta Global Trade Inc. | $135,000.00[2] (Priority) |

---

[1] The Debtor scheduled the IRS in the amount of $53,539.28.

[2] The Debtor may object to Claim No. 4.  The basis of the claim is a deposit provided to the Debtor by claimant for $135,000.  Under the terms of the contract, the return of the deposit is set to occur in June and would not create a liability unless the Debtor failed to return the deposit.  In addition, the claim marks itself

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

| Claim # | Date Filed | Claimant | Amount |
|---|---|---|---|
| 5 | 4/26/2022 | Franchise Tax Board ("FTB") | $1,185.27 (Priority) $834.09 (GUC) |
| 6 | 5/24/2022 | Metropolitan Warehouse & Delivery | $57,531.42 (GUC) |
| 7 | 5/24/2022 | Farivar Law Firm, APC | $10,353.26 (GUC) |
| 8 | 5/26/2022 | ADP Express LLC | $117,458.88 (GUC) |
| 9 | 5/26/2022 | 500 Warner Avenue, LLC | $847,731.28 |

The Debtor also included within its Schedule F the following creditors, which it did not mark as disputed, unliquidated, or contingent:

| Claimant | Amount |
|---|---|
| Ameri-Hua, Inc. | $40,000.00 |
| ART Outdoor Limited | $260,000.00 |
| C.H. Robinson | $11,853.70 |
| China U. Technology | $10,000.00 |
| Circlelink Group LLC | $70,000.00 |
| Cope Services Incorporated | $600,000.00 |
| Durkee | $28,000.00 |
| Eng Law | $9,454.50 |
| Hangzhou Keynice Leisure Products | $90,000.00 |
| KlearNow Corporation | $80,000.00 |
| Lifestyle Garden Co., Limited | $18,000.00 |
| Ningbo Rowan Electric | $120,000.00 |
| Quartz Logistics Inc. | $156,000.00 |
| Richard Varriale | $3,000.00 |
| Rowan Electric Appliance | $20,000.00 |
| S&Y Digital Solutions Inc. | $12,000.00 |
| SCIF | $17,687.61 |
| Shandong Taipeng Intelligent Co. | $590,000.00 |
| UPS CM | $1,751.23 |
| UPS Yinghe | $8,000.00 |
| X-United Trucking | $20,000.00 |
| Zage | $3,000.00 |
| Zhejjian Linya Co., Ltd. | $5,000.00 |

6.    Standing and Claim Objection Deadline. The Debtor or any other party in interest shall have up until 180 days after the Effective Date to file objection to claims. Any party may obtain an extension of this date by filing a motion in the Court, based upon a showing of "cause."

---

as a priority claim pursuant to 11 U.S.C. § 507(a)(7) for the full amount of the claim. The claim is not entitled to such priority, even in the statutory amount of $3,350.00.

1369689.2

6

PLAN OF REORGANIZATION FOR SMALL BUSINESS UNDER CHAPTER 11

**C.    Potential § 1111(b) Elections**

The Court has not set a deadline for making an election under § 1111(b).

**IV.    VOTING BY BALLOT: FILING OBJECTION TO CONFIRMATION OF THE PLAN**

**A.    Who May Vote or Object**

**1.    Who May Object to Confirmation of the Plan**

Any party in interest may object to the confirmation of the Plan, but as explained below, not everyone is entitled to vote to accept or reject the Plan.  Objecting to confirmation means a party files and serves a document that contains legal and factual assertions as to whether the Debtor satisfied its requirements for the Court to confirm the Plan.  The deadline to file an objection to confirmation of the Plan is _____, 2022.

**2.    Who May Vote to Accept/Reject the Plan**

A creditor has a right to vote for or against the Plan if that creditor has a claim that: (a) either is an allowed claim or is allowed for voting purposes; (b) is classified in an impaired class; and (c) is entitled to receive or retain some property on account of its claim.  The deadline to submit ballots is _____, 2022.

As noted above, a creditor must first have an allowed claim to have the right to vote.  Generally, any proof of claim will be allowed, unless a party in interest files an objection to that claim.  When an objection to a claim is filed, the holder of the claim cannot vote unless and until the Court, after notice and a hearing, either overrules the objection or allows the claim for voting purposes.  Any person who seeks temporary allowance of its claim for the purpose of voting on the plan must promptly take steps to file an appropriate motion requesting the same and arrange an appropriate hearing with the Court.

A class is impaired if the Plan alters the legal, equitable, or contractual rights of the members of that class.  For example, a class comprised of general unsecured creditors is impaired if the Plan fails to pay the members of that class 100% of what they are owed or otherwise impairs the legal rights of the holders of the claims.

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1369689.2

PLAN OF REORGANIZATION FOR SMALL
BUSINESS UNDER CHAPTER 11

In this case, the Debtor believes that class 2 is impaired and holders of claims in this class are therefore entitled to vote to accept or reject the Plan, unless otherwise specified below.  The Debtor believes that classes 1 and 3 are unimpaired under the Plan. Any creditor or interest holder that disputes the Debtor's characterization of its claim or interest as unimpaired and wants to vote may request a finding of impairment from the Court in order to obtain the right to vote.

### 3.    Who Can Vote in More than One Class

A creditor whose claim has been allowed in part as a secured claim and in part as a general unsecured claim is entitled to accept or reject the Plan in both capacities by casting one ballot for the secured portion of the claim and another ballot for the unsecured portion of the claim.

### 4.    Votes Necessary to Confirm the Plan

The Plan can be confirmed if (i) it is accepted by each impaired class because a majority in number and at least two-thirds in dollar amount of the claimants in that class who timely voted to accept the Plan; or (ii) it is not accepted by certain impaired class(es), but the court determines the Plan does not discriminate unfairly and is "fair and equitable" [as defined by § 1191(b)] to all rejecting classes of creditors, and it meets all other criteria required for confirmation.

## V.    FILING AN OBJECTION TO CONFIRMATION OF THE PLAN

A.    Who May Object.  Any creditor, interest holder or other party may object to confirmation of the Plan.

B.    Effect of Objection.  The court will consider all objections that are timely and properly filed and served.  If the objection has merit, it may result in the court denying the Debtor's request to confirm the Plan.  The deadline to file an objection to the confirmation of the Plan is _____, 2022.

## VI.    PLAN OF REORGANIZATION

As required by the Bankruptcy Code, the Plan classifies claims in various classes according to their right to priority.  The Plan states whether each class of claims is

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

impaired or unimpaired.  The Plan provides the treatment each class will receive.  In no event shall any creditor receive more than the creditor's allowed claim, plus interest, to the extent provided herein.

Unless otherwise expressly stated in the Plan, the treatment of allowed claims under the Plan supersedes any agreements or rights the holders of those claims may have in or against the Debtor or its assets and is in full satisfaction of the legal, equitable, and contractual rights of the holders of the claims.

Unless the Plan provides otherwise, no distributions will be made and no rights retained on account of any claim that has not become an allowed claim.

## A.    Treatment of Unclassified Claims

Certain types of claims are not placed into voting classes but are instead unclassified.  They are not considered impaired and they do not vote on the Plan because they are automatically entitled to certain treatment under the Bankruptcy Code.  Accordingly, the following claims have not been placed into classes:

### 1.    Administrative Expenses

Administrative claims are claims for costs or expenses of administering the Debtor's case which are allowed under § 507(a)(2) of the Bankruptcy Code.

The following chart lists all of the Debtor's § 507(a)(2) unpaid administrative claims and their treatment under the Plan:

| Description | Estimated Amount Owed | Treatment |
|---|---|---|
| Clerk's Office Fees | $0[3] | Paid in full on or before the Effective Date. |
| Office of the United States Trustee | $0[4] | Paid in full on or before the Effective Date. |
| Ordinary-Course Administrative Claims | $0 | Unless the Debtor objects to the ordinary-course administrative claim, the claim will be allowed in accordance with the terms and conditions of the particular transaction giving rise to the ordinary-course administrative claim, and the person holding the ordinary-course administrative claim need not file any request for payment |

[3] The Debtor has not commenced any adversary proceedings or filed any motions for which any fee would be due at the conclusion of the Case.

[4] Quarterly fees are not applicable in a Subchapter V bankruptcy case.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1369689.2

PLAN OF REORGANIZATION FOR SMALL BUSINESS UNDER CHAPTER 11

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

| | | |
|---|---|---|
| | | of its claim.  However, any request for payment, or motion to allow a claim as an ordinary-course administrative claim must be filed with the Court and served on counsel for the Debtor or the Reorganized Debtor, as the case may be, the Subchapter V Trustee, and the Office of the United States Trustee ("OUST") by no later than sixty (60) days after the Effective Date. |
| Non-Ordinary Course Administrative Claim | $0 | To the extent that any non-ordinary course administrative claims are allowed, they will be paid in full by the Debtor on the later of the Effective Date or immediately after the Court enters a final order allowing the non-ordinary course administrative claim. |
| Administrative Tax Claim | $0 | Unless the Debtor objects to an administrative tax claim or otherwise disputes the administrative tax claim in accordance with applicable law, the claim will be allowed in accordance with the terms and conditions of the particular transaction that gave rise to the administrative tax claim, and the person holding the administrative tax claim need not file any request for payment of its claim. Any allowed administrative tax claim will be paid in the ordinary course of business, currently and timely as they are incurred and billed, unless the Debtor objects to or otherwise disputes such administrative tax claim in accordance with applicable law.  In an event of default, and to the extent such administrative tax claim is also secured, the payment thereof will include all costs, fees, charges and interest, if applicable, as required under 11 U.S.C. §§ 506(b) and 511, and applicable non-bankruptcy law. |
| Weiland Golden Goodrich LLP ("WGG") | $115,000.00, estimated as of the Effective Date, which would be in addition to the fees and expenses paid to WGG post-petition.[5] | Paid on the later of (i) the Effective Date or (ii) upon entry of an order approving the professional fee claim, except to the extent that the holder of such claim agrees to other terms. |
| Mark Sharf, Subchapter V Trustee fees | $21,900.00, estimated as of the Effective Date | Paid in full on the Effective Date. |
| TOTAL | $136,900.00 | |

[5] The estimate of professional fee claims is only an estimate and may change based upon the legal or financial services required during this case and upon what the Court ultimately awards to professionals. The Estate remains liable for all allowed professional fees and costs regardless of the estimates.

1369689.2      10      PLAN OF REORGANIZATION FOR SMALL BUSINESS UNDER CHAPTER 11

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

a.    Professional Fee Claims

Any professional seeking allowance of a professional fee claim for services rendered prior to the Effective Date in connection with the Debtor's case must (1) file their application for allowance of compensation and reimbursement of expenses on or before 45 days after the Effective Date or such other date as may be set by the Court, and (2) have the fees and expenses allowed by a final order.  Any party in interest may file an objection to such an application within the time provided by the Local Bankruptcy Rules or within any other period that the Court sets.  Persons holding professional fee claims who do not timely file and serve their applications for payment will be forever barred from asserting these claims against the Reorganized Debtor or its property.

As indicated above, the Debtor may need to pay $136,900.00 worth of administrative claims.  As set forth below, the Debtor will have sufficient funds on hand to make these payments from cash on hand and the sale of the Debtor's assets.  As of the filing of the Plan, the Debtor has approximately $300,000.00 of cash on hand, which is not subject to any liens, and anticipates that this amount will increase by the Effective Date.  The cash on hand is sufficient to pay administrative claims in full on the Effective Date.

### 2.    Priority Tax Claims

Priority tax claims include certain unsecured income, employment and other taxes described by Bankruptcy Code § 507(a)(8).  The Bankruptcy Code requires that each holder of such a § 507(a)(8) priority tax claim receive the present value of such claim in regular installment payments in cash, over a period not exceeding five (5) years from the Petition Date.  The following chart lists all of the Debtor's known § 507(a)(8) priority tax claims and their treatment under the Plan:

| Description | Amount Owed | Treatment |
| --- | --- | --- |
| FTB | $1,185.27 | The FTB filed proof of claim no. 5, which includes amounts that will be paid in the ordinary course post-petition.  To the extent that any amounts are determined to be owed to the FTB, the Debtor or the Reorganized Debtor, as the case may be, shall pay in full the allowed amount of its claim on the Effective Date. |

1369689.2

11

PLAN OF REORGANIZATION FOR SMALL
BUSINESS UNDER CHAPTER 11

| IRS | $510,890.17 | Based upon communications with the IRS, the Debtor understands that the IRS's proof of claim will be amended to remove the FUTA and WT-FICA estimates for 2016 through 2021.  This would reduce the priority tax claim to $127,720.09.  This number also includes estimates for 2021 and 2022 taxes based upon returns yet to be filed. The Debtor believes that the amount owed to the IRS will be further reduced based upon these filings.  To the extent that any amounts are determined to be owed to the IRS, the Debtor or the Reorganized Debtor, as the case may be, shall pay in full the allowed amount of its claim on the Effective Date. |

## B.      Classified Claims

### 1.      Summary of Classes

| Summary of Classes | |
|---|---|
| Class # | Claimant(s) |
| 1 | Priority Unsecured Claims |
| 2 | General Unsecured Claims |
| 3 | Equity Interests |

### 2.      Class of Priority Claims

Certain priority claims that are referred to in Bankruptcy Code §§ 507(a)(3), (4), (5), (6), and (7) are required to be placed in classes in a chapter 11 plan.  The Bankruptcy Code requires that each holder of a priority claim receive cash on the Effective Date equal to the allowed amount of such claim.  However, a class of unsecured priority claim holders may vote to accept deferred cash payments of a value, as of the Effective Date, equal to the allowed amount of such claim.

///

///

///

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1369689.2                                    12          PLAN OF REORGANIZATION FOR SMALL
                                                                    BUSINESS UNDER CHAPTER 11

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

The following chart lists all classes containing the Debtor's Bankruptcy Code §§ 507(a)(3), (4), (5), (6), and (7) priority claims and their treatment under the Plan:

| Priority Claims | | | | |
|---|---|---|---|---|
| **Class #** | **Description** | **Insiders (Y/N)** | **Impaired (Y/N)** | **Treatment** |
| 1 | $135,000.00 | N | Y | The Debtor will be objecting to Claim No. 4, which is the only claim in this class as it is not entitled to priority under 11 U.S.C. § 507(a)(7) and should be reclassified to a general unsecured claim to the extent the Debtor is even liable for a debt to the claimant.  With no claimants, this class will not receive anything under the Plan. |

### 3.    Class of General Unsecured Claims

General unsecured claims are unsecured claims not entitled to priority under Bankruptcy Code § 507(a).  The following chart identifies the Plan's treatment of general unsecured claims:

| General Unsecured Claims | | | | |
|---|---|---|---|---|
| **Class #** | **Description** | **Insiders (Y/N)** | **Impaired (Y/N)** | **Treatment** |
| 2 | General Unsecured Claims<br><br>Estimated total amount of claims: $3,235,402.57[6] | N | Y | Paid in full on the Effective Date. |

### 4.    Interest Holders

Interest holders are the parties who hold ownership interest (*i.e.* equity interest) in the Debtor.  The Debtor is a California corporation.  The following chart identifies the Plan's treatment of the Class 3 interests:

---

[6] The estimated total does not include the general unsecured portion of the IRS claim in the amount of $431,740.39 based upon the Debtor's understanding that the IRS will be amending its proof of claim to eliminate these amounts and the $135,000 amount asserted in Claim No. 5 as the Debtor does not believe this amount is owed.

1369689.2

13

PLAN OF REORGANIZATION FOR SMALL BUSINESS UNDER CHAPTER 11

| Priority Claims | | | | |
|---|---|---|---|---|
| **Class #** | **Description** | **Insiders (Y/N)** | **Impaired (Y/N)** | **Treatment** |
| 3 | Interest Holders | Y | N | All current interest holders will retain their percentage equity membership in the Debtor that they held as of the Petition Date. |

**VII.    MEANS OF EFFECTUATING THE PLAN**

    **A.    Funding the Plan**

The Plan cannot be confirmed unless the Court finds it is "feasible"; pursuant to 11 U.S.C. §§ 1190(1)(C) and 1191(c), this means the Debtor submitted evidence establishing that the Debtor will have sufficient funds available to satisfy all expenses, including the scheduled payments to claimants discussed in Article VI.  The Debtor must also show that it will have enough cash over the life of the Plan to make the required Plan payments and operate the Debtor's business.

This is a liquidating plan in which the Debtor intends on selling substantially all of the Debtor's assets.  The Debtor's monthly operating report shows that as of April 2022, it had approximately $300,000 of funds on hand.  The Debtor is also filing a motion to approve a sale of substantially all of its assets for a purchase price more than sufficient to pay all allowed undisputed claims in full, subject to overbid.  These two amounts combined are more than sufficient to satisfy all allowed undisputed claims in full.  To the extent that any disputed claim is determined to be owed, the Debtor will also have sufficient funds to pay these increased sums.

    **B.    Disbursing Agent**

The Reorganized Debtor will act as the disbursing agent for purposes of making plan payments.

    **C.    Corporate Governance**

Post-confirmation, the Debtor's operations will cease as all of its assets will be sold. The Debtor's sole shareholder will retain his equity interest in the Reorganized Debtor.

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1369689.2

14

PLAN OF REORGANIZATION FOR SMALL BUSINESS UNDER CHAPTER 11

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

### D.  Unclaimed or Undeliverable Plan Distributions

Payments or distributions that are attempted under the Plan but remain unclaimed or undeliverable for six (6) months, will revest in the post-confirmation debtor free of restriction.  Any entitlement to distribution will be barred.

### E.  Changes in Rates Subject to Regulatory Commission Approval

The Debtor is not subject to governmental regulatory commission approval and is not subject to governmental regulatory commission approval of any rates.

### F.  Preservation of Causes of Action and Avoidance Actions

The Debtor reserves for the Estate and the Reorganized Debtor all rights to commence and pursue, as appropriate, any and all causes of action and avoidance actions, whether arising prior to or after the Petition Date, in any court or other tribunal, including without limitation, in an adversary proceeding filed in the Court, except for as otherwise provided in the Plan.  On the Effective Date, the Reorganized Debtor will be vested with authority to enforce, file, litigate, prosecute, settle and collect with respect to causes of action and avoidance actions, although it will not be required to do so and the determination of whether to do so will be made solely by the Reorganized Debtor in its absolute discretion.  The Debtor is a party to two pre-petition lawsuits.  The Debtor is evaluating the likelihood of recovery on these actions as well as analyzing avoidance actions.

Unless a cause of action or avoidance action against any person is expressly waived, relinquished, released, compromised or settled as provided or identified in the Plan, any confirmation order or prior order of the Court, the Debtor expressly reserves any causes of action and avoidance actions for later adjudication.  Therefore, no preclusion doctrine, including, without limitation, the doctrine of *res judicata*, collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable, or otherwise) or laches shall apply to such causes of action or avoidance actions upon or after confirmation or consummation of the Plan.  All avoidance actions and other causes of action are preserved under the Plan for the benefit of the Estate, except as otherwise provided for in

1369689.2                    15          PLAN OF REORGANIZATION FOR SMALL
                                         BUSINESS UNDER CHAPTER 11

the Plan.  Any recoveries from avoidance actions and/or other causes of action will be paid to the Reorganized Debtor.

"Avoidance action" means causes of action arising under 11 U.S.C. §§ 510, 541, 542, 544, 547, 548, 549, 550, 551, and/or 553, or under related state or federal statutes and common law, including, without limitation, fraudulent transfer laws, whether or not litigation is commenced to prosecute such causes of action.  This specifically includes the transfers listed on the Debtor's statement of financial affairs made during the 90 days, 1 year and 2 years prior to the Petition Date, including to the Debtor's insiders.

"Cause of action" means, without limitation, any and all actions, causes of action, controversies, liabilities, obligations, rights, suits, damages, judgments, Claims (as defined in Code § 101(5)) and demands whatsoever, whether known or unknown, reduced to judgment, liquidated or unliquidated, fixed or contingent, matured or unmatured, disputed or undisputed, secured or unsecured, assertable directly or derivatively, existing or hereafter arising, in law, equity, or otherwise that the Debtor and/or the Estate may hold against any person as of the Effective Date.  This specifically includes, but is not limited to, non-bankruptcy claims such a breaches of fiduciary duty and malpractice claims.

ANY CREDITORS THAT BELIEVE THEY RECEIVED A TRANSFER OR SETOFF THAT IS AVOIDABLE UNDER THE CODE OR THAT HOLD A CLAIM AGAINST THE ESTATE THAT COULD BE SUBJECT TO AN OBJECTION BASED UPON FAILURE TO RETURN AN AVOIDABLE TRANSFER OR SETOFF, ARE DIRECTED TO REVIEW THEIR RECORDS AND/OR THE DEBTOR'S SCHEDULES FOR FURTHER INFORMATION, HOWEVER, ALL RIGHTS OF THE DEBTOR AND THE ESTATE ARE RESERVED WITH RESPECT TO ANY AND ALL TRANSFERS OR SETOFF WHICH MAY BE AVOIDABLE UNDER THE BANKRUPTCY CODE.

All professional fees incurred in pursuing the avoidance actions or other causes of action shall be paid by the Reorganized Debtor without the necessity of a Court order. However, the Bankruptcy Court will reserve exclusive jurisdiction to decide any and all

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

disputes regarding the payment of the fees and costs related to post-confirmation professional fees, upon request of a party-in-interest and after notice and a hearing.

## VIII.    PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

The Debtor intends to assume and assign, as of the Effective Date, the executory contracts and unexpired leases listed on its Schedule G, including the following: (1) Multi-Tenant Commercial Lease with 500 Warner Avenue, LLC; (2) 3PL Contract with Cope Services Incorporated; (3) 3PL contract with Freestyle LLC; (4) 3PL Contract with Purple Lease LLC; and (5) 3PL contract with WWL Service.  There are no cure amounts owed by the Debtor on the 3PL contracts.  The Debtor will pay in full on the Effective Date the per-petition monetary default due to its landlord as set forth in the landlord's proof of claim.  As to any nonmonetary default, the Debtor will either cure the nonmonetary default or have reached an agreement with the landlord for the assumption and assignment of the lease subject to that default. The Debtor will also provide proof of adequate assurance of future performance from the buyer prior to assignment.  Obligations that arise after confirmation of the Plan will be paid as they come due.

Absent a timely objection as provided below, the Confirmation Order will constitute a Court order approving the assumption and assignment, on the Effective Date, of the executory contracts and unexpired leases identified above, and shall constitute a final determination of the cure amount and that the Debtor has shown adequate assurance of future performance.  Furthermore, any cure amount ordered by the Court, through entry of the Confirmation Order, and paid shall be deemed to satisfy any and all defaults arising from, out of or related to the executory contract or unexpired lease, including any tort claims that were or could be asserted by the non-debtor party to the contract or lease on or prior to the entry of the Confirmation Order, and all actual or pecuniary losses that have resulted from such defaults.

If you are a party to an executory contract or unexpired lease to be assumed and assigned and you object to the assumption and assignment of your lease or contract and/or you dispute the Cure Amount related to your lease or contract, then you must file

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

and serve upon counsel for the Debtor (Weiland Golden Goodrich LLP, attn: Beth E. Gaschen, 650 Town Center Drive, Suite 600, Costa Mesa, California 92626) a written objection by fourteen (14) days prior to the confirmation hearing.  An objection to the cure amount must also set forth the amount you contend to be the correct cure amount and contain evidence to support such amount.  Failure to timely file an objection as provided herein shall be deemed consent to the proposed assumption and assignment and to the cure amount and a waiver of any and all rights to challenge such assumption and assignment and the cure amount.

With respect to each executory contract and unexpired lease identified above, if no dispute arises regarding the cure amount, adequate assurances, or some other matter related to the assumption of the executory contract or unexpired lease, then the cure amount set forth above shall be paid to the applicable non-debtor party in cash on the Effective Date or as soon as reasonably practicable thereafter.  If a dispute arises regarding (a) whether the Debtor has provided adequate assurance of future performance of an executory contract or unexpired lease to be assumed, or (b) any other matter pertaining to a proposed assumption and assignment, the cure amount will be paid on the later of (1) the Effective Date or as soon as practicable thereafter, or (2) within thirty (30) days after entry of a final order resolving the dispute and approving the assumption and assignment; provided, however, if a dispute arises regarding any of the foregoing, the Debtor reserves the right to completely forego assumption and assignment of and, instead, reject the subject executory contract or unexpired lease.

Except for executory contracts and unexpired leases that have been assumed, and if applicable assigned, before the Effective Date or under this section this Plan, or that are the subject of a pending motion to assume, and if applicable assign, the Debtor will be conclusively deemed to have rejected all executory contracts and unexpired leases as of the Effective Date.

1369689.2

18

PLAN OF REORGANIZATION FOR SMALL
BUSINESS UNDER CHAPTER 11

A proof of claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than 45 days after the date of the order confirming the Plan.

**IX.    LIQUIDATION ANALYSIS**

To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim or equity interest holders would receive in a chapter 7 liquidation.  Because the Plan provides payment of all of the allowed claims in full, the Plan provides at least as much as such creditor would receive in a hypothetical chapter 7 liquidation.

**X.    TAX CONSEQUENCES OF THE PLAN**

CREDITORS CONCERNED WITH HOW THE PLAN MAY AFFECT THEIR TAX LIABILITY SHOULD CONSULT WITH THEIR OWN ACCOUNTANTS, ATTORNEYS, AND/OR ADVISORS.  The following disclosure of possible tax consequences is intended solely for the purpose of alerting readers about possible tax issues the Plan may present to the Debtor and the Reorganized Debtor.  The Debtor and its professionals CANNOT and DO NOT represent that the tax consequences contained below are the only tax consequences of the Plan because the Tax Code embodies many complicated rules which make it difficult to state completely and accurately all of the tax implications of any action.

Due to the unsettled and complex nature of some of the tax issues, as well as the possibility that developments subsequent to the date hereof could affect the tax consequences of the Plan, the following discussion should not be regarded as definitive or as covering all possible tax consequences.  Additionally, this summary does not discuss all aspects of federal income taxation that may be relevant to a particular creditor in light of its individual circumstances or to certain creditors subject to special treatment under the federal income tax law (for example, life insurance companies, tax-exempt organizations, foreign corporations and individuals who are not citizens or residents of the United States).

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1369689.2                    19        PLAN OF REORGANIZATION FOR SMALL
BUSINESS UNDER CHAPTER 11

As stated above, creditors concerned with how the Plan will affect their own tax liability should consult with their own accountants, attorneys, and/or advisors.  The Debtor is still in the process of determining the tax consequences of the Plan but does not believe that there will be a material taxable event.  The Debtor does not expect adverse consequences materially affecting the distributions to the holders of allowed claims under the Plan.

**XI.   EXPLANATION OF RISK FACTORS AND POTENTIAL FLUCTUATIONS WHEN IMPLEMENTING THE PLAN**

Performance of the obligations under the Plan are subject to various factors and contingencies, some of which are described in this section.  The following discussion summarizes some of the material risks associated with the Plan but is not intended to be exhaustive.   Moreover, it should read in connection with other disclosures in the Plan. Each creditor, in conjunction with its advisors, should supplement the following discussion by analyzing and evaluating the Plan as a whole.   THE RISKS ASSOCIATED WITH THE PLAN MUST BE CAREFULLY CONSIDERED IN DETERMINING WHETHER TO ACCEPT THE PLAN.

The Debtor does not believe that there will be any risk to creditors as the Debtor is selling its assets and will have additional cash on hand sufficient to pay all allowed undisputed creditors in full on the Effective Date. Nevertheless, there is always the chance that the sale is not authorized by the Court, or the buyer fails to perform under the terms of the sale.

**XII.   EFFECT OF CONFIRMATION OF THE PLAN**

**A.   General Comments**

The provisions of a confirmed Plan bind the Debtor, any entity acquiring property under the Plan, and any creditor, equity security holder, or general partner of the Debtor, even those who do not vote to accept the Plan.

Except as provided in the Plan, the entry of an order confirming the Plan vests all property of the estate in the Debtor and, pursuant to 11 U.S.C. § 362(c)(1), the automatic

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

stay no longer applies to property of the estate.  However, the stay of § 362(a) continues to prohibit collection or enforcement of pre-petition claims against the Debtor and the Debtor's property until the Debtor receives a discharge.

### B.    Discharge of Liability for Payments of Debts

The Debtor seeks confirmation under 11 U.S.C. § 1191(a).  On the Effective Date of the Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, as provided in 11 U.S.C. § 1141(d)(1)(A).  Pursuant to § 1141(d)(6), the Debtor will not be discharged from any debt of a kind specified in 11 U.S.C. §§ 523(a)(2)(A)-(B) that is owed to a domestic governmental unit, or owed to a person as the result of an action filed under subchapter III of Chapter 37 of title 31 or any similar State statute, or for a tax or customs duty with respect to which the debtor made a fraudulent tax return or willfully attempted in any manner to evade or to defeat such tax or such customs duty.

Alternatively, pursuant to 11 U.S.C. § 1192, the Court shall grant the Debtor a discharge of all debts (i) provided in 11 U.S.C. § 1141(d)(1)(A), and (ii) allowed under 11 U.S.C. § 503 and provided for in the Plan, and shall do so as soon as is practicable after the Debtor completes all payments due within the first 3 years of this Plan or as otherwise provided in 11 U.S.C. § 1192.  The Debtor will not be discharged from any debt (i) on which the last payment is due after the first 3 years of the Plan, or as otherwise provided in § 1192, or (ii) which is excepted from discharge under § 523(a), except as provided in FRBP 4007(c).

### XIII.    GENERAL PROVISIONS

### A.    Definitions and Rules of Construction

The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

### B.    Effective Date

The Effective Date of the Plan will be the first business day that is at least fifteen (15) days after the entry of an order confirming the Plan ("Confirmation Order"), provided there has been no order staying the effectiveness of the Confirmation Order.

1369689.2

21

PLAN OF REORGANIZATION FOR SMALL
BUSINESS UNDER CHAPTER 11

**C. Severability**

If any provision of this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

**D. Binding Effect**

The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

**E. Modification of the Plan**

The Debtor may modify the Plan pursuant to 11 U.S.C. § 1193, and as otherwise permitted by the Court or other laws, rules, and regulations.

**F. Exculpation and Releases**

Effective upon the entry of the Confirmation Order, none of the Debtor, its accountant and staff who assisted in preparation of the Plan and related exhibits, the Debtor's professionals employed in this case (Weiland Golden Goodrich LLP) (collectively, "Exculpated Parties" and each an "Exculpated Party"), shall have or incur any liability to any person, including any creditor of the Debtor, for any act or omission in connection with, relating to or arising out of the post-petition formulation, negotiation, implementation, confirmation or consummation of this Plan, or any contract, instrument, release or other agreement or document entered into during the chapter 11 case or otherwise created in connection with this Plan; provided, however, that nothing in this Section shall be construed to release or exculpate any Exculpated Party from willful misconduct or gross negligence.

**G. Captions**

The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

**H. Controlling Effect**

Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of California will govern

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

1369689.2

22

PLAN OF REORGANIZATION FOR SMALL
BUSINESS UNDER CHAPTER 11

this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

### I.    Retention of Jurisdiction

The Court will retain exclusive jurisdiction during the Plan payout period to resolve disputes and conflicts arising from the administration of the Plan, upon request of a party-in-interest and after notice and a hearing, including, without limitation:

1.    The adjudication of the validity, scope, classification, allowance, and disallowance of any claim;

2.    The estimation of any claim;

3.    The allowance or disallowance of professional fee claims, compensation, or other administrative claims;

4.    To hear and determine claims concerning taxes pursuant to Bankruptcy Code §§ 346, 505, 525, and 1146;

5.    To hear and determine any action or proceeding brought under Bankruptcy Code §§ 108, 510, 543, 544, 545, 547, 548, 549, 550, 551, and 553;

6.    To hear and determine all actions and proceedings which relate to pre-confirmation matters;

7.    To hear and determine any issue relating to the assumption or rejection of executory contracts and unexpired leases;

8.    To hear and determine any modification to the Plan in accordance with the Bankruptcy Rules and the Bankruptcy Code;

9.    To enforce and interpret the terms of the Plan;

10.    To correct any defects, cure any omissions, or reconcile any inconsistency in the Plan or the confirmation order as may be necessary to carry out the purpose and intent of the Plan;

11.    The entry of any order, including injunctions, necessary to enforce title, rights and powers of the Debtor or Reorganized Debtor, and to impose such limitations, restrictions, terms and conditions on such title, rights and powers

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1369689.2

23    PLAN OF REORGANIZATION FOR SMALL BUSINESS UNDER CHAPTER 11

as the Court may deem necessary including, without limitation, any right of the Debtor or Reorganized Debtor to recover and liquidate assets;

12. To determine the validity, extent and priority of all liens and security interests against property of the Estate or the Reorganized Debtor;

13. To hear and resolve any disputes regarding employment applications and professional fees;

14. To hear and determine such matters and make such orders as are consistent with the Plan as may be necessary to carry out the provisions thereof and to adjudicate any disputes arising under or relating to any order entered by the Court in this Case;

15. The entry of an order concluding and terminating this Case; and

16. To resolve any disputes as to whether there has been a default under the Plan.

///

///

///

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1369689.2

24

PLAN OF REORGANIZATION FOR SMALL BUSINESS UNDER CHAPTER 11

**J.**     <u>**Final Decree**</u>

Once the Plan has been consummated, a final decree may be entered upon motion of the Debtor.  The effect of the final decree is to close the bankruptcy case.  After such closure, a party seeking any type of relief relating to a Plan provision can seek such relief in a state court of general jurisdiction.

Dated:  June 15, 2022             WEILAND GOLDEN GOODRICH LLP

By:   */s/ Beth E. Gaschen* _____
      DAVID M. GOODRICH
      BETH E. GASCHEN
      Attorneys for Debtor and Debtor-in-
      Possession, Cloud Mountain Inc.

Dated:  June 15, 2022

By:   .
      HANBING SHI
      Chief Executive Officer, Cloud
      Mountain Inc.

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1369689.2            25       PLAN OF REORGANIZATION FOR SMALL
                                            BUSINESS UNDER CHAPTER 11

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**650 Town Center Drive, Suite 600, Costa Mesa, California 92626**

A true and correct copy of the foregoing document entitled (*specify*):  **PLAN OF REORGANIZATION FOR SMALL BUSINESS UNDER CHAPTER 11** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**1.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.  On (*date*) **June 15, 2022**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.    SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.    SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served)**:**  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 15, 2022 | Beth E. Gaschen | /s/ *Beth E. Gaschen* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

1369689.2

**F 9013-3.1.PROOF.SERVICE**

**I.** <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>**:**

- **Fahim Farivar**    fahim@farivarlaw.com, catherine@farivarlaw.com;lisa@farivarlaw.com
- **Beth Gaschen**    bgaschen@wgllp.com,
  kadele@wgllp.com;cbmeeker@gmail.com;cyoshonis@wgllp.com;lbracken@wgllp.com;bga
  schen@ecf.courtdrive.com;gestrada@wgllp.com
- **David M Goodrich**    dgoodrich@wgllp.com,
  kadele@wgllp.com;lbracken@wgllp.com;wggllp@ecf.courtdrive.com;gestrada@wgllp.com
- **Michael S Greger**    mgreger@allenmatkins.com, kpreston@allenmatkins.com
- **Queenie K Ng**    queenie.k.ng@usdoj.gov
- **Mark M Sharf (TR)**    mark@sharflaw.com, C188@ecfcbis.com;sharf1000@gmail.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov