David M. Goodrich, State Bar No. 208675
dgoodrich@go2.law
Beth E. Gaschen, State Bar No. 245894
bgaschen@go2.law
**GOLDEN GOODRICH LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Telephone    714-966-1000
Facsimile     714-966-1002

Attorneys for Debtor and Debtor-in-Possession
Cloud Mountain Inc.

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| In re | Case No. 8:22-bk-10442-TA |
|---|---|
| CLOUD MOUNTAIN INC,, | Chapter 11, Subchapter V |
|     Debtor and Debtor-in-Possession. | **AMENDED PLAN OF REORGANIZATION FOR SMALL BUSINESS UNDER CHAPTER 11 DATED SEPTEMBER 16, 2022** |
| | **Confirmation Hearing:** <br> **DATE:** _____, 2022 <br> **TIME:** _____ a.m./p.m. <br> **CTRM:  5B** |

**Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1377435.1

# **TABLE OF CONTENTS**

**Page**

I.    GENERAL DISCLAIMER ....................................................................2

II.    BACKGROUND FOR CASES FILED UNDER SUBCHAPTER V .........................2

    A.    Description and History of the Debtor's Business...............................2

    B.    Factors that Led to Filing of the Bankruptcy Case ......................................3

    C.    Actions Taken to Solve Financial Problems ...............................................4

    D.    Future Financial Outlook ..........................................................................4

III.    DEFINITIONS AND PRELIMINARY INFORMATION....................................4

    A.    Claims and Interests.................................................................................4

    B.    Allowed, Disallowed, and Disputed Claims and Interests .........................4

    C.    Potential § 1111(b) Elections ...................................................................7

IV.    VOTING BY BALLOT ......................................................................7

    A.    Who May Vote or Object .........................................................................7

        1.    Who May Object to Confirmation of the Plan................................7

        2.    Who May Vote to Accept/Reject the Plan ....................................7

        3.    Who Can Vote in More than One Class .........................................8

        4.    Votes Necessary to Confirm the Plan ...........................................8

V.    FILING AN OBJECTION TO CONFIRMATION OF THE PLAN ...........................8

VI.    PLAN OF REORGANIZATION................................................................9

    A.    Treatment of Unclassified Claims................................................................9

        1.    Administrative Expenses ..............................................................9

            a.    Professional Fee Claims ....................................................11

        2.    Priority Tax Claims........................................................................11

    B.    Classified Claims .....................................................................................13

        1.    Summary of Classes.....................................................................13

        2.    Class of Priority Claims.................................................................13

        3.    Class of General Unsecured Claims..............................................13

**Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

## TABLE OF CONTENTS (cont.)

**Page**

    4.    Interest Holders ...................................................................... 14

VII.  MEANS OF EFFECTUATING THE PLAN ............................................ 14

    A.    Funding the Plan ................................................................ 14

    B.    Disbursing Agent ............................................................... 15

    C.    Corporate Governance ....................................................... 15

    D.    Unclaimed or Undeliverable Plan Distributions.................... 15

    E.    Changes in Rates Subject to Regulatory Commission Approval ............. 15

    F.    Preservation of Causes of Action and Avoidance Actions ......................... 15

VIII.  PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED
    LEASES ..................................................................................... 17

IX.  LIQUIDATION ANALYSIS ............................................................... 18

X.  TAX CONSEQUENCES OF THE PLAN ........................................... 19

XI.  EXPLANATION OF RISK FACTORS AND POTENTIAL
    FLUCTUATIONS WHEN IMPLEMENTING THE PLAN ....................... 20

XII.  EFFECT OF CONFIRMATION OF THE PLAN .................................. 21

    A.    General Comments ........................................................... 21

    B.    Discharge of Liability for Payments of Debts ...................... 21

XIII.  GENERAL PROVISIONS ............................................................... 22

    A.    Definitions and Rules of Construction ................................ 22

    B.    Effective Date ................................................................... 22

    C.    Severability ...................................................................... 22

    D.    Binding Effect ................................................................... 22

    E.    Modification of the Plan ..................................................... 22

    F.    Exculpation and Releases ................................................. 22

    G.    Captions .......................................................................... 23

    H.    Controlling Effect .............................................................. 23

    I.    Retention of Jurisdiction .................................................... 23

**Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

## TABLE OF CONTENTS (cont.)

**Page**

J.    Final Decree ................................................................................................25

Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

iii

# TABLE OF AUTHORITIES

**Page(s)**

## Statutes

11 U.S.C. § 101(10) ............................................................................................................ 4

11 U.S.C. § 101(12) ............................................................................................................ 4

11 U.S.C. § 101(16) ............................................................................................................ 4

11 U.S.C. § 101(5) .............................................................................................................. 4

11 U.S.C. § 101(7) .............................................................................................................. 4

11 U.S.C. § 102(2) .............................................................................................................. 4

11 U.S.C. § 107(17) ............................................................................................................ 4

11 U.S.C. § 108 ................................................................................................................ 23

11 U.S.C. § 346 ................................................................................................................ 23

11 U.S.C. § 362(a) ........................................................................................................... 21

11 U.S.C. § 362(c)(1) ........................................................................................................ 21

11 U.S.C. § 503 ................................................................................................................ 21

11 U.S.C. § 505 ................................................................................................................ 23

11 U.S.C. § 506(b) ............................................................................................................ 10

11 U.S.C. § 507(a) ............................................................................................................ 13

11 U.S.C. § 507(a)(2) .......................................................................................................... 9

11 U.S.C. § 507(a)(3) ......................................................................................................... 13

11 U.S.C. § 507(a)(4) ......................................................................................................... 13

11 U.S.C. § 507(a)(5) ......................................................................................................... 13

11 U.S.C. § 507(a)(6) ......................................................................................................... 13

11 U.S.C. § 507(a)(7) ......................................................................................................... 13

11 U.S.C. § 507(a)(8) ......................................................................................................... 11

11 U.S.C. § 510 ................................................................................................................ 23

11 U.S.C. § 511 ................................................................................................................ 10

11 U.S.C. § 525 ................................................................................................................ 23

# TABLE OF AUTHORITIES (cont.)

**Page(s)**

11 U.S.C. § 543 ............................................................................................... 23

11 U.S.C. § 545 ............................................................................................... 23

11 U.S.C. § 547 ............................................................................................... 23

11 U.S.C. § 548 ............................................................................................... 23

11 U.S.C. § 549 ............................................................................................... 23

11 U.S.C. § 551 ............................................................................................... 23

11 U.S.C. § 1111(b) ............................................................................................ 7

11 U.S.C. § 1141(d)(1)(A) ................................................................................ 21

11 U.S.C. § 1141(d)(6) ..................................................................................... 21

11 U.S.C. § 1146 ............................................................................................. 23

11 U.S.C. § 1189 ............................................................................................... 1

11 U.S.C. § 1190(1)(C) .................................................................................... 14

11 U.S.C. § 1191(a) ......................................................................................... 21

11 U.S.C. § 1191(b) ........................................................................................... 8

11 U.S.C. § 1191(c) ......................................................................................... 14

11 U.S.C. § 1192 ....................................................................................... 21, 22

**Rules**

Fed. R. Bankr. P. 4007(c) ............................................................................... 22

11 U.S.C. § 1193 ............................................................................................. 22

Federal Rule of Bankruptcy Procedure 9019 .................................................... 5

1  **TO THE HONORABLE THEODOR C. ALBERT, UNITED STATES BANKRUPTCY**

2  **JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, THE SUBCHAPTER V**

3  **TRUSTEE, AND ALL OTHER INTERESTED PARTIES:**

4       Cloud Mountain Inc., the debtor and debtor-in-possession ("Debtor") in the above-

5  captioned Chapter 11, Subchapter V case ("Case"), filed a voluntary bankruptcy petition

6  under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code" or "Code") on

7  March 17, 2022 ("Petition Date").  The Debtor submits this Amended Plan of

8  Reorganization for Small Business Under Chapter 11 Dated September 16, 2022 (the

9  "Plan") pursuant to 11 U.S.C. § 1189.

10       Chapter 11 allows debtors to propose a plan.  A plan may provide for a debtor to

11  reorganize by continuing to operate, to liquidate by selling assets of the bankruptcy estate

12  ("Estate"), or a combination of both.  The Debtor is the proponent of this Plan.

13       This Plan is a reorganizing plan.  As described in detail below, all allowed claims

14  will be paid from cash on hand as of the Effective Date (defined below) and revenues

15  generated by the Debtor's ongoing business.  Allowed administrative claims will be paid in

16  full on the Effective Date (defined below).  Allowed priority tax claims will be paid in full

17  over five (5) years from the Petition Date, plus applicable interest.  Payments will be made

18  to allowed priority tax claims quarterly beginning the first full quarter after the Effective

19  Date.  Allowed general unsecured claims will be paid in full over five (5) years.  Payments

20  will be made to allowed general unsecured claims quarterly beginning the first full quarter

21  after the Effective Date.  To the extent that a claim is disputed, the claim will not be paid

22  unless and until a final non-appealable order is entered allowing the claim.  All creditors

23  should refer to Articles VI-VIII of this Plan for the precise treatment of their claims.

24       The Debtor believes that this Plan will enable the Debtor to preserve its business

25  as a going concern while repaying its creditors and accomplish the objectives of Chapter

26  11.  Additionally, the Debtor believes the Plan presents the most advantageous outcome

27  for all the Debtor's creditors and, therefore, confirmation of the Plan is in the best interests

28  of the Estate.  The Debtor recommends that creditors vote to accept the Plan.

**Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1

AMENDED PLAN OF REORGANIZATION
FOR SMALL BUSINESS UNDER CHAPTER
11 DATED SEPTEMBER 16, 2022

1    **The Court has not yet confirmed the Plan, which means the terms of the Plan**

2    **are not now binding on anyone**; however, if the Plan is confirmed, the terms will bind

3    the Debtor and any holders of claims or interests treated by the Plan, whether or not they

4    file a proof of claim, accept the Plan, object to confirmation, or have their claims allowed.

5    **Your rights may be affected.  You should read these papers carefully and discuss**

6    **them with your attorney, if you have one.  If you do not have an attorney, you may**

7    **wish to consult one.**

8    Any interested party desiring further information should contact the attorney for the

9    Debtor, whose contact information is identified in the box at the top left of the first page of

10    the Plan.

11    **I.**    **GENERAL DISCLAIMER**

12    PLEASE READ THIS DOCUMENT CAREFULLY.  IT EXPLAINS WHO IS

13    ENTITLED TO (A) VOTE TO ACCEPT OR REJECT THE PLAN, AND (B) FILE AN

14    OBJECTION TO CONFIRMATION OF THE PLAN.  IT ALSO IDENTIFIES THE

15    TREATMENT THAT CREDITORS AND INTEREST HOLDERS (EQUITY SECURITY

16    INTERESTS OR OTHER OWNERSHIP INTERESTS) CAN EXPECT TO RECEIVE

17    UNDER THE PLAN, IF THE PLAN IS CONFIRMED BY THE COURT.

18    The financial data relied upon in formulating the Plan is based on the financial

19    records of the Debtor, projections created by the Debtor's financial professionals, or

20    information provided by other parties in interest.  The professionals employed by the

21    Debtor drafted the Plan based on this information and have no independent knowledge

22    regarding the accuracy of the data.  The Court has not yet determined whether or not the

23    Plan is confirmable and makes no recommendation as to whether or not you should

24    support or oppose the Plan.

25    **II.**    **BACKGROUND FOR CASES FILED UNDER SUBCHAPTER V**

26    **A.**    **Description and History of the Debtor's Business**

27    The Debtor was formed in 2016 and is owned 100% by its Chief Executive Officer

28    Hanbing Shi.  The Debtor is a wholesaler that specializes in indoor and outdoor furniture

**Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

2

AMENDED PLAN OF REORGANIZATION
FOR SMALL BUSINESS UNDER CHAPTER
11 DATED SEPTEMBER 16, 2022

1  and outdoor shades ("Business").  The Business sells furniture directly through its own

2  website and through multiple retail outlets such as Wayfair, Overstock, Home Shopping

3  Network, and through overseas foreign outlets.  The Debtor also provided third-party

4  logistics ("3PL") for several clients where it stored and shipped product for these parties

5  for a fee as well as charged for the space in the Debtor's warehouse occupied by the 3PL

6  customer's product.

7       On March 17, 2022 ("Petition Date"), the Debtor filed a voluntary petition for relief

8  under Chapter 11, Subchapter V of the Bankruptcy Code in the United States Bankruptcy

9  Court for the Central District of California ("Court").  The Debtor continues to operate and

10  manage its affairs as debtor and debtor-in-possession pursuant to section 1184 of the

11  Bankruptcy Code.  On March 17, 2022, Mark M. Sharf was appointed as the Subchapter

12  V Trustee ("Trustee").  No committee has been designated in the Case.

13       **B.    Factors that Led to Filing of the Bankruptcy Case**

14       The Debtor began to suffer financial issues with the complications caused by the

15  COVID-19 pandemic. As with many companies, there was an instability in the Debtor's

16  supply chain with massive increases in the costs of shipping containers from Asia to the

17  United States as well as the increase in trucking rates. These added costs could not be

18  absorbed by the company, or its vendors, and the Debtor could not increase its rates as it

19  would jeopardize its sales.  Moreover, retailers ceased providing purchase orders for lump

20  sum orders, but instead transitioned to a dropship model whereby the Debtor received

21  orders from its customers as they received it from their customers.

22       The Debtor also encountered problems with receiving funds from its overseas

23  customers in China.  Due to regulations, any payments from China to the United States

24  were delayed as the Chinese government and banking institutions verified transactions.

25  This caused up to a two (2) week lag in the money transactions being approved.

26       As the Debtor was dealing with these economic issues, it fell behind on its rent.  On

27  January 21, 2022, 500 Warner Avenue, LLC, the Debtor's landlord, filed a complaint

28

**Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1377435.1

3

AMENDED PLAN OF REORGANIZATION
FOR SMALL BUSINESS UNDER CHAPTER
11 DATED SEPTEMBER 16, 2022

1  against the Debtor for unlawful detainer, commencing case no. 30-2022-01241850-CU-

2  UD-CJC.

3      The Debtor also found that it was having problems with its former operations

4  manager and warehouse manager, both of whom have now been replaced.

5      **C.    Actions Taken to Solve Financial Problems**

6      Since the filing, the Debtor has continued to focus on its sales.  The Debtor has

7  replaced employees with others that have more experience and are assisting in correcting

8  any issues caused by former employees.  The Debtor has not suffered any losses as it did

9  pre-petition in dealings with companies it no longer associates with.

10     **D.    Future Financial Outlook**

11     The Debtor has been performing well during the course of this Case and will be

12 able to pay all creditors in full through the Debtor's cash on hand and revenues generated

13 from the Business.

14 **III.    DEFINITIONS AND PRELIMINARY INFORMATION**

15     **A.    Claims and Interests**

16     1.    Claims [§§ 101(5),  (7), and  (12); § 102(2)]; Interests [§ 101(16)].  "Claims"

17 refers to all debts and other obligations of the Debtor or against property of the Debtor.

18 Claims treated under the Plan are included whether the claim arose before or after the

19 bankruptcy case was filed, and whether or not a claim or obligation involves a cash

20 payment.  "Interests" refer to equity securities and any other ownership stakes in the

21 Debtor.

22     2.    Creditors [§ 101(10)]; Interest Holders [§ 107(17)].  A "creditor" refers to the

23 holder of any claim treated under the Plan even if the creditor did not file a proof of claim.

24 An "interest holder" refers to a holder of an interest treated under the Plan, even if the

25 interest holder did not file a proof of interest.

26     **B.    Allowed, Disallowed, and Disputed Claims and Interests**

27     1.    Allowed Claims.  A claim or interest is allowed if it is timely and properly

28 scheduled or filed, and (a) was not objected to; or (b) was objected to or was settled by

1377435.1                                     4                AMENDED PLAN OF REORGANIZATION
FOR SMALL BUSINESS UNDER CHAPTER
11 DATED SEPTEMBER 16, 2022

**Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

the parties or otherwise determined by a court order.  Allowed claims and interests are treated under the Plan.

2.    <u>Disallowed Claims and Interests</u>.  A claim or interest is disallowed if it was timely objected to by the Debtor and the court made a ruling that the claim or interest is disallowed in part or entirety.  Disallowed claims are not treated under the Plan.

3.    <u>Disputed Claims and Interests</u>.  A claim or interest is disputed if a ruling on allowance has not been made and (a) a proof of claim or interest has not been filed or deemed filed and the Debtor or a party in interest has filed an objection; or (b) a proof of claim or interest has not been filed and the Debtor scheduled such claim or interest as disputed, contingent, unliquidated or unknown.

4.    <u>Delayed Distribution on Disputed Claims and Interests.  Settlement</u>.  No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.  The Debtor will have the power and authority to settle and compromise a disputed claim with Court approval and compliance with Bankruptcy Rule 9019 unless the amount allowed by the compromise does not exceed $5,000, in which case no Court approval is necessary.

5.    <u>Claims Bar Date.</u>  THE BAR DATE FOR FILING A PROOF OF CLAIM IN THIS CASE BY CLAIMANTS WHOSE CLAIMS WERE NOT SCHEDULED OR WERE SCHEDULED AS UNKNOWN, DISPUTED, CONTINGENT OR UNLIQUIDATED WAS MAY 26, 2022 (AS TO CREDITORS OTHER THAN GOVERNMENTAL UNITS) AND WAS SEPTEMBER 13, 2022 (AS TO GOVERNMENTAL UNITS).

The following chart lists all of the claims that have been filed to date:

| Claim # | Date Filed | Claimant | Amount |
|---------|-----------|----------|--------|
| 1 | 3/29/2022 | SCIE, Inc. | $27,023.04 (GUC) |
| 2-2 | 7/18/2022 | Department of Treasury – Internal Revenue Service ("IRS") | $84,866.13 (Priority)[1] $13,004.17 (GUC)[2] |

[1] A portion of the priority claim is estimated for 2021 taxes where the tax return has not been filed. The Debtor believes the amount shown as being owed for 2021 will be less than estimated in the proof of claim.

[2] The Debtor scheduled the IRS in the amount of $53,539.28.

Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

5

AMENDED PLAN OF REORGANIZATION FOR SMALL BUSINESS UNDER CHAPTER 11 DATED SEPTEMBER 16, 2022

| Claim # | Date Filed | Claimant | Amount |
|---|---|---|---|
| 3 | 4/1/2022 | Uline | $723.57 (GUC)[3] |
| 4 | 4/21/2022 | Meta Global Trade Inc. | $135,000.00[4] (Priority) |
| 5 | 4/26/2022 | Franchise Tax Board ("FTB") | $1,185.27 (Priority) $834.09 (GUC) |
| 6 | 5/24/2022 | Metropolitan Warehouse & Delivery | $57,531.42 (GUC) |
| 7 | 5/24/2022 | Farivar Law Firm, APC | $10,353.26 (GUC) |
| 8 | 5/26/2022 | ADP Express LLC | $117,458.88 (GUC) |
| 9 | 5/26/2022 | 500 Warner Avenue, LLC | $847,731.28 (GUC) |

The Debtor also included within its Schedule F the following creditors, which it did not mark as disputed, unliquidated, or contingent:

| Claimant | Amount |
|---|---|
| Ameri-Hua, Inc. | $40,000.00 |
| ART Outdoor Limited | $260,000.00 |
| C.H. Robinson | $11,853.70 |
| China U. Technology | $10,000.00 |
| Circlelink Group LLC | $70,000.00 |
| Cope Services Incorporated | $600,000.00 |
| Durkee | $28,000.00 |
| Eng Law | $9,454.50 |
| Hangzhou Keynice Leisure Products | $90,000.00 |
| KlearNow Corporation | $80,000.00 |
| Lifestyle Garden Co., Limited | $18,000.00 |
| Ningbo Rowan Electric | $120,000.00 |
| Quartz Logistics Inc. | $156,000.00 |
| Richard Varriale | $3,000.00 |
| Rowan Electric Appliance | $20,000.00 |
| S&Y Digital Solutions Inc. | $12,000.00 |
| SCIF | $17,687.61 |
| Shandong Taipeng Intelligent Co. | $590,000.00 |
| UPS CM | $1,751.23 |
| UPS Yinghe | $8,000.00 |
| X-United Trucking | $20,000.00 |
| Zage | $3,000.00 |
| Zhejjian Linya Co., Ltd. | $5,000.00 |

6.    <u>Standing and Claim Objection Deadline</u>.  The Debtor or any other party in interest shall have up until 180 days after the Effective Date to file objection to claims.

---

[3] This claim was withdrawn on September 2, 2022.

[4] The Debtor may object to Claim No. 4.  The basis of the claim is a deposit provided to the Debtor by claimant for $135,000.  Under the terms of the contract, the return of the deposit is set to occur in June and would not create a liability unless the Debtor failed to return the deposit.  In addition, the claim marks itself as a priority claim pursuant to 11 U.S.C. § 507(a)(7) for the full amount of the claim.  The claim is not entitled to such priority, even in the statutory amount of $3,350.00.

Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

6

AMENDED PLAN OF REORGANIZATION FOR SMALL BUSINESS UNDER CHAPTER 11 DATED SEPTEMBER 16, 2022

1  Any party may obtain an extension of this date by filing a motion in the Court, based upon

2  a showing of "cause."

3      **C.**    **Potential § 1111(b) Elections**

4      The Court has not set a deadline for making an election under § 1111(b).

5  **IV.**    **VOTING BY BALLOT: FILING OBJECTION TO CONFIRMATION OF THE PLAN**

6      **A.**    **Who May Vote or Object**

7          **1.**    **Who May Object to Confirmation of the Plan**

8      Any party in interest may object to the confirmation of the Plan, but as explained

9  below, not everyone is entitled to vote to accept or reject the Plan.  Objecting to

10  confirmation means a party files and serves a document that contains legal and factual

11  assertions as to whether the Debtor satisfied its requirements for the Court to confirm the

12  Plan.  The deadline to file an objection to confirmation of the Plan is _____, 2022.

13          **2.**    **Who May Vote to Accept/Reject the Plan**

14      A creditor has a right to vote for or against the Plan if that creditor has a claim that:

15  (a) either is an allowed claim or is allowed for voting purposes; (b) is classified in an

16  impaired class; and (c) is entitled to receive or retain some property on account of its

17  claim.  The deadline to submit ballots is _____, 2022.

18      As noted above, a creditor must first have an allowed claim to have the right to

19  vote.  Generally, any proof of claim will be allowed, unless a party in interest files an

20  objection to that claim.  When an objection to a claim is filed, the holder of the claim

21  cannot vote unless and until the Court, after notice and a hearing, either overrules the

22  objection or allows the claim for voting purposes.  Any person who seeks temporary

23  allowance of its claim for the purpose of voting on the plan must promptly take steps to file

24  an appropriate motion requesting the same and arrange an appropriate hearing with the

25  Court.

26      A class is impaired if the Plan alters the legal, equitable, or contractual rights of the

27  members of that class.  For example, a class comprised of general unsecured creditors is

28

**Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

AMENDED PLAN OF REORGANIZATION
FOR SMALL BUSINESS UNDER CHAPTER
11 DATED SEPTEMBER 16, 2022

1    impaired if the Plan fails to pay the members of that class 100% of what they are owed or

2    otherwise impairs the legal rights of the holders of the claims.

3        In this case, the Debtor believes that classes 1 and 2 are impaired and holders of

4    claims in these classes are therefore entitled to vote to accept or reject the Plan, unless

5    otherwise specified below.  The Debtor believes that class 3 is unimpaired under the Plan.

6    Any creditor or interest holder that disputes the Debtor's characterization of its claim or

7    interest as unimpaired and wants to vote may request a finding of impairment from the

8    Court in order to obtain the right to vote.

9                    **3.    Who Can Vote in More than One Class**

10        A creditor whose claim has been allowed in part as a secured claim and in part as

11   a general unsecured claim is entitled to accept or reject the Plan in both capacities by

12   casting one ballot for the secured portion of the claim and another ballot for the unsecured

13   portion of the claim.

14                    **4.    Votes Necessary to Confirm the Plan**

15        The Plan can be confirmed if (i) it is accepted by each impaired class because a

16   majority in number and at least two-thirds in dollar amount of the claimants in that class

17   who timely voted to accept the Plan; or (ii) it is not accepted by certain impaired class(es),

18   but the court determines the Plan does not discriminate unfairly and is "fair and equitable"

19   [as defined by § 1191(b)] to all rejecting classes of creditors, and it meets all other criteria

20   required for confirmation.

21   **V.    FILING AN OBJECTION TO CONFIRMATION OF THE PLAN**

22        A.    <u>Who May Object</u>.  Any creditor, interest holder or other party may object to

23   confirmation of the Plan.

24        B.    <u>Effect of Objection</u>.  The court will consider all objections that are timely and

25   properly filed and served.  If the objection has merit, it may result in the court denying the

26   Debtor's request to confirm the Plan.  The deadline to file an objection to the confirmation

27   of the Plan is _____, 2022.

28

**Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1377435.1

AMENDED PLAN OF REORGANIZATION
FOR SMALL BUSINESS UNDER CHAPTER
11 DATED SEPTEMBER 16, 2022

Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

# VI.    PLAN OF REORGANIZATION

As required by the Bankruptcy Code, the Plan classifies claims in various classes according to their right to priority.  The Plan states whether each class of claims is impaired or unimpaired.  The Plan provides the treatment each class will receive.  In no event shall any creditor receive more than the creditor's allowed claim, plus interest, to the extent provided herein.

Unless otherwise expressly stated in the Plan, the treatment of allowed claims under the Plan supersedes any agreements or rights the holders of those claims may have in or against the Debtor or its assets and is in full satisfaction of the legal, equitable, and contractual rights of the holders of the claims.

Unless the Plan provides otherwise, no distributions will be made and no rights retained on account of any claim that has not become an allowed claim.

## A.    Treatment of Unclassified Claims

Certain types of claims are not placed into voting classes but are instead unclassified.  They are not considered impaired and they do not vote on the Plan because they are automatically entitled to certain treatment under the Bankruptcy Code.  Accordingly, the following claims have not been placed into classes:

### 1.    Administrative Expenses

Administrative claims are claims for costs or expenses of administering the Debtor's case which are allowed under § 507(a)(2) of the Bankruptcy Code.

The following chart lists all of the Debtor's § 507(a)(2) unpaid administrative claims and their treatment under the Plan:

| Description | Estimated Amount Owed | Treatment |
|---|---|---|
| Clerk's Office Fees | $0[5] | Paid in full on or before the Effective Date. |
| Office of the United States Trustee | $0[6] | Paid in full on or before the Effective Date. |
| Ordinary-Course Administrative Claims | $0 | Unless the Debtor objects to the ordinary-course administrative claim, the claim will |

---

[5] The Debtor has not commenced any adversary proceedings or filed any motions for which any fee would be due at the conclusion of the Case.

[6] Quarterly fees are not applicable in a Subchapter V bankruptcy case.

AMENDED PLAN OF REORGANIZATION
FOR SMALL BUSINESS UNDER CHAPTER
11 DATED SEPTEMBER 16, 2022

**Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

| | | |
|---|---|---|
| | | be allowed in accordance with the terms and conditions of the particular transaction giving rise to the ordinary-course administrative claim, and the person holding the ordinary-course administrative claim need not file any request for payment of its claim.  However, any request for payment, or motion to allow a claim as an ordinary-course administrative claim must be filed with the Court and served on counsel for the Debtor or the Reorganized Debtor, as the case may be, the Subchapter V Trustee, and the Office of the United States Trustee ("OUST") by no later than sixty (60) days after the Effective Date. |
| Non-Ordinary Course Administrative Claim | $0 | To the extent that any non-ordinary course administrative claims are allowed, they will be paid in full by the Debtor on the later of the Effective Date or immediately after the Court enters a final order allowing the non-ordinary course administrative claim. |
| Administrative Tax Claim | $0 | Unless the Debtor objects to an administrative tax claim or otherwise disputes the administrative tax claim in accordance with applicable law, the claim will be allowed in accordance with the terms and conditions of the particular transaction that gave rise to the administrative tax claim, and the person holding the administrative tax claim need not file any request for payment of its claim. Any allowed administrative tax claim will be paid in the ordinary course of business, currently and timely as they are incurred and billed, unless the Debtor objects to or otherwise disputes such administrative tax claim in accordance with applicable law.  In an event of default, and to the extent such administrative tax claim is also secured, the payment thereof will include all costs, fees, charges and interest, if applicable, as required under 11 U.S.C. §§ 506(b) and 511, and applicable non-bankruptcy law. |
| Golden Goodrich LLP ("GG") | $150,000.00, estimated as of the Effective Date, which would be in addition to the fees and expenses paid to GG post-petition.[7] | Paid on the later of (i) the Effective Date or (ii) upon entry of an order approving the professional fee claim, except to the extent that the holder of such claim agrees to other terms. |
| Mark Sharf, Subchapter V Trustee fees | $35,000.00, estimated as of the Effective Date | Paid in full on the Effective Date. |
| TOTAL | $185,000.00 | |

---

[7] The estimate of professional fee claims is only an estimate and may change based upon the legal or financial services required during this case and upon what the Court ultimately awards to professionals.  The Estate remains liable for all allowed professional fees and costs regardless of the estimates.

a.    Professional Fee Claims

Any professional seeking allowance of a professional fee claim for services

rendered prior to the Effective Date in connection with the Debtor's case must (1) file their

application for allowance of compensation and reimbursement of expenses on or before

45 days after the Effective Date or such other date as may be set by the Court, and (2)

have the fees and expenses allowed by a final order.  Any party in interest may file an

objection to such an application within the time provided by the Local Bankruptcy Rules or

within any other period that the Court sets.  Persons holding professional fee claims who

do not timely file and serve their applications for payment will be forever barred from

asserting these claims against the Reorganized Debtor or its property.

As indicated above, the Debtor may need to pay $185,000.00 worth of

administrative claims.  As set forth below, the Debtor will have sufficient funds on hand to

make these payments from cash on hand and operations of the Business.  As of the last

filed monthly operating report for the month of July 2022, the Debtor had $93,380.86.00 of

cash on hand, which is not subject to any liens, and anticipates that this amount will

increase by the Effective Date and expects revenue over the next several months to be

sufficient to pay administrative claims on the Effective Date.  If there is insufficient cash on

hand to make these payments on the Effective Date, then GG may agree to payments

over time.

**2.    Priority Tax Claims**

Priority tax claims include certain unsecured income, employment and other taxes

described by Bankruptcy Code § 507(a)(8).  The Bankruptcy Code requires that each

holder of such a § 507(a)(8) priority tax claim receive the present value of such claim in

regular installment payments in cash, over a period not exceeding five (5) years from the

Petition Date.  The following chart lists all of the Debtor's known § 507(a)(8) priority tax

claims and their treatment under the Plan:

**Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1377435.1

11

AMENDED PLAN OF REORGANIZATION
FOR SMALL BUSINESS UNDER CHAPTER
11 DATED SEPTEMBER 16, 2022

| Description | Amount Owed | Treatment |
|---|---|---|
| FTB | $1,185.27 | The FTB filed proof of claim no. 5, which includes amounts that will be paid in the ordinary course post-petition.  To the extent that any amounts are determined to be owed to the FTB, the Debtor or the Reorganized Debtor, as the case may be, shall pay in full the allowed amount of its claim no more than five (5) years from the Petition Date. The claim shall accrue interest from the Effective Date on the unpaid balance of the allowed priority tax claim at the rate required by 11 U.S.C. § 511 to provide "present value" of the allowed priority tax claim. The Debtor or the Reorganized Debtor shall have the right to pay the balance of the allowed priority tax claim in full at any time on or after the Effective Date without premium or penalty of any kind. Payments will be made quarterly, due on the first day of the first full quarter after the Effective Date and ending on the last such date that is no more than five (5) years after the Petition Date.. |
| IRS | $84,866.13 | The amount of the claim includes an estimate for 2021 taxes based upon returns yet to be filed. The Debtor believes that the amount owed to the IRS will be further reduced based upon this filing.  To the extent that any amounts are determined to be owed to the IRS, the Debtor or the Reorganized Debtor, as the case may be, shall pay in full the allowed amount of its claim no more than five (5) years from the Petition Date. The claim shall accrue interest from the Effective Date on the unpaid balance of the allowed priority tax claim at the rate required by 11 U.S.C. § 511 to provide "present value" of the allowed priority tax claim. The Debtor or the Reorganized Debtor shall have the right to pay the balance of the allowed priority tax claim in full at any time on or after the Effective Date without premium or penalty of any kind. Payments will be made quarterly, due on the first day of the first full quarter after the Effective Date and ending on the last such date that is no more than five (5) years after the Petition Date. |

Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

**B.    Classified Claims**

**1.    Summary of Classes**

| Summary of Classes | |
|---|---|
| Class # | Claimant(s) |
| 1 | Priority Unsecured Claims |
| 2 | General Unsecured Claims |
| 3 | Equity Interests |

**2.    Class of Priority Claims**

Certain priority claims that are referred to in Bankruptcy Code §§ 507(a)(3), (4), (5), (6), and (7) are required to be placed in classes in a chapter 11 plan.  The Bankruptcy Code requires that each holder of a priority claim receive cash on the Effective Date equal to the allowed amount of such claim.  However, a class of unsecured priority claim holders may vote to accept deferred cash payments of a value, as of the Effective Date, equal to the allowed amount of such claim.

The following chart lists all classes containing the Debtor's Bankruptcy Code §§ 507(a)(3), (4), (5), (6), and (7) priority claims and their treatment under the Plan:

| Priority Claims | | | | |
|---|---|---|---|---|
| Class # | Description | Insiders (Y/N) | Impaired (Y/N) | Treatment |
| 1 | $135,000.00 | N | Y | The Debtor will be objecting to Claim No. 4, which is the only claim in this class as it is not entitled to priority under 11 U.S.C. § 507(a)(7) and should be reclassified to a general unsecured claim to the extent the Debtor is even liable for a debt to the claimant.  With no claimants, this class will not receive anything under the Plan. |

**3.    Class of General Unsecured Claims**

General unsecured claims are unsecured claims not entitled to priority under Bankruptcy Code § 507(a).  The following chart identifies the Plan's treatment of general unsecured claims:

**Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

| General Unsecured Claims | | | | |
|---|---|---|---|---|
| Class # | Description | Insiders (Y/N) | Impaired (Y/N) | Treatment |
| 2 | General Unsecured Claims<br><br>Estimated total amount of claims: $2,534,951.90[8] | N | Y | Allowed general unsecured claims will be paid in full over the course of five (5) years.  Class 2 claimants will receive quarterly payments beginning the first full quarter after the Effective Date.<br><br>The Reorganized Debtor shall have the right to pay the allowed claims in Class 2 in full at any time without premium or penalty of any kind. |

### 4.    Interest Holders

Interest holders are the parties who hold ownership interest (*i.e.* equity interest) in the Debtor.  The Debtor is a California corporation.  The following chart identifies the Plan's treatment of the Class 3 interests:

| Priority Claims | | | | |
|---|---|---|---|---|
| Class # | Description | Insiders (Y/N) | Impaired (Y/N) | Treatment |
| 3 | Interest Holders | Y | N | All current interest holders will retain their percentage equity membership in the Debtor that they held as of the Petition Date. |

## VII.    MEANS OF EFFECTUATING THE PLAN

### A.    Funding the Plan

The Plan cannot be confirmed unless the Court finds it is "feasible"; pursuant to 11 U.S.C. §§ 1190(1)(C) and 1191(c), this means the Debtor submitted evidence establishing that the Debtor will have sufficient funds available to satisfy all expenses, including the scheduled payments to claimants discussed in Article VI.  The Debtor must also show that it will have enough cash over the life of the Plan to make the required Plan payments and operate the Debtor's business.

---

[8] The estimated total does not include the $847,731.28 included in Claim No. 9 as the Debtor anticipates paying the past due rent owed to its landlord as part of the assumption of the lease, which will occur prior to the Effective Date.

**Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1377435.1

14

AMENDED PLAN OF REORGANIZATION
FOR SMALL BUSINESS UNDER CHAPTER
11 DATED SEPTEMBER 16, 2022

The Debtor's projections attached to the Plan as Exhibit "1" demonstrate that through cash on hand and revenues to be generated over the life of the Plan, the Debtor will have the ability to make the payments due on the Effective Date, the payments to priority tax holders over five (5) years from the Petition Date, and the payments to Class 2 holders over the course of five (5) years.  These projections are based upon the historical revenue and expenses of the Business, the actual revenue and expenses incurred during the course of the Case, and anticipated growth over the next five (5) years.

**B.    Disbursing Agent**

The Reorganized Debtor will act as the disbursing agent for purposes of making plan payments.

**C.    Corporate Governance**

Post-confirmation, the Debtor's sole shareholder will retain his equity interest in the Reorganized Debtor.

**D.    Unclaimed or Undeliverable Plan Distributions**

Payments or distributions that are attempted under the Plan but remain unclaimed or undeliverable for six (6) months, will revest in the post-confirmation debtor free of restriction.  Any entitlement to distribution will be barred.

**E.    Changes in Rates Subject to Regulatory Commission Approval**

The Debtor is not subject to governmental regulatory commission approval and is not subject to governmental regulatory commission approval of any rates.

**F.    Preservation of Causes of Action and Avoidance Actions**

The Debtor reserves for the Estate and the Reorganized Debtor all rights to commence and pursue, as appropriate, any and all causes of action and avoidance actions, whether arising prior to or after the Petition Date, in any court or other tribunal, including without limitation, in an adversary proceeding filed in the Court, except for as otherwise provided in the Plan.  On the Effective Date, the Reorganized Debtor will be vested with authority to enforce, file, litigate, prosecute, settle and collect with respect to causes of action and avoidance actions, although it will not be required to do so and the

**Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

AMENDED PLAN OF REORGANIZATION
FOR SMALL BUSINESS UNDER CHAPTER
11 DATED SEPTEMBER 16, 2022

1  determination of whether to do so will be made solely by the Reorganized Debtor in its

2  absolute discretion.  The Debtor is a party to two pre-petition lawsuits.  The Debtor is

3  evaluating the likelihood of recovery on these actions as well as analyzing avoidance

4  actions.

5        Unless a cause of action or avoidance action against any person is expressly

6  waived, relinquished, released, compromised or settled as provided or identified in the

7  Plan, any confirmation order or prior order of the Court, the Debtor expressly reserves any

8  causes of action and avoidance actions for later adjudication.  Therefore, no preclusion

9  doctrine, including, without limitation, the doctrine of *res judicata*, collateral estoppel, issue

10  preclusion, claim preclusion, estoppel (judicial, equitable, or otherwise) or laches shall

11  apply to such causes of action or avoidance actions upon or after confirmation or

12  consummation of the Plan.  All avoidance actions and other causes of action are

13  preserved under the Plan for the benefit of the Estate, except as otherwise provided for in

14  the Plan.  Any recoveries from avoidance actions and/or other causes of action will be

15  paid to the Reorganized Debtor.

16        "Avoidance action" means causes of action arising under 11 U.S.C. §§ 510, 541,

17  542, 544, 547, 548, 549, 550, 551, and/or 553, or under related state or federal statutes

18  and common law, including, without limitation, fraudulent transfer laws, whether or not

19  litigation is commenced to prosecute such causes of action.  This specifically includes the

20  transfers listed on the Debtor's statement of financial affairs made during the 90 days, 1

21  year and 2 years prior to the Petition Date, including to the Debtor's insiders.

22        "Cause of action" means, without limitation, any and all actions, causes of action,

23  controversies, liabilities, obligations, rights, suits, damages, judgments, Claims (as defined

24  in Code § 101(5)) and demands whatsoever, whether known or unknown, reduced to

25  judgment, liquidated or unliquidated, fixed or contingent, matured or unmatured, disputed

26  or undisputed, secured or unsecured, assertable directly or derivatively, existing or

27  hereafter arising, in law, equity, or otherwise that the Debtor and/or the Estate may hold

28

**Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1   against any person as of the Effective Date.  This specifically includes, but is not limited

2   to, non-bankruptcy claims such a breaches of fiduciary duty and malpractice claims.

3       ANY CREDITORS THAT BELIEVE THEY RECEIVED A TRANSFER OR SETOFF

4   THAT IS AVOIDABLE UNDER THE CODE OR THAT HOLD A CLAIM AGAINST THE

5   ESTATE THAT COULD BE SUBJECT TO AN OBJECTION BASED UPON FAILURE TO

6   RETURN AN AVOIDABLE TRANSFER OR SETOFF, ARE DIRECTED TO REVIEW

7   THEIR RECORDS AND/OR THE DEBTOR'S SCHEDULES FOR FURTHER

8   INFORMATION, HOWEVER, ALL RIGHTS OF THE DEBTOR AND THE ESTATE ARE

9   RESERVED WITH RESPECT TO ANY AND ALL TRANSFERS OR SETOFF WHICH

10  MAY BE AVOIDABLE UNDER THE BANKRUPTCY CODE.

11      All professional fees incurred in pursuing the avoidance actions or other causes of

12  action shall be paid by the Reorganized Debtor without the necessity of a Court order.

13  However, the Bankruptcy Court will reserve exclusive jurisdiction to decide any and all

14  disputes regarding the payment of the fees and costs related to post-confirmation

15  professional fees, upon request of a party-in-interest and after notice and a hearing.

16  **VIII.    PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

17      The Debtor intends to assume the unexpired lease listed on its Schedule G: (1)

18  Multi-Tenant Commercial Lease with 500 Warner Avenue, LLC.  The Debtor's CEO is

19  going to make a personal contribution to the Debtor sufficient to pay the pre-petition cure

20  amount to 500 Warner Avenue, LLC in the amount set forth in its filed proof of claim.  The

21  Debtor has provided notice of termination to each of the 3PL customers that it has.  These

22  entities will have removed all of their items from the leased space prior to the assumption

23  of the lease.  The Debtor is also in the process of removing racking from the leased

24  premises and, as of the filing of the Plan, about one-quarter of the way complete.  The

25  Debtor anticipates completing the removal process by the end of October, 2022.  The

26  Debtor believes this will cure the non-monetary and monetary defaults under the lease

27  allowing assumption.

28      Obligations that arise after confirmation of the Plan will be paid as they come due.

**Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1377435.1

17

AMENDED PLAN OF REORGANIZATION
FOR SMALL BUSINESS UNDER CHAPTER
11 DATED SEPTEMBER 16, 2022

1    The Debtor intends on filing a separate motion with the Court to assume the lease.

2    Except for and the unexpired lease that the Debtor will seek to assume as set forth

3 above, the Debtor will be conclusively deemed to have rejected all executory contracts

4 with all 3PL customers as of the Effective Date.

5    A proof of claim arising from the rejection of an executory contract or unexpired

6 lease under this section must be filed no later than 45 days after the date of the order

7 confirming the Plan.

8  **IX.    LIQUIDATION ANALYSIS**

9    To confirm the Plan, the Court must find that all creditors and equity interest

10 holders who do not accept the Plan will receive at least as much under the Plan as such

11 claim or equity interest holders would receive in a chapter 7 liquidation.  Because the Plan

12 provides payment of all of the allowed claims in full, the Plan provides at least as much as

13 such creditor would receive in a hypothetical chapter 7 liquidation.

14    **ASSETS VALUED AT LIQUIDATION VALUES:**

15    Cash                                              $93,380.86
      Security Deposit                          $1,993.384.70

16    A/R                                               $427,164.12[9]
      Inventory                                    $635,932.03[10]

17    Office Furniture                           $1,500.00[11]
      Machinery, Equipment, Vehicle    $24,000.00[12]

18    Lawsuit                                       $20,000.00[13]
      **TOTAL ASSETS AT LIQUIDATION VALUE:    $3,195,361.71**

19

20    LESS
      a.    Chapter 7 Trustee fees and expenses        $92,632.85

21    b.    Chapter 7 Professionals fees and expenses   $100,000.00

22

23    [9] The total value of A/R used is $854,328.24 with an assumption of 50% collectability, which is standard for the industry.

24    [10] The total value of inventory used is $2,119,773.44 based upon the Debtor's July monthly operating report and assumes a 30% recovery.

25    [11] The value of the Office Furniture is $15,000 based upon the Debtor's schedules and assumes a 10% recovery.

26    [12] The value of the Machinery, Equipment, Vehicles is $60,000 and assumes a 40% recovery through a liquidation process.

27

28    [13] The requested amount in the lawsuits is approximately $1,600,000 collectively but based upon the status of the matters and likelihood of collectability, the Debtor believes the number used is appropriate.

Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

|       |                                              |              |
|-------|----------------------------------------------|--------------|
| c.    | Chapter 11 Debtor professionals              | $150,000.00  |
| d.    | Subchapter V Trustee fees                    | $35,000.00   |
| e.    | Priority claims, excluding admin. Expenses   | $86,051.40   |
|       | **TOTAL PRIORITY LIABILITIES**               | **$463,684.25** |

|                                    |                 |
|------------------------------------|-----------------|
| Balance for unsecured claims       | $2,731,677.46   |
| Total amount of unsecured claims   | $2,534,951.90   |

**% OF THEIR CLAIMS WHICH UNSECURED CREDITORS WOULD RECEIVE OR RETAIN IN A CHAPTER 7 LIQUIDATION = 100%**

**% OF THEIR CLAIMS WHICH UNSECURED CREDITORS WILL RECEIVE OR RETAIN UNDER THIS PLAIN = 100%**

Below is a demonstration, in tabular format, that all creditors are projected to receive at least as much under the Plan as such creditor would receive under a chapter 7 liquidation.

| CLAIMS & CLASSES | PAYOUT PERCENTAGE UNDER THE PLAN | PAYOUT PERCENTAGE IN CHAPTER 7 LIQUIDATION |
|---|---|---|
| Administrative Claims | 100% | 100% |
| Priority Tax Claims | 100% | 100% |
| Class 1 Priority Unsecured Claims[14] | 0% | 0% |
| Class 2 General Unsecured Claims | 100% | 100% |
| Class 3 Interest Holders | Would receive remaining equity | Retains all equity in company and receives remaining equity |

## X.    TAX CONSEQUENCES OF THE PLAN

CREDITORS CONCERNED WITH HOW THE PLAN MAY AFFECT THEIR TAX LIABILITY SHOULD CONSULT WITH THEIR OWN ACCOUNTANTS, ATTORNEYS, AND/OR ADVISORS.  The following disclosure of possible tax consequences is intended solely for the purpose of alerting readers about possible tax issues the Plan may present to the Debtor and the Reorganized Debtor.  The Debtor and its professionals CANNOT and DO NOT represent that the tax consequences contained below are the only tax consequences of the Plan because the Tax Code embodies many complicated rules

---

[14] The Debtor believes that there are no priority unsecured claims and intends on objecting to the classification of the one claim that has designated itself as such.

**Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1   which make it difficult to state completely and accurately all of the tax implications of any

2   action.

3         Due to the unsettled and complex nature of some of the tax issues, as well as the

4   possibility that developments subsequent to the date hereof could affect the tax

5   consequences of the Plan, the following discussion should not be regarded as definitive or

6   as covering all possible tax consequences.  Additionally, this summary does not discuss

7   all aspects of federal income taxation that may be relevant to a particular creditor in light

8   of its individual circumstances or to certain creditors subject to special treatment under the

9   federal income tax law (for example, life insurance companies, tax-exempt organizations,

10   foreign corporations and individuals who are not citizens or residents of the United

11   States).

12         As stated above, creditors concerned with how the Plan will affect their own tax

13   liability should consult with their own accountants, attorneys, and/or advisors.  The Debtor

14   is still in the process of determining the tax consequences of the Plan but does not believe

15   that there will be a material taxable event.  The Debtor does not expect adverse

16   consequences materially affecting the distributions to the holders of allowed claims under

17   the Plan.

18   **XI.**   **EXPLANATION OF RISK FACTORS AND POTENTIAL FLUCTUATIONS WHEN**

19         **IMPLEMENTING THE PLAN**

20         Performance of the obligations under the Plan are subject to various factors and

21   contingencies, some of which are described in this section.  The following discussion

22   summarizes some of the material risks associated with the Plan but is not intended to be

23   exhaustive.   Moreover, it should read in connection with other disclosures in the Plan.

24   Each creditor, in conjunction with its advisors, should supplement the following discussion

25   by analyzing and evaluating the Plan as a whole.   THE RISKS ASSOCIATED WITH THE

26   PLAN MUST BE CAREFULLY CONSIDERED IN DETERMINING WHETHER TO

27   ACCEPT THE PLAN.

28

**Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1377435.1

AMENDED PLAN OF REORGANIZATION
FOR SMALL BUSINESS UNDER CHAPTER
11 DATED SEPTEMBER 16, 2022

1    The potential risks to creditors from this Plan include the Debtor having less cash

2  on hand than expected to make payments on the Effective Date and the Business not

3  performing as well as set forth in the projections thereby creating risk to creditors of full

4  repayment over time.  However, the Debtor believes that it is fully capable of making its

5  projections and paying all creditors as set forth in the Plan.

6  **XII.**    **EFFECT OF CONFIRMATION OF THE PLAN**

7        **A.**    **General Comments**

8        The provisions of a confirmed Plan bind the Debtor, any entity acquiring property

9  under the Plan, and any creditor, equity security holder, or general partner of the Debtor,

10  even those who do not vote to accept the Plan.

11        Except as provided in the Plan, the entry of an order confirming the Plan vests all

12  property of the Estate in the Debtor and, pursuant to 11 U.S.C. § 362(c)(1), the automatic

13  stay no longer applies to property of the Estate.  However, the stay of § 362(a) continues

14  to prohibit collection or enforcement of pre-petition claims against the Debtor and the

15  Debtor's property until the Debtor receives a discharge.

16        **B.**    **Discharge of Liability for Payments of Debts**

17        The Debtor seeks confirmation under 11 U.S.C. § 1191(a).  On the Effective Date

18  of the Plan, the Debtor will be discharged from any debt that arose before confirmation of

19  this Plan, as provided in 11 U.S.C. § 1141(d)(1)(A).  Pursuant to § 1141(d)(6), the Debtor

20  will not be discharged from any debt of a kind specified in 11 U.S.C. §§ 523(a)(2)(A)-(B)

21  that is owed to a domestic governmental unit, or owed to a person as the result of an

22  action filed under subchapter III of Chapter 37 of title 31 or any similar State statute, or for

23  a tax or customs duty with respect to which the debtor made a fraudulent tax return or

24  willfully attempted in any manner to evade or to defeat such tax or such customs duty.

25        Alternatively, pursuant to 11 U.S.C. § 1192, the Court shall grant the Debtor a

26  discharge of all debts (i) provided in 11 U.S.C. § 1141(d)(1)(A), and (ii) allowed under 11

27  U.S.C. § 503 and provided for in the Plan, and shall do so as soon as is practicable after

28  the Debtor completes all payments due within the first 3 years of this Plan or as otherwise

**Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

AMENDED PLAN OF REORGANIZATION
FOR SMALL BUSINESS UNDER CHAPTER
11 DATED SEPTEMBER 16, 2022

provided in 11 U.S.C. § 1192.  The Debtor will not be discharged from any debt (i) on which the last payment is due after the first 3 years of the Plan, or as otherwise provided in § 1192, or (ii) which is excepted from discharge under § 523(a), except as provided in FRBP 4007(c).

## XIII.    GENERAL PROVISIONS

### A.    Definitions and Rules of Construction

The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

### B.    Effective Date

The Effective Date of the Plan will be the first business day that is at least fifteen (15) days after the entry of an order confirming the Plan ("Confirmation Order"), provided there has been no order staying the effectiveness of the Confirmation Order.

### C.    Severability

If any provision of this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

### D.    Binding Effect

The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

### E.    Modification of the Plan

The Debtor may modify the Plan pursuant to 11 U.S.C. § 1193, and as otherwise permitted by the Court or other laws, rules, and regulations.

### F.    Exculpation and Releases

Effective upon the entry of the Confirmation Order, none of the Debtor, its accountant and staff who assisted in preparation of the Plan and related exhibits, the Debtor's professionals employed in this case (Golden Goodrich LLP) (collectively, "Exculpated Parties" and each an "Exculpated Party"), shall have or incur any liability to any person, including any creditor of the Debtor, for any act or omission in connection

**Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

22

AMENDED PLAN OF REORGANIZATION
FOR SMALL BUSINESS UNDER CHAPTER
11 DATED SEPTEMBER 16, 2022

1  with, relating to or arising out of the post-petition formulation, negotiation, implementation,

2  confirmation or consummation of this Plan, or any contract, instrument, release or other

3  agreement or document entered into during the chapter 11 case or otherwise created in

4  connection with this Plan; provided, however, that nothing in this Section shall be

5  construed to release or exculpate any Exculpated Party from willful misconduct or gross

6  negligence.

7      **G.    Captions**

8      The headings contained in this Plan are for convenience of reference only and do

9  not affect the meaning or interpretation of this Plan.

10     **H.    Controlling Effect**

11     Unless a rule of law or procedure is supplied by federal law (including the Code or

12  the Federal Rules of Bankruptcy Procedure), the laws of the State of California will govern

13  this Plan and any agreements, documents, and instruments executed in connection with

14  this Plan, except as otherwise provided in this Plan.

15     **I.    Retention of Jurisdiction**

16     The Court will retain exclusive jurisdiction during the Plan payout period to resolve

17  disputes and conflicts arising from the administration of the Plan, upon request of a party-

18  in-interest and after notice and a hearing, including, without limitation:

19     1.    The adjudication of the validity, scope, classification, allowance, and

20            disallowance of any claim;

21     2.    The estimation of any claim;

22     3.    The allowance or disallowance of professional fee claims, compensation, or

23            other administrative claims;

24     4.    To hear and determine claims concerning taxes pursuant to Bankruptcy

25            Code §§ 346, 505, 525, and 1146;

26     5.    To hear and determine any action or proceeding brought under Bankruptcy

27            Code §§ 108, 510, 543, 544, 545, 547, 548, 549, 550, 551, and 553;

28

**Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

6.    To hear and determine all actions and proceedings which relate to pre-confirmation matters;

7.    To hear and determine any issue relating to the assumption or rejection of executory contracts and unexpired leases;

8.    To hear and determine any modification to the Plan in accordance with the Bankruptcy Rules and the Bankruptcy Code;

9.    To enforce and interpret the terms of the Plan;

10.   To correct any defects, cure any omissions, or reconcile any inconsistency in the Plan or the confirmation order as may be necessary to carry out the purpose and intent of the Plan;

11.   The entry of any order, including injunctions, necessary to enforce title, rights and powers of the Debtor or Reorganized Debtor, and to impose such limitations, restrictions, terms and conditions on such title, rights and powers as the Court may deem necessary including, without limitation, any right of the Debtor or Reorganized Debtor to recover and liquidate assets;

12.   To determine the validity, extent and priority of all liens and security interests against property of the Estate or the Reorganized Debtor;

13.   To hear and resolve any disputes regarding employment applications and professional fees;

14.   To hear and determine such matters and make such orders as are consistent with the Plan as may be necessary to carry out the provisions thereof and to adjudicate any disputes arising under or relating to any order entered by the Court in this Case;

15.   The entry of an order concluding and terminating this Case; and

16.   To resolve any disputes as to whether there has been a default under the Plan.

**Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1     **J.**    **Final Decree**

2         Once the Plan has been consummated, a final decree may be entered upon motion

3    of the Debtor.  The effect of the final decree is to close the bankruptcy case.  After such

4    closure, a party seeking any type of relief relating to a Plan provision can seek such relief

5    in a state court of general jurisdiction.

6    Dated:  September 16, 2022              GOLDEN GOODRICH LLP

7

8                                           By:  */s/ Beth E. Gaschen*
                                                DAVID M. GOODRICH
9                                               BETH E. GASCHEN
                                                Attorneys for Debtor and Debtor-in-
10                                              Possession, Cloud Mountain Inc.

11

12    Dated:  September 16, 2022

13

14                                          By:  _____

15                                               HANBING SHI
                                                Chief Executive Officer, Cloud
16                                              Mountain Inc.

17

18

19

20

21

22

23

24

25

26

27

28

1377435.1                          25          AMENDED PLAN OF REORGANIZATION
                                               FOR SMALL BUSINESS UNDER CHAPTER
                                               11 DATED SEPTEMBER 16, 2022

**Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

# EXHIBIT 1

## Cash Flow Projection(Cloud Mountain)

| CASH RECEIPTS | Q4-2022 | Q1-2023 | Q2-2023 | Q3-2023 | Q4-2023 | 20240101-20241231 | 20250101-20251231 | 20260101-20261231 | 20270101-20271231 |
|---|---|---|---|---|---|---|---|---|---|
| Cash sales | 2,225,410.87 | 2,694,565.51 | 3,103,740.27 | 3,602,733.88 | 3,742,452.09 | 14,091,579.61 | 16,915,883.45 | 20,179,301.68 | 25,688,191.16 |
| Owner contributions | 847,731.28 | | | | | | | | |
| Beggining Cash | 93,380.86 | | | | | | | | |
| TOTAL CASH RECEIPTS | 3,166,523.01 | 2,694,565.51 | 3,103,740.27 | 3,602,733.88 | 3,742,452.09 | 14,091,579.61 | 16,950,000.00 | 20,220,000.00 | 25,688,191.16 |

| CASH PAID OUT | Q4-2022 | Q1-2023 | Q2-2023 | Q3-2023 | Q4-2023 | 20240101-20241231 | 20250101-20251231 | 20260101-20261231 | 20270101-20271231 |
|---|---|---|---|---|---|---|---|---|---|
| Materials and supplies (in COGS) | 724,121.04 | 779,023.38 | 1,108,644.94 | 1,228,498.45 | 1,438,242.08 | 5,285,612.90 | 6,991,540.03 | 8,981,144.86 | 12,289,101.65 |
| Advertising | 59,926.75 | 73,110.64 | 92,387.08 | 109,865.71 | 119,853.51 | 435,467.74 | 576,795.00 | 740,095.41 | 1,015,758.47 |
| Commissions and fees | 67,916.99 | 71,912.10 | 110,864.49 | 119,853.51 | 143,824.21 | 522,561.29 | 692,154.00 | 888,114.49 | 1,218,910.17 |
| Shipping Expenses | 35,956.05 | 39,951.17 | 55,432.25 | 65,919.43 | 71,912.10 | 261,280.65 | 346,077.00 | 444,057.24 | 609,455.08 |
| 3PL Warehouse service fee | 59,951.17 | 64,920.65 | 92,387.08 | 104,871.82 | 119,853.51 | 435,467.74 | 576,795.00 | 740,095.41 | 1,015,758.47 |
| Business trip | 4,993.90 | 4,993.90 | 4,993.90 | 4,993.90 | 4,993.90 | 39,951.17 | 59,926.75 | 79,902.34 | 99,877.92 |
| Platform operation | 90,000.00 | 90,000.00 | 90,000.00 | 90,000.00 | 90,000.00 | 360,000.00 | 360,000.00 | 360,000.00 | 360,000.00 |
| Wages plus payroll taxes | 15,000.00 | 15,000.00 | 30,000.00 | 30,000.00 | 30,000.00 | 120,000.00 | 120,000.00 | 120,000.00 | 120,000.00 |
| Rent LBA | 877,777.02 | 877777.02 | 877,777.02 | 896,449.26 | 905,785.38 | 3,671,689.37 | 3,790,146.11 | 3,913,341.11 | 3,986,854.20 |
| Contract labor | 168,480.00 | 180,480.00 | 200,160.00 | 200,160.00 | 235,200.00 | 940,800.00 | 940,800.00 | 940,800.00 | 940,800.00 |
| Rent: equipment,maintenance | 29,735.42 | 36,980.56 | 36,980.56 | 36,980.56 | 36,980.56 | 147,922.24 | 147,922.24 | 147,922.24 | 147,922.24 |
| Supplies (not in COGS)COST OF GOODS | 29,963.38 | 35,956.05 | 35,956.05 | 35,956.05 | 35,956.05 | 149,816.88 | 149,816.88 | 149,816.88 | 149,816.88 |
| Office expense | 2,397.07 | 2,397.07 | 2,397.07 | 2,397.07 | 2,397.07 | 9,588.28 | 9,588.28 | 9,588.28 | 9,588.28 |
| System maintenance | 30,559.02 | 30,559.02 | 20,372.67 | 10,186.34 | 10,186.34 | 40,745.35 | 40,745.35 | 40,745.35 | 40,745.35 |
| Warehouse management | 30,000.00 | 30,000.00 | 30,000.00 | 3,000.00 | 30,000.00 | 120,000.00 | 120,000.00 | 120,000.00 | 120,000.00 |
| Insurance(warehouse/platforms) | 5,992.68 | 5,992.68 | 5,992.68 | 5,992.68 | 5,992.68 | 23,970.70 | 23,970.70 | 23,970.70 | 23,970.70 |
| Network& 800 telephone | 2,607.72 | 2,607.72 | 2,607.72 | 2,607.72 | 2,607.72 | 10,430.89 | 10,430.89 | 10,430.89 | 10,430.89 |
| Taxes and licenses | 14,981.69 | 14,981.69 | 14,981.69 | 14,981.69 | 14,981.69 | 79,902.34 | 99,877.92 | 119,853.51 | 119,853.51 |
| Employee benefit programs | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 24,000.00 | 36,000.00 | 50,000.00 | 50,000.00 |
| Utilities | 2,506.79 | 2,506.79 | 2,506.79 | 2,506.79 | 2,506.79 | 10,027.16 | 10,027.16 | 10,027.16 | 10,027.16 |
| Corporate lawyer | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 6,000.00 | 6,000.00 | 6,000.00 | 6,000.00 |
| Accounting firm | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 12,000.00 | 12,000.00 | 12,000.00 | 12,000.00 |
| Bank charges | 2,444.72 | 2,444.72 | 2,444.72 | 2,444.72 | 2,444.72 | 12,223.60 | 12,223.60 | 12,223.60 | 12,223.60 |
| Unpredictable | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 24,000.00 | 24,000.00 | 24,000.00 | 24,000.00 |
| SUBTOTAL | 2,265,811.41 | 2,372,095.16 | 2,827,386.71 | 2,978,165.70 | 3,314,218.31 | 12,743,458.30 | 15,156,836.91 | 17,944,129.47 | 22,393,094.57 |
| **Cash on hand** | 900711.6 | 322470.3459 | 276353.558 | 624568.18 | 428233.7815 | 1348121.309 | 1793163.09 | 2275870.53 | 3295096.586 |

**PLAN PAYMENTS**

EXHIBIT 1     PAGE 26

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Trustee Fees /35000 | | 35,000.00 | | | | | | |
| Golden Goodrich/150000 | | 150,000.00 | | | | | | |
| SCIE, Inc./27023.04 | | 1,351.15 | 1,351.15 | 1,351.15 | 1,351.15 | 5,404.61 | 5,404.61 | 5,404.61 | 5,404.61 |
| IRS 1 /84866.13*1.05=89109.44 | | 4,455.47 | 4,455.47 | 4,455.47 | 4,455.47 | 17,821.89 | 17,821.89 | 17,821.89 | 17,821.89 |
| IRS 2 /13004.17 | | 650.21 | 650.21 | 650.21 | 650.21 | 2,600.83 | 2,600.83 | 2,600.83 | 2,600.83 |
| Meta Global Trade Inc./135000 | | 6,750.00 | 6,750.00 | 6,750.00 | 6,750.00 | 27,000.00 | 27,000.00 | 27,000.00 | 27,000.00 |
| Franchise Tax Board ("FTB")/1185.27 | | 1,185.27 | | | | | | | |
| Franchise Tax Board 2 ("FTB") 834.09 | | 41.70 | 41.70 | 41.70 | 41.70 | 166.82 | 166.82 | 166.82 | 166.82 |
| Metropolitan Warehouse & Delivery/57531.42 | | 2,876.57 | 2,876.57 | 2,876.57 | 2,876.57 | 11,506.28 | 11,506.28 | 11,506.28 | 11,506.28 |
| Farivar Law Firm, APC/10353.26 | | 517.66 | 517.66 | 517.66 | 517.66 | 2,070.65 | 2,070.65 | 2,070.65 | 2,070.65 |
| ADP Express LLC/117458.88 | | 5,872.94 | 5,872.94 | 5,872.94 | 5,872.94 | 23,491.78 | 23,491.78 | 23,491.78 | 23,491.78 |
| 500 Warner Avenue, LLC | 847,731.28 | | | | | | | | |
| KlearNow Corporation/24585.6 | | 1,229.28 | 1,229.28 | 1,229.28 | 1,229.28 | 4,917.12 | 4,917.12 | 4,917.12 | 4,917.12 |
| Ameri-Hua, Inc./40000 | | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 8,000.00 | 8,000.00 | 8,000.00 | 8000 |
| ART Outdoor Limited/260000 | | 13,000.00 | 13,000.00 | 13,000.00 | 13,000.00 | 52,000.00 | 52,000.00 | 52,000.00 | 52000 |
| C.H. Robinson /11853.7 | | 592.69 | 592.69 | 592.69 | 592.69 | 2,370.74 | 2,370.74 | 2,370.74 | 2370.74 |
| China U. Technology /10000 | | 500.00 | 500.00 | 500.00 | 500.00 | 2,000.00 | 2,000.00 | 2,000.00 | 2000 |
| Circlelink Group LLC /70000 | | 3,500.00 | 3,500.00 | 3,500.00 | 3,500.00 | 14,000.00 | 14,000.00 | 14,000.00 | 14000 |
| Cope Services Incorporated /600000 | | 30,000.00 | 30,000.00 | 30,000.00 | 30,000.00 | 120,000.00 | 120,000.00 | 120,000.00 | 120000 |
| Durkee /28000 | | 1,400.00 | 1,400.00 | 1,400.00 | 1,400.00 | 5,600.00 | 5,600.00 | 5,600.00 | 5600 |
| Eng Law /9454.5 | | 472.73 | 472.73 | 472.73 | 472.73 | 1,890.90 | 1,890.90 | 1,890.90 | 1890.9 |
| Hangzhou Keynice Leisure | | 4,500.00 | 4,500.00 | 4,500.00 | 4,500.00 | 18,000.00 | 18,000.00 | 18,000.00 | 18000 |
| KlearNow Corporation /80000 | | 4,000.00 | 4,000.00 | 4,000.00 | 4,000.00 | 16,000.00 | 16,000.00 | 16,000.00 | 16000 |
| Lifestyle Garden Co., Limited /18000 | | 900.00 | 900.00 | 900.00 | 900.00 | 3,600.00 | 3,600.00 | 3,600.00 | 3600 |
| Ningbo Rowan /120000 | | 6,000.00 | 6,000.00 | 6,000.00 | 6,000.00 | 24,000.00 | 24,000.00 | 24,000.00 | 24000 |
| Quartz Logistics Inc. /156000 | | 7,800.00 | 7,800.00 | 7,800.00 | 7,800.00 | 31,200.00 | 31,200.00 | 31,200.00 | 31200 |
| Richard Varriale /3000 | | 150.00 | 150.00 | 150.00 | 150.00 | 600.00 | 600.00 | 600.00 | 600 |
| Rowan Electric Appliance /20000 | | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 4,000.00 | 4,000.00 | 4,000.00 | 4000 |
| S&Y Digital Solutions Inc. 12000 | | 600.00 | 600.00 | 600.00 | 600.00 | 2,400.00 | 2,400.00 | 2,400.00 | 2400 |
| SCIF /17687.61 | | 884.38 | 884.38 | 884.38 | 884.38 | 3,537.52 | 3,537.52 | 3,537.52 | 3537.52 |
| Shandong Taipeng Intelligent Co. | | 29,500.00 | 29,500.00 | 29,500.00 | 29,500.00 | 118,000.00 | 118,000.00 | 118,000.00 | 118000 |
| UPS CM /1751.23 | | 87.56 | 87.56 | 87.56 | 87.56 | 350.25 | 350.25 | 350.25 | 350.25 |
| UPS Yinghe /8000 | | 400.00 | 400.00 | 400.00 | 400.00 | 1,600.00 | 1,600.00 | 1,600.00 | 1600 |
| X-United Trucking /20000 | | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 4,000.00 | 4,000.00 | 4,000.00 | 4000 |
| Zage /3000 | | 150.00 | 150.00 | 150.00 | 150.00 | 600.00 | 600.00 | 600.00 | 600 |
| Zhejjian Linya Co., Ltd. /5000 | | 250.00 | 250.00 | 250.00 | 250.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1000 |
| **Total/ 3682563.49** | 847,731.28 | 318,617.61 | 132,432.34 | 132,432.34 | 132,432.34 | 529,729.39 | 529,729.39 | 529,729.39 | 529,729.39 |
| **Net Cash Flows** | 52,980.32 | 3,852.73 | 143,921.21 | 492,135.84 | 295,801.44 | 818,391.92 | 1,263,433.70 | 1,746,141.14 | 2,765,367.20 |

EXHIBIT 1    PAGE 27

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**650 Town Center Drive, Suite 600, Costa Mesa, California 92626**

A true and correct copy of the foregoing document entitled (*specify*):   **PLAN OF REORGANIZATION FOR SMALL BUSINESS UNDER CHAPTER 11** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**1.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.  On (*date*) **September 16, 2022**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.   SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows.  Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.   SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served)**:** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 16, 2022 | Gloria Estrada | *Gloria Estrada* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

**I. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>:**

- **Fahim Farivar**     fahim@farivarlaw.com, catherine@farivarlaw.com;lisa@farivarlaw.com
- **Beth Gaschen**     bgaschen@go2.law,
  kadele@wgllp.com;cbmeeker@gmail.com;cyoshonis@wgllp.com;lbracken@wgllp.com;bga
  schen@ecf.courtdrive.com;gestrada@wgllp.com
- **David M Goodrich**     dgoodrich@go2.law,
  kadele@wgllp.com;lbracken@wgllp.com;wggllp@ecf.courtdrive.com;gestrada@wgllp.com
- **Michael S Greger**     mgreger@allenmatkins.com, kpreston@allenmatkins.com
- **Queenie K Ng**     queenie.k.ng@usdoj.gov
- **Mark M Sharf (TR)**     mark@sharflaw.com, C188@ecfcbis.com;sharf1000@gmail.com
- **United States Trustee (SA)**     ustpregion16.sa.ecf@usdoj.gov