David M. Goodrich, State Bar No. 208675
dgoodrich@go2.law
Beth E. Gaschen, State Bar No. 245894
bgaschen@go2.law
**GOLDEN GOODRICH LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Telephone    714-966-1000
Facsimile     714-966-1002

Attorneys for Debtor and Debtor-in-Possession
Cloud Mountain Inc.

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| In re | Case No. 8:22-bk-10442-TA |
|---|---|
| CLOUD MOUNTAIN INC,, | Chapter 11, Subchapter V |
| Debtor and Debtor-in-Possession. | **AMENDED PLAN OF REORGANIZATION FOR SMALL BUSINESS UNDER CHAPTER 11 DATED** ~~SEPTEMBER 16~~**DECEMBER 1, 2022** |
| | **Confirmation Hearing:** **DATE:** _____, 202~~2~~3 **TIME:** _____ a.m./p.m. **CTRM:  5B** |

**Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

# **TABLE OF CONTENTS**

**Page**

I.    GENERAL DISCLAIMER ........................................................................2

II.    BACKGROUND FOR CASES FILED UNDER SUBCHAPTER V ..........................2

    A.    Description and History of the Debtor's Business.................................2

    B.    Factors that Led to Filing of the Bankruptcy Case ......................................3

    C.    Actions Taken to Solve Financial Problems .................................................4

    D.    Future Financial Outlook ...........................................................................4

III.    DEFINITIONS AND PRELIMINARY INFORMATION.........................................4

    A.    Claims and Interests.................................................................................4

    B.    Allowed, Disallowed, and Disputed Claims and Interests .........................4

    C.    Potential § 1111(b) Elections.....................................................................7

IV.    VOTING BY BALLOT...............................................................................7

    A.    Who May Vote or Object ...........................................................................7

        1.    Who May Object to Confirmation of the Plan.................................7

        2.    Who May Vote to Accept/Reject the Plan .........................................7

        3.    Who Can Vote in More than One Class .........................................8

        4.    Votes Necessary to Confirm the Plan ............................................8

V.    FILING AN OBJECTION TO CONFIRMATION OF THE PLAN ............................8

VI.    PLAN OF REORGANIZATION...................................................................9

    A.    Treatment of Unclassified Claims...............................................................9

        1.    Administrative Expenses ................................................................9

            a.    Professional Fee Claims .....................................................11

        2.    Priority Tax Claims.........................................................................11

    B.    Classified Claims.....................................................................................13

        1.    Summary of Classes.......................................................................13

        2.    Class of Priority Claims...................................................................13

        3.    Class of General Unsecured Claims...............................................13

**Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

**TABLE OF CONTENTS (cont.)**

**Page**

    4.    Interest Holders ....................................................................14

VII.   MEANS OF EFFECTUATING THE PLAN ...........................................14

    A.    Funding the Plan .......................................................................14

    B.    Disbursing Agent .......................................................................15

    C.    Corporate Governance ..............................................................15

    D.    Unclaimed or Undeliverable Plan Distributions...........................15

    E.    Changes in Rates Subject to Regulatory Commission Approval ...............15

    F.    Preservation of Causes of Action and Avoidance Actions ........................15

VIII.  PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED
LEASES .................................................................................................17

IX.    LIQUIDATION ANALYSIS......................................................................18

X.     TAX CONSEQUENCES OF THE PLAN ...............................................19

XI.    EXPLANATION OF RISK FACTORS AND POTENTIAL
FLUCTUATIONS WHEN IMPLEMENTING THE PLAN .......................20

XII.   EFFECT OF CONFIRMATION OF THE PLAN .....................................21

    A.    General Comments ....................................................................21

    B.    Discharge of Liability for Payments of Debts .............................21

XIII.  GENERAL PROVISIONS........................................................................22

    A.    Definitions and Rules of Construction .......................................22

    B.    Effective Date ............................................................................22

    C.    Severability ................................................................................22

    D.    Binding Effect ............................................................................22

    E.    Modification of the Plan .............................................................22

    F.    Exculpation and Releases ..........................................................22

    G.    Captions .....................................................................................23

    H.    Controlling Effect .......................................................................23

    I.     Retention of Jurisdiction ............................................................23

**Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

## TABLE OF CONTENTS (cont.)

**Page**

J.    Final Decree ................................................................................................25

**Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

iii

# TABLE OF AUTHORITIES

**Page(s)**

## Statutes

11 U.S.C. § 101(10) ........................................................................................................ 4

11 U.S.C. § 101(12) ........................................................................................................ 4

11 U.S.C. § 101(16) ........................................................................................................ 4

11 U.S.C. § 101(5) .......................................................................................................... 4

11 U.S.C. § 101(7) .......................................................................................................... 4

11 U.S.C. § 102(2) .......................................................................................................... 4

11 U.S.C. § 107(17) ........................................................................................................ 4

11 U.S.C. § 108 ............................................................................................................. 23

11 U.S.C. § 346 ............................................................................................................. 23

11 U.S.C. § 362(a) ........................................................................................................ 21

11 U.S.C. § 362(c)(1) .................................................................................................... 21

11 U.S.C. § 503 ............................................................................................................. 21

11 U.S.C. § 505 ............................................................................................................. 23

11 U.S.C. § 506(b) ........................................................................................................ 10

11 U.S.C. § 507(a) ........................................................................................................ 13

11 U.S.C. § 507(a)(2) ...................................................................................................... 9

11 U.S.C. § 507(a)(3) .................................................................................................... 13

11 U.S.C. § 507(a)(4) .................................................................................................... 13

11 U.S.C. § 507(a)(5) .................................................................................................... 13

11 U.S.C. § 507(a)(6) .................................................................................................... 13

11 U.S.C. § 507(a)(7) .................................................................................................... 13

11 U.S.C. § 507(a)(8) .................................................................................................... 11

11 U.S.C. § 510 ............................................................................................................. 23

11 U.S.C. § 511 ............................................................................................................. 10

11 U.S.C. § 525 ............................................................................................................. 23

# **TABLE OF AUTHORITIES (cont.)**

**Page(s)**

11 U.S.C. § 543 ................................................................................................ 23

11 U.S.C. § 545 ................................................................................................ 23

11 U.S.C. § 547 ................................................................................................ 23

11 U.S.C. § 548 ................................................................................................ 23

11 U.S.C. § 549 ................................................................................................ 23

11 U.S.C. § 551 ................................................................................................ 23

11 U.S.C. § 1111(b) ............................................................................................ 7

11 U.S.C. § 1141(d)(1)(A) ................................................................................ 21

11 U.S.C. § 1141(d)(6) ..................................................................................... 21

11 U.S.C. § 1146 .............................................................................................. 23

11 U.S.C. § 1189 ................................................................................................ 1

11 U.S.C. § 1190(1)(C) .................................................................................... 14

11 U.S.C. § 1191(a) .......................................................................................... 21

11 U.S.C. § 1191(b) ............................................................................................ 8

11 U.S.C. § 1191(c) .......................................................................................... 14

11 U.S.C. § 1192 ......................................................................................... 21, 22

**Rules**

Fed. R. Bankr. P. 4007(c) ................................................................................ 22

11 U.S.C. § 1193 .............................................................................................. 22

Federal Rule of Bankruptcy Procedure 9019 .................................................... 5

1  **TO THE HONORABLE THEODOR C. ALBERT, UNITED STATES BANKRUPTCY**

2  **JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, THE SUBCHAPTER V**

3  **TRUSTEE, AND ALL OTHER INTERESTED PARTIES:**

4      Cloud Mountain Inc., the debtor and debtor-in-possession ("Debtor") in the above-

5  captioned Chapter 11, Subchapter V case ("Case"), filed a voluntary bankruptcy petition

6  under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code" or "Code") on

7  March 17, 2022 ("Petition Date").  The Debtor submits this Amended Plan of

8  Reorganization for Small Business Under Chapter 11 Dated ~~September~~ December 16,

9  2022 (the "Plan") pursuant to 11 U.S.C. § 1189.

10      Chapter 11 allows debtors to propose a plan.  A plan may provide for a debtor to

11  reorganize by continuing to operate, to liquidate by selling assets of the bankruptcy estate

12  ("Estate"), or a combination of both.  The Debtor is the proponent of this Plan.

13      This Plan is a reorganizing plan.  As described in detail below, all allowed claims

14  will be paid from cash on hand as of the Effective Date (defined below) and revenues

15  generated by the Debtor's ongoing business.  Allowed administrative claims will be paid in

16  full on the Effective Date (defined below).  Allowed priority tax claims will be paid in full

17  over five (5) years from the Petition Date, plus applicable interest.  Payments will be made

18  to allowed priority tax claims quarterly beginning the first full quarter after the Effective

19  Date.  Allowed general unsecured claims will be paid in full over five (5) years.  Payments

20  will be made to allowed general unsecured claims quarterly beginning the first full quarter

21  after the Effective Date.  To the extent that a claim is disputed, the claim will not be paid

22  unless and until a final non-appealable order is entered allowing the claim.  All creditors

23  should refer to Articles VI-VIII of this Plan for the precise treatment of their claims.

24      The Debtor believes that this Plan will enable the Debtor to preserve its business

25  as a going concern while repaying its creditors and accomplish the objectives of Chapter

26  11.  Additionally, the Debtor believes the Plan presents the most advantageous outcome

27  for all the Debtor's creditors and, therefore, confirmation of the Plan is in the best interests

28  of the Estate.  The Debtor recommends that creditors vote to accept the Plan.

**Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1    **The Court has not yet confirmed the Plan, which means the terms of the Plan**

2    **are not now binding on anyone**; however, if the Plan is confirmed, the terms will bind

3    the Debtor and any holders of claims or interests treated by the Plan, whether or not they

4    file a proof of claim, accept the Plan, object to confirmation, or have their claims allowed.

5    **Your rights may be affected.  You should read these papers carefully and discuss**

6    **them with your attorney, if you have one.  If you do not have an attorney, you may**

7    **wish to consult one.**

8    Any interested party desiring further information should contact the attorney for the

9    Debtor, whose contact information is identified in the box at the top left of the first page of

10    the Plan.

11   **I.    GENERAL DISCLAIMER**

12    PLEASE READ THIS DOCUMENT CAREFULLY.  IT EXPLAINS WHO IS

13   ENTITLED TO (A) VOTE TO ACCEPT OR REJECT THE PLAN, AND (B) FILE AN

14   OBJECTION TO CONFIRMATION OF THE PLAN.  IT ALSO IDENTIFIES THE

15   TREATMENT THAT CREDITORS AND INTEREST HOLDERS (EQUITY SECURITY

16   INTERESTS OR OTHER OWNERSHIP INTERESTS) CAN EXPECT TO RECEIVE

17   UNDER THE PLAN, IF THE PLAN IS CONFIRMED BY THE COURT.

18    The financial data relied upon in formulating the Plan is based on the financial

19   records of the Debtor, projections created by the Debtor's financial professionals, or

20   information provided by other parties in interest.  The professionals employed by the

21   Debtor drafted the Plan based on this information and have no independent knowledge

22   regarding the accuracy of the data.  The Court has not yet determined whether or not the

23   Plan is confirmable and makes no recommendation as to whether or not you should

24   support or oppose the Plan.

25   **II.    BACKGROUND FOR CASES FILED UNDER SUBCHAPTER V**

26    **A.    Description and History of the Debtor's Business**

27    The Debtor was formed in 2016 and is owned 100% by its Chief Executive Officer,

28   Hanbing Shi.  The Debtor is a wholesaler that specializes in indoor and outdoor furniture

**Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1   and outdoor shades ("Business").  The Business sells furniture directly through its own

2   website and through multiple retail outlets such as Wayfair, Overstock, Home Shopping

3   Network, and through overseas foreign outlets.  The Debtor also provided third-party

4   logistics ("3PL") for several clients where it stored and shipped product for these parties

5   for a fee as well as charged for the space in the Debtor's warehouse occupied by the 3PL

6   customer's product.

7        On March 17, 2022 ("Petition Date"), the Debtor filed a voluntary petition for relief

8   under Chapter 11, Subchapter V of the Bankruptcy Code in the United States Bankruptcy

9   Court for the Central District of California ("Court").  The Debtor continues to operate and

10  manage its affairs as debtor and debtor-in-possession pursuant to section 1184 of the

11  Bankruptcy Code.  On March 17, 2022, Mark M. Sharf was appointed as the Subchapter

12  V Trustee ("Trustee").  No committee has been designated in the Case.

13       **B.    Factors that Led to Filing of the Bankruptcy Case**

14       The Debtor began to suffer financial issues with the complications caused by the

15  COVID-19 pandemic.  As with many companies, there was an instability in the Debtor's

16  supply chain with massive increases in the costs of shipping containers from Asia to the

17  United States as well as the increase in trucking rates.  These added costs could not be

18  absorbed by the company, or its vendors, and the Debtor could not increase its rates as it

19  would jeopardize its sales.  Moreover, retailers ceased providing purchase orders for lump

20  sum orders, but instead transitioned to a dropship model whereby the Debtor received

21  orders from its customers as they received it from their customers.

22       The Debtor also encountered problems with receiving funds from its overseas

23  customers in China.  Due to regulations, any payments from China to the United States

24  were delayed as the Chinese government ~~and~~ as banking institutions verified

25  transactions. This caused up to a two (2) week lag in the money transactions being

26  approved.

27       As the Debtor was dealing with these economic issues, it fell behind on its rent.  On

28  January 21, 2022, 500 Warner Avenue, LLC ("Prior Landlord"), the Debtor's landlord, filed

Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

AMENDED PLAN OF REORGANIZATION
FOR SMALL BUSINESS UNDER CHAPTER
11 DATED ~~SEPTEMBER~~ DECEMBER 1~~6~~,

1  a complaint against the Debtor for unlawful detainer, commencing case no. 30-2022-

2  01241850-CU-UD-CJC (the "Unlawful Detainer Action").

3       The Debtor also found that it was having problems with its former operations

4  manager and warehouse manager, both of whom have now been replaced.

5       **C.    Actions Taken to Solve Financial Problems**

6       Since the filing, the Debtor has continued to focus on its sales.  The Debtor has

7  replaced employees with others that have more experience and are assisting in correcting

8  any issues caused by former employees.  The Debtor has not suffered any losses as it did

9  pre-petition in dealings with companies it no longer associates with.

10      **D.    Future Financial Outlook**

11      The Debtor has been performing well during the course of this Case and will be

12 able to pay all creditors in full through the Debtor's cash on hand and revenues generated

13 from the Business.

14 **III.    DEFINITIONS AND PRELIMINARY INFORMATION**

15      **A.    Claims and Interests**

16      1.    Claims [§§ 101(5),  (7), and  (12); § 102(2)]; Interests [§ 101(16)].  "Claims"

17 refers to all debts and other obligations of the Debtor or against property of the Debtor.

18 Claims treated under the Plan are included whether the claim arose before or after the

19 bankruptcy case was filed, and whether or not a claim or obligation involves a cash

20 payment.  "Interests" refer to equity securities and any other ownership stakes in the

21 Debtor.

22      2.    Creditors [§ 101(10)]; Interest Holders [§ 107(17)].  A "creditor" refers to the

23 holder of any claim treated under the Plan even if the creditor did not file a proof of claim.

24 An "interest holder" refers to a holder of an interest treated under the Plan, even if the

25 interest holder did not file a proof of interest.

26      **B.    Allowed, Disallowed, and Disputed Claims and Interests**

27      1.    Allowed Claims.  A claim or interest is allowed if it is timely and properly

28 scheduled or filed, and (a) was not objected to; or (b) was objected to or was settled by

**Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

AMENDED PLAN OF REORGANIZATION
FOR SMALL BUSINESS UNDER CHAPTER
11 DATED ~~SEPTEMBER~~ DECEMBER 1~~6~~,

1   the parties or otherwise determined by a court order.  Allowed claims and interests are

2   treated under the Plan.

3       2.    Disallowed Claims and Interests.  A claim or interest is disallowed if it was

4   timely objected to by the Debtor and the court made a ruling that the claim or interest is

5   disallowed in part or entirety.  Disallowed claims are not treated under the Plan.

6       3.    Disputed Claims and Interests.  A claim or interest is disputed if a ruling on

7   allowance has not been made and (a) a proof of claim or interest has not been filed or

8   deemed filed and the Debtor or a party in interest has filed an objection; or (b) a proof of

9   claim or interest has not been filed and the Debtor scheduled such claim or interest as

10  disputed, contingent, unliquidated or unknown.

11      4.    Delayed Distribution on Disputed Claims and Interests.  Settlement.  No

12  distribution will be made on account of a disputed claim unless such claim is allowed by a

13  final non-appealable order.  The Debtor will have the power and authority to settle and

14  compromise a disputed claim with Court approval and compliance with Bankruptcy Rule

15  9019 unless the amount allowed by the compromise does not exceed $5,000, in which

16  case no Court approval is necessary.

17      5.    Claims Bar Date.  THE BAR DATE FOR FILING A PROOF OF CLAIM IN

18  THIS CASE BY CLAIMANTS WHOSE CLAIMS WERE NOT SCHEDULED OR WERE

19  SCHEDULED AS UNKNOWN, DISPUTED, CONTINGENT OR UNLIQUIDATED WAS

20  MAY 26, 2022 (AS TO CREDITORS OTHER THAN GOVERNMENTAL UNITS) AND

21  WAS SEPTEMBER 13, 2022 (AS TO GOVERNMENTAL UNITS).

22      The following chart lists all of the claims that have been filed to date:

| Claim # | Date Filed | Claimant | Amount |
|---------|-----------|----------|--------|
| 1 | 3/29/2022 | SCIE, Inc. | $27,023.04 (GUC) |
| 2-32 | 711/1821/2022 | Department of Treasury – Internal Revenue Service ("IRS") | $84,866.1342,827.17 (Priority)[1] |

[1] A portion of the priority claim is estimated for 2021 taxes where the tax return has not been filed. The Debtor believes the amount shown as being owed for 2021 will be less than estimated in the proof of claim.

Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

5

AMENDED PLAN OF REORGANIZATION
FOR SMALL BUSINESS UNDER CHAPTER
11 DATED SEPTEMBER DECEMBER 16,

| Claim # | Date Filed | Claimant | Amount |
|---|---|---|---|
| | | | $13,~~004~~015.~~17~~04 (GUC)[2] |
| 3 | 4/1/2022 | Uline | $723.57 (GUC)[3] |
| 4 | 4/21/2022 | Meta Global Trade Inc. | $135,000.00[4] (Priority) |
| 5 | 4/26/2022 | Franchise Tax Board ("FTB") | $1,185.27 (Priority) $834.09 (GUC) |
| 6 | 5/24/2022 | Metropolitan Warehouse & Delivery | $57,531.42 (GUC) |
| 7 | 5/24/2022 | Farivar Law Firm, APC | $10,353.26 (GUC) |
| 8 | 5/26/2022 | ADP Express LLC | $117,458.88 (GUC) |
| 9 | 5/26/2022 | 500 Warner Avenue, LLC | $847,731.28 (GUC) |

The Debtor also included within its Schedule F the following creditors, which it did not mark as disputed, unliquidated, or contingent:

| Claimant | Amount |
|---|---|
| Ameri-Hua, Inc. | $40,000.00 |
| ART Outdoor Limited | $260,000.00 |
| C.H. Robinson | $11,853.70 |
| China U. Technology | $10,000.00 |
| Circlelink Group LLC | $70,000.00 |
| Cope Services Incorporated | $600,000.00 |
| Durkee | $28,000.00 |
| Eng Law | $9,454.50 |
| Hangzhou Keynice Leisure Products | $90,000.00 |
| KlearNow Corporation | $80,000.00 |
| Lifestyle Garden Co., Limited | $18,000.00 |
| Ningbo Rowan Electric | $120,000.00 |
| Quartz Logistics Inc. | $156,000.00 |
| Richard Varriale | $3,000.00 |
| Rowan Electric Appliance | $20,000.00 |
| S&Y Digital Solutions Inc. | $12,000.00 |
| SCIF | $17,687.61 |
| Shandong Taipeng Intelligent Co. | $590,000.00 |
| UPS CM | $1,751.23 |
| UPS Yinghe | $8,000.00 |
| X-United Trucking | $20,000.00 |
| Zage | $3,000.00 |
| Zhejjian Linya Co., Ltd. | $5,000.00 |

[2] The Debtor scheduled the IRS in the amount of $53,539.28.

[3] This claim was withdrawn on September 2, 2022.

[4] The Debtor may object to Claim No. 4. The basis of the claim is a deposit provided to the Debtor by claimant for $135,000. Under the terms of the contract, the return of the deposit is set to occur in June and would not create a liability unless the Debtor failed to return the deposit. In addition, the claim marks itself as a priority claim pursuant to 11 U.S.C. § 507(a)(7) for the full amount of the claim. The claim is not entitled to such priority, even in the statutory amount of $3,350.00.

Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

AMENDED PLAN OF REORGANIZATION FOR SMALL BUSINESS UNDER CHAPTER 11 DATED ~~SEPTEMBER~~ DECEMBER 16,

6.    <u>Standing and Claim Objection Deadline</u>.  The Debtor or any other party in interest shall have up until 180 days after the Effective Date to file objection to claims. Any party may obtain an extension of this date by filing a motion in the Court, based upon a showing of "cause."

**C.    Potential § 1111(b) Elections**

The Court has not set a deadline for making an election under § 1111(b).

**IV.    VOTING BY BALLOT: FILING OBJECTION TO CONFIRMATION OF THE PLAN**

**A.    Who May Vote or Object**

**1.    Who May Object to Confirmation of the Plan**

Any party in interest may object to the confirmation of the Plan, but as explained below, not everyone is entitled to vote to accept or reject the Plan.  Objecting to confirmation means a party files and serves a document that contains legal and factual assertions as to whether the Debtor satisfied its requirements for the Court to confirm the Plan.  The deadline to file an objection to confirmation of the Plan is _____, 202~~3~~2.

**2.    Who May Vote to Accept/Reject the Plan**

A creditor has a right to vote for or against the Plan if that creditor has a claim that: (a) either is an allowed claim or is allowed for voting purposes; (b) is classified in an impaired class; and (c) is entitled to receive or retain some property on account of its claim.  The deadline to submit ballots is _____, 202~~3~~2.

As noted above, a creditor must first have an allowed claim to have the right to vote.  Generally, any proof of claim will be allowed, unless a party in interest files an objection to that claim.  When an objection to a claim is filed, the holder of the claim cannot vote unless and until the Court, after notice and a hearing, either overrules the objection or allows the claim for voting purposes.  Any person who seeks temporary allowance of its claim for the purpose of voting on the plan must promptly take steps to file an appropriate motion requesting the same and arrange an appropriate hearing with the Court.

**Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

AMENDED PLAN OF REORGANIZATION
FOR SMALL BUSINESS UNDER CHAPTER
11 DATED ~~SEPTEMBER~~ DECEMBER 1~~6~~,

1    A class is impaired if the Plan alters the legal, equitable, or contractual rights of the

2    members of that class.  For example, a class comprised of general unsecured creditors is

3    impaired if the Plan fails to pay the members of that class 100% of what they are owed or

4    otherwise impairs the legal rights of the holders of the claims.

5    In this case, the Debtor believes that classes 1 and 2 are impaired and holders of

6    claims in these classes are therefore entitled to vote to accept or reject the Plan, unless

7    otherwise specified below.  The Debtor believes that class 3 is unimpaired under the Plan.

8    Any creditor or interest holder that disputes the Debtor's characterization of its claim or

9    interest as unimpaired and wants to vote may request a finding of impairment from the

10    Court in order to obtain the right to vote.

11    **3.    Who Can Vote in More than One Class**

12    A creditor whose claim has been allowed in part as a secured claim and in part as

13    a general unsecured claim is entitled to accept or reject the Plan in both capacities by

14    casting one ballot for the secured portion of the claim and another ballot for the unsecured

15    portion of the claim.

16    **4.    Votes Necessary to Confirm the Plan**

17    The Plan can be confirmed if (i) it is accepted by each impaired class because a

18    majority in number and at least two-thirds in dollar amount of the claimants in that class

19    who timely voted to accept the Plan; or (ii) it is not accepted by certain impaired class(es),

20    but the court determines the Plan does not discriminate unfairly and is "fair and equitable"

21    [as defined by § 1191(b)] to all rejecting classes of creditors, and it meets all other criteria

22    required for confirmation.

23    **V.    FILING AN OBJECTION TO CONFIRMATION OF THE PLAN**

24    A.    <u>Who May Object</u>.  Any creditor, interest holder or other party may object to

25    confirmation of the Plan.

26    B.    <u>Effect of Objection</u>.  The court will consider all objections that are timely and

27    properly filed and served.  If the objection has merit, it may result in the court denying the

28

**Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

AMENDED PLAN OF REORGANIZATION
FOR SMALL BUSINESS UNDER CHAPTER
11 DATED ~~SEPTEMBER~~ DECEMBER 1 6 ,

1    Debtor's request to confirm the Plan.  The deadline to file an objection to the confirmation

2    of the Plan is _____, ~~2022~~2023.

3

4    **VI.    PLAN OF REORGANIZATION**

5        As required by the Bankruptcy Code, the Plan classifies claims in various classes

6    according to their right to priority.  The Plan states whether each class of claims is

7    impaired or unimpaired.  The Plan provides the treatment each class will receive.  In no

8    event shall any creditor receive more than the creditor's allowed claim, plus interest, to the

9    extent provided herein.

10       Unless otherwise expressly stated in the Plan, the treatment of allowed claims

11   under the Plan supersedes any agreements or rights the holders of those claims may

12   have in or against the Debtor or its assets and is in full satisfaction of the legal, equitable,

13   and contractual rights of the holders of the claims.

14       Unless the Plan provides otherwise, no distributions will be made and no rights

15   retained on account of any claim that has not become an allowed claim.

16       **A.    Treatment of Unclassified Claims**

17       Certain types of claims are not placed into voting classes but are instead

18   unclassified.  They are not considered impaired and they do not vote on the Plan because

19   they are automatically entitled to certain treatment under the Bankruptcy Code.

20   Accordingly, the following claims have not been placed into classes:

21       **1.    Administrative Expenses**

22       Administrative claims are claims for costs or expenses of administering the

23   Debtor's case which are allowed under § 507(a)(2) of the Bankruptcy Code.

24       The following chart lists all of the Debtor's § 507(a)(2) unpaid administrative claims

25   and their treatment under the Plan:

26

27

28

Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

~~4895-1631-8529~~~~4895-1631-8529~~1377283.1

9

AMENDED PLAN OF REORGANIZATION
FOR SMALL BUSINESS UNDER CHAPTER
11 DATED ~~SEPTEMBER~~ DECEMBER 16,

| Description | Estimated Amount Owed | Treatment |
|---|---|---|
| Clerk's Office Fees | $0[5] | Paid in full on or before the Effective Date. |
| Office of the United States Trustee | $0[6] | Paid in full on or before the Effective Date. |
| Ordinary-Course Administrative Claims | $0 | Unless the Debtor objects to the ordinary-course administrative claim, the claim will be allowed in accordance with the terms and conditions of the particular transaction giving rise to the ordinary-course administrative claim, and the person holding the ordinary-course administrative claim need not file any request for payment of its claim.  However, any request for payment, or motion to allow a claim as an ordinary-course administrative claim must be filed with the Court and served on counsel for the Debtor or the Reorganized Debtor, as the case may be, the Subchapter V Trustee, and the Office of the United States Trustee ("OUST") by no later than sixty (60) days after the Effective Date. |
| Non-Ordinary Course Administrative Claim | $0 | To the extent that any non-ordinary course administrative claims are allowed, they will be paid in full by the Debtor on the later of the Effective Date or immediately after the Court enters a final order allowing the non-ordinary course administrative claim. |
| Administrative Tax Claim | $0 | Unless the Debtor objects to an administrative tax claim or otherwise disputes the administrative tax claim in accordance with applicable law, the claim will be allowed in accordance with the terms and conditions of the particular transaction that gave rise to the administrative tax claim, and the person holding the administrative tax claim need not file any request for payment of its claim.  Any allowed administrative tax claim will be paid in the ordinary course of business, currently and timely as they are incurred and billed, unless the Debtor objects to or otherwise disputes such administrative tax claim in accordance with applicable law.  In an event of default, and to the extent such administrative tax claim is also secured, the payment thereof will include all costs, fees, charges and interest, if applicable, as required under 11 U.S.C. §§ 506(b) and 511, and applicable non-bankruptcy law. |

[5] The Debtor has not commenced any adversary proceedings or filed any motions for which any fee would be due at the conclusion of the Case.

[6] Quarterly fees are not applicable in a Subchapter V bankruptcy case.

Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

4895-1631-8529 4895-1631-8529 1377283.1

10

AMENDED PLAN OF REORGANIZATION FOR SMALL BUSINESS UNDER CHAPTER 11 DATED SEPTEMBER DECEMBER 16,

| Golden Goodrich LLP ("GG") | $150,000.00, estimated as of the Effective Date, which would be in addition to the fees and expenses paid to GG post-petition.[7] | Paid on the later of (i) the Effective Date or (ii) upon entry of an order approving the professional fee claim, except to the extent that the holder of such claim agrees to other terms. |
| Mark Sharf, Subchapter V Trustee fees | $35,000.00, estimated as of the Effective Date | Paid in full on the Effective Date. |
| TOTAL | $185,000.00 | |

a.    Professional Fee Claims

Any professional seeking allowance of a professional fee claim for services rendered prior to the Effective Date in connection with the Debtor's ~~case~~ Case must (1) file their application for allowance of compensation and reimbursement of expenses on or before 45 days after the Effective Date or such other date as may be set by the Court, and (2) have the fees and expenses allowed by a final order.  Any party in interest may file an objection to such an application within the time provided by the Local Bankruptcy Rules or within any other period that the Court sets.  Persons holding professional fee claims who do not timely file and serve their applications for payment will be forever barred from asserting these claims against the Reorganized Debtor or its property.

As indicated above, the Debtor may need to pay $185,000.00 worth of administrative claims.  As set forth below, the Debtor will have sufficient funds on hand to make these payments from cash on hand and operations of the Business.  As of the last filed monthly operating report for the month of ~~July~~ October 2022, the Debtor had $~~93,380.86.00~~139,085.91 of cash on hand, which is not subject to any liens, and anticipates that this amount will increase by the Effective Date and expects revenue over the next several months to be sufficient to pay administrative claims on the Effective Date. If there is insufficient cash on hand to make these payments on the Effective Date, then GG may agree to payments over time.

**2.    Priority Tax Claims**

---

[7] The estimate of professional fee claims is only an estimate and may change based upon the legal or financial services required during this case and upon what the Court ultimately awards to professionals.  The Estate remains liable for all allowed professional fees and costs regardless of the estimates.

**Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1    Priority tax claims include certain unsecured income, employment and other taxes

2    described by Bankruptcy Code § 507(a)(8).  The Bankruptcy Code requires that each

3    holder of such a § 507(a)(8) priority tax claim receive the present value of such claim in

4    regular installment payments in cash, over a period not exceeding five (5) years from the

5    Petition Date.  The following chart lists all of the Debtor's known § 507(a)(8) priority tax

6    claims and their treatment under the Plan:

7

8

| Description | Amount Owed | Treatment |
|---|---|---|
| FTB | $1,185.27 | The FTB filed proof of claim no. 5, which includes amounts that will be paid in the ordinary course post-petition.  To the extent that any amounts are determined to be owed to the FTB, the Debtor or the Reorganized Debtor, as the case may be, shall pay in full the allowed amount of its claim no more than five (5) years from the Petition Date. The claim shall accrue interest from the Effective Date on the unpaid balance of the allowed priority tax claim at the rate required by 11 U.S.C. § 511 to provide "present value" of the allowed priority tax claim. The Debtor or the Reorganized Debtor shall have the right to pay the balance of the allowed priority tax claim in full at any time on or after the Effective Date without premium or penalty of any kind. Payments will be made quarterly, due on the first day of the first full quarter after the Effective Date and ending on the last such date that is no more than five (5) years after the Petition ~~Date..~~ Date. |
| IRS | $~~84,866.13~~42,827.17 | ~~The amount of the claim includes an estimate for 2021 taxes based upon returns yet to be filed. The Debtor believes that the amount owed to the IRS will be further reduced based upon this filing.~~ To the extent that any amounts are determined to be owed to the IRS, the Debtor or the Reorganized Debtor, as the case may be, shall pay in full the allowed amount of its claim no more than five (5) years from the Petition Date. The claim shall accrue interest from the Effective Date on the unpaid balance of the allowed priority tax claim at the rate required by 11 U.S.C. § 511 to provide "present value" of the allowed priority tax claim. The Debtor or the Reorganized Debtor shall have the right to pay the balance of the allowed priority tax claim in full at any time on or after the Effective Date without premium or penalty of any kind. Payments will be made quarterly, |

Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

~~4895-1631-8529~~~~4895-1631-8529~~1377283.1

12

AMENDED PLAN OF REORGANIZATION
FOR SMALL BUSINESS UNDER CHAPTER
11 DATED ~~SEPTEMBER~~ DECEMBER 16,

**Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

| | | due on the first day of the first full quarter after the Effective Date and ending on the last such date that is no more than five (5) years after the Petition Date. |
|---|---|---|

**B.    Classified Claims**

**1.    Summary of Classes**

| Summary of Classes | |
|---|---|
| Class # | Claimant(s) |
| 1 | Priority Unsecured Claims |
| 2 | General Unsecured Claims |
| 3 | Equity Interests |

**2.    Class of Priority Claims**

Certain priority claims that are referred to in Bankruptcy Code §§ 507(a)(3), (4), (5), (6), and (7) are required to be placed in classes in a chapter 11 plan. The Bankruptcy Code requires that each holder of a priority claim receive cash on the Effective Date equal to the allowed amount of such claim. However, a class of unsecured priority claim holders may vote to accept deferred cash payments of a value, as of the Effective Date, equal to the allowed amount of such claim.

The following chart lists all classes containing the Debtor's Bankruptcy Code §§ 507(a)(3), (4), (5), (6), and (7) priority claims and their treatment under the Plan:

| Priority Claims | | | | |
|---|---|---|---|---|
| Class # | Description | Insiders (Y/N) | Impaired (Y/N) | Treatment |
| 1 | $135,000.00 | N | Y | The Debtor will be objecting to Claim No. 4, which is the only claim in this class as it is not entitled to priority under 11 U.S.C. § 507(a)(7) and should be reclassified to a general unsecured claim to the extent the Debtor is even liable for a debt to the claimant. With no claimants, this class will not receive anything under the Plan. |

**3.    Class of General Unsecured Claims**

General unsecured claims are unsecured claims not entitled to priority under Bankruptcy Code § 507(a).  The following chart identifies the Plan's treatment of general unsecured claims:

| General Unsecured Claims | | | | |
|---|---|---|---|---|
| Class # | Description | Insiders (Y/N) | Impaired (Y/N) | Treatment |
| 2 | General Unsecured Claims<br><br>Estimated total amount of claims:<br>$~~2,534,951.90~~3,382,683.18[8] | N | Y | Allowed general unsecured claims will be paid in full over the course of five (5) years.  Class 2 claimants will receive quarterly payments beginning the first full quarter after the Effective Date.<br><br>The Reorganized Debtor shall have the right to pay the allowed claims in Class 2 in full at any time without premium or penalty of any kind. |

### 4.    Interest Holders

Interest holders are the parties who hold ownership interest (*i.e.* equity interest) in the Debtor.  The Debtor is a California corporation.  The following chart identifies the Plan's treatment of the Class 3 interests:

| Priority Claims | | | | |
|---|---|---|---|---|
| Class # | Description | Insiders (Y/N) | Impaired (Y/N) | Treatment |
| 3 | Interest Holders | Y | N | All current interest holders will retain their percentage equity membership in the Debtor that they held as of the Petition Date. |

## VII.    MEANS OF EFFECTUATING THE PLAN

### A.    Funding the Plan

Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

---

[8] ~~The estimated total does not include the $847,731.28 included in Claim No. 9 as the Debtor anticipates paying the past due rent owed to its landlord as part of the assumption of the lease, which will occur prior to the Effective Date.~~

1    The Plan cannot be confirmed unless the Court finds it is "feasible"; pursuant to 11

2    U.S.C. §§ 1190(1)(C) and 1191(c), this means the Debtor submitted evidence establishing

3    that the Debtor will have sufficient funds available to satisfy all expenses, including the

4    scheduled payments to claimants discussed in Article VI.  The Debtor must also show that

5    it will have enough cash over the life of the Plan to make the required Plan payments and

6    operate the Debtor's business.

7        The Debtor's projections attached to the Plan as Exhibit "1" demonstrate that

8    through cash on hand and revenues to be generated over the life of the Plan, the Debtor

9    will have the ability to make the payments due on the Effective Date, the payments to

10   priority tax holders over five (5) years from the Petition Date, and the payments to Class 2

11   holders over the course of five (5) years.  These projections are based upon the historical

12   revenue and expenses of the Business, the actual revenue and expenses incurred during

13   the course of the Case, and anticipated growth over the next five (5) years.

14   **B.    Disbursing Agent**

15       The Reorganized Debtor will act as the disbursing agent for purposes of making

16   plan payments.

17   **C.    Corporate Governance**

18       Post-confirmation, the Debtor's sole shareholder will retain his equity interest in the

19   Reorganized Debtor.

20   **D.    Unclaimed or Undeliverable Plan Distributions**

21       Payments or distributions that are attempted under the Plan but remain unclaimed

22   or undeliverable for six (6) months, will revest in the post-confirmation debtor free of

23   restriction.  Any entitlement to distribution will be barred.

24   **E.    Changes in Rates Subject to Regulatory Commission Approval**

25       The Debtor is not subject to governmental regulatory commission approval and is

26   not subject to governmental regulatory commission approval of any rates.

27   **F.    Preservation of Causes of Action and Avoidance Actions**

28

**Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

4895-1631-8529~~4895-1631-8529~~1377283.1          15          AMENDED PLAN OF REORGANIZATION
FOR SMALL BUSINESS UNDER CHAPTER
11 DATED ~~SEPTEMBER~~ DECEMBER 1~~6~~,

1    The Debtor reserves for the Estate and the Reorganized Debtor all rights to

2    commence and pursue, as appropriate, any and all causes of action and avoidance

3    actions, whether arising prior to or after the Petition Date, in any court or other tribunal,

4    including without limitation, in an adversary proceeding filed in the Court, except for as

5    otherwise provided in the Plan.  On the Effective Date, the Reorganized Debtor will be

6    vested with authority to enforce, file, litigate, prosecute, settle and collect with respect to

7    causes of action and avoidance actions, although it will not be required to do so and the

8    determination of whether to do so will be made solely by the Reorganized Debtor in its

9    absolute discretion.  The Debtor is a party to two pre-petition lawsuits.  The Debtor has

10   entered into settlement agreements regarding both lawsuits and is preparing motions to

11   approve both settlement agreements.  The Debtor will receive $5,0000 in the *Cloud*

12   *Mountain Inc. v. Advance Warehouse Logistics LLC, et al.* (Case No. CIVSB2101842)

13   matter and a $58,000 bond will be released to the Debtor as part of the dismissal of the

14   *Cloud Mountain Inc. v. Cojecto, et al.* (Case No. 21STCV03063) matter.  The Debtor is

15   also is evaluating the likelihood of recovery on these actions as well as analyzing

16   avoidance actions.

17   Unless a cause of action or avoidance action against any person is expressly

18   waived, relinquished, released, compromised or settled as provided or identified in the

19   Plan, any confirmation order or prior order of the Court, the Debtor expressly reserves any

20   causes of action and avoidance actions for later adjudication.  Therefore, no preclusion

21   doctrine, including, without limitation, the doctrine of *res judicata*, collateral estoppel, issue

22   preclusion, claim preclusion, estoppel (judicial, equitable, or otherwise) or laches shall

23   apply to such causes of action or avoidance actions upon or after confirmation or

24   consummation of the Plan.  All avoidance actions and other causes of action are

25   preserved under the Plan for the benefit of the Estate, except as otherwise provided for in

26   the Plan.  Any recoveries from avoidance actions and/or other causes of action will be

27   paid to the Reorganized Debtor.

28

Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

"Avoidance action" means causes of action arising under 11 U.S.C. §§ 510, 541, 542, 544, 547, 548, 549, 550, 551, and/or 553, or under related state or federal statutes and common law, including, without limitation, fraudulent transfer laws, whether or not litigation is commenced to prosecute such causes of action.  This specifically includes the transfers listed on the Debtor's statement of financial affairs made during the 90 days, 1 year and 2 years prior to the Petition Date, including to the Debtor's insiders.

"Cause of action" means, without limitation, any and all actions, causes of action, controversies, liabilities, obligations, rights, suits, damages, judgments, Claims (as defined in Code § 101(5)) and demands whatsoever, whether known or unknown, reduced to judgment, liquidated or unliquidated, fixed or contingent, matured or unmatured, disputed or undisputed, secured or unsecured, assertable directly or derivatively, existing or hereafter arising, in law, equity, or otherwise that the Debtor and/or the Estate may hold against any person as of the Effective Date.  This specifically includes, but is not limited to, non-bankruptcy claims such a breaches of fiduciary duty and malpractice claims.

ANY CREDITORS THAT BELIEVE THEY RECEIVED A TRANSFER OR SETOFF THAT IS AVOIDABLE UNDER THE CODE OR THAT HOLD A CLAIM AGAINST THE ESTATE THAT COULD BE SUBJECT TO AN OBJECTION BASED UPON FAILURE TO RETURN AN AVOIDABLE TRANSFER OR SETOFF, ARE DIRECTED TO REVIEW THEIR RECORDS AND/OR THE DEBTOR'S SCHEDULES FOR FURTHER INFORMATION, HOWEVER, ALL RIGHTS OF THE DEBTOR AND THE ESTATE ARE RESERVED WITH RESPECT TO ANY AND ALL TRANSFERS OR SETOFF WHICH MAY BE AVOIDABLE UNDER THE BANKRUPTCY CODE.

All professional fees incurred in pursuing the avoidance actions or other causes of action shall be paid by the Reorganized Debtor without the necessity of a Court order. However, the Bankruptcy Court will reserve exclusive jurisdiction to decide any and all disputes regarding the payment of the fees and costs related to post-confirmation professional fees, upon request of a party-in-interest and after notice and a hearing.

**VIII.    PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1    The Debtor ~~intends to assume the unexpired lease~~ listed on its Schedule G: ~~(1) the~~

2    Multi-Tenant Commercial Lease (the "Pre-Petition Lease") with ~~500 Warner Avenue,~~

3    ~~LLC~~the Prior Landlord.  The Debtor and Prior Landlord entered into a Stipulation for Entry

4    of Judgment ("Stipulation") in the Unlawful Detainer Action.  The Stipulation returns

5    possession of the leased premises at 500 W. Warner Avenue, Suite 200, Santa Ana,

6    California 92707 to the Prior Landlord and forfeits the Pre-Petition Lease.  The Stipulation

7    further provides that while a writ of possession will issue immediately, there will be no

8    lockout before December 15, 2022.  The Prior Landlord's claims will be administered

9    through this Case and this Plan, and the disposition of the security deposit provided to

10    Prior Landlord pursuant to the Pre-Petition Lease will be handled through the Case.

11    The deadline to assume or reject the Pre-Petition Lease was November 13, 2022.

12    As the Pre-Petition Lease was not assumed and the deadline was not extended, the Pre-

13    Petition Lease is deemed rejected.

14    The Debtor will be seeking authorization from the Court to enter into a new lease

15    (the "Lease") with DPIF3 CA 27 Archibald Ave., LLC ("Landlord") for the real property

16    located at 6221 Archibald Avenue, Building 1, Eastvale, California 92880 (the "Premises").

17    The Premises consist of an approximately 197,892 rentable square foot building.  The

18    projections attached hereto as Exhibit "1" set forth the rental payments the Debtor will be

19    required to make under the Lease.  The Lease commencement date is December 31,

20    2022.  The Debtor will provide the Landlord with a $2,000,000.00 security deposit in the

21    form of a letter of credit.

22    The terms of the Lease are incorporated into this Plan by this reference and the

23    terms of the Lease are binding upon the Debtor and the Reorganized Debtor regardless of

24    the confirmation of the Plan, or any amendment thereto, dismissal of the Case, or

25    conversion of the Case to one under Chapter 7 of the Bankruptcy Code.  Any discharge

26    under this Plan shall not apply to the obligations, both monetary and non-monetary of the

27    Lease.  In addition, no payment made by the Debtor pursuant to the Lease once

28    approved, nor the letter of creditor nor any security deposit shall be subject to being set

Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

~~4895-1631-8529~~~~4895-1631-8529~~1377283.1

18

**Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

1  aside or recovered by any chapter 11 or chapter 7 bankruptcy trustee.  Similarly, the letter

2  of credit and/or any security deposit, shall not be subject to avoidance or recovery by any

3  subsequently appointed chapter 11 or chapter 7 trustee.

4

5

6  The Debtor's CEO is going to make a personal contribution to the Debtor sufficient

7  to pay the pre-petition cure amount to 500 Warner Avenue, LLC in the amount set forth in

8  its filed proof of claim.  The Debtor has provided notice of termination to each of the 3PL

9  customers that it has.  These entities will have removed all of their items from the leased

10  space prior to the assumption of the lease.  The Debtor is also in the process of removing

11  racking from the leased premises and, as of the filing of the Plan, about one-quarter of the

12  way complete.  The Debtor anticipates completing the removal process by the end of

13  October, 2022.  The Debtor believes this will cure the non-monetary and monetary

14  defaults under the lease allowing assumption.

15  Obligations that arise after confirmation of the Plan will be paid as they come due.

16  The Debtor intends on filing a separate motion with the Court to assume the lease.

17  Except for and the unexpired lease that the Debtor will seek to assume as set forth

18  above, the The Debtor will be conclusively deemed to have rejected all executory contracts

19  with all 3PL customers as of the Effective Date.

20  A proof of claim arising from the rejection of an executory contract or unexpired

21  lease under this section must be filed no later than 45 days after the date of the order

22  confirming the Plan.

23  **IX.    LIQUIDATION ANALYSIS**

24  To confirm the Plan, the Court must find that all creditors and equity interest

25  holders who do not accept the Plan will receive at least as much under the Plan as such

26  claim or equity interest holders would receive in a chapter 7 liquidation.  Because the Plan

27  provides payment of all of the allowed claims in full, the Plan provides at least as much as

28  such creditor would receive in a hypothetical chapter 7 liquidation.

**ASSETS VALUED AT LIQUIDATION VALUES:**

Cash                                                    $~~93,380.86~~139,085.91
Security Deposit                                        $1,993~~,~~.384.70
A/R                                                     $~~427,164.12~~419,979.77[9]
Inventory                                              $~~635,932.03~~614,884.68[10]
Office Furniture                                        $1,500.00[11]
Machinery, Equipment, Vehicle                          $24,000.00[12]
Lawsuit                                                 $20,000.00[13]
**TOTAL ASSETS AT LIQUIDATION VALUE:**                 **$~~3,195,361.71~~212,835.06**

LESS
a.    Chapter 7 Trustee fees and expenses          $~~92,632.85~~119,635.05
b.    Chapter 7 Professionals fees and expenses    $100,000.00
c.    Chapter 11 Debtor professionals              $150,000.00
d.    Subchapter V Trustee fees                     $35,000.00
e.    Priority claims, excluding admin. Expenses   $~~42,827.17~~86,051.40
**TOTAL PRIORITY LIABILITIES**                      **$~~463,684.25~~447,462.22**

Balance for unsecured claims                        $~~2,731,677.46~~2,765,372.84
Total amount of unsecured claims                    $~~3,382,683.18~~2,534,951.90

**% OF THEIR CLAIMS WHICH UNSECURED CREDITORS WOULD RECEIVE OR RETAIN IN A CHAPTER 7 LIQUIDATION = ~~100~~82%**

**% OF THEIR CLAIMS WHICH UNSECURED CREDITORS WILL RECEIVE OR RETAIN UNDER THIS PLA~~I~~N = 100%**

Below is a demonstration, in tabular format, that all creditors are projected to receive at least as much under the Plan as such creditor would receive under a chapter 7 liquidation.

---

[9] The total value of A/R used is $~~854,328.24~~839,959.55 with an assumption of 50% collectability, which is standard for the industry.

[10] The total value of inventory used is $2,~~119~~049,~~773~~615.~~44~~68 based upon the Debtor's ~~July~~ October monthly operating report and assumes a 30% recovery.

[11] The value of the Office Furniture is $15,000 based upon the Debtor's schedules and assumes a 10% recovery.

[12] The value of the Machinery, Equipment, Vehicles is $60,000 and assumes a 40% recovery through a liquidation process.

[13] ~~The requested amount in the lawsuits is approximately $1,600,000 collectively but based upon the status of the matters and likelihood of collectability, the Debtor believes the number used is appropriate~~Based upon the $5,000 settlement and the release of the bond, less attorneys' fees, the Debtor believes the number used is appropriate.

**Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

AMENDED PLAN OF REORGANIZATION FOR SMALL BUSINESS UNDER CHAPTER 11 DATED ~~SEPTEMBER~~ DECEMBER 1~~6~~,

| CLAIMS & CLASSES | PAYOUT PERCENTAGE UNDER THE PLAN | PAYOUT PERCENTAGE IN CHAPTER 7 LIQUIDATION |
|---|---|---|
| Administrative Claims | 100% | 100% |
| Priority Tax Claims | 100% | 100% |
| Class 1 Priority Unsecured Claims[14] | 0% | 0% |
| Class 2 General Unsecured Claims | 100% | ~~100~~82% |
| Class 3 Interest Holders | Retains all equity in company and receives remaining equity~~Would receive remaining equity~~ | ~~Retains all equity in company and receives remaining equity~~0% |

## X.    TAX CONSEQUENCES OF THE PLAN

CREDITORS CONCERNED WITH HOW THE PLAN MAY AFFECT THEIR TAX LIABILITY SHOULD CONSULT WITH THEIR OWN ACCOUNTANTS, ATTORNEYS, AND/OR ADVISORS.  The following disclosure of possible tax consequences is intended solely for the purpose of alerting readers about possible tax issues the Plan may present to the Debtor and the Reorganized Debtor.  The Debtor and its professionals CANNOT and DO NOT represent that the tax consequences contained below are the only tax consequences of the Plan because the Tax Code embodies many complicated rules which make it difficult to state completely and accurately all of the tax implications of any action.

Due to the unsettled and complex nature of some of the tax issues, as well as the possibility that developments subsequent to the date hereof could affect the tax consequences of the Plan, the following discussion should not be regarded as definitive or as covering all possible tax consequences.  Additionally, this summary does not discuss all aspects of federal income taxation that may be relevant to a particular creditor in light of its individual circumstances or to certain creditors subject to special treatment under the federal income tax law (for example, life insurance companies, tax-exempt organizations,

**Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

---

[14] The Debtor believes that there are no priority unsecured claims and intends on objecting to the classification of the one claim that has designated itself as such.

foreign corporations and individuals who are not citizens or residents of the United States).

As stated above, creditors concerned with how the Plan will affect their own tax liability should consult with their own accountants, attorneys, and/or advisors. The Debtor is still in the process of determining the tax consequences of the Plan but does not believe that there will be a material taxable event. The Debtor does not expect adverse consequences materially affecting the distributions to the holders of allowed claims under the Plan.

**XI.    EXPLANATION OF RISK FACTORS AND POTENTIAL FLUCTUATIONS WHEN IMPLEMENTING THE PLAN**

Performance of the obligations under the Plan are subject to various factors and contingencies, some of which are described in this section. The following discussion summarizes some of the material risks associated with the Plan but is not intended to be exhaustive.   Moreover, it should read in connection with other disclosures in the Plan. Each creditor, in conjunction with its advisors, should supplement the following discussion by analyzing and evaluating the Plan as a whole.   THE RISKS ASSOCIATED WITH THE PLAN MUST BE CAREFULLY CONSIDERED IN DETERMINING WHETHER TO ACCEPT THE PLAN.

The potential risks to creditors from this Plan include the Debtor having less cash on hand than expected to make payments on the Effective Date and the Business not performing as well as set forth in the projections thereby creating risk to creditors of full repayment over time. However, the Debtor believes that it is fully capable of making its projections and paying all creditors as set forth in the Plan.

**XII.    EFFECT OF CONFIRMATION OF THE PLAN**

**A.    General Comments**

The provisions of a confirmed Plan bind the Debtor, any entity acquiring property under the Plan, and any creditor, equity security holder, or general partner of the Debtor, even those who do not vote to accept the Plan.

Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

4895-1631-8529**4895-1631-8529**1377283.1

22

AMENDED PLAN OF REORGANIZATION FOR SMALL BUSINESS UNDER CHAPTER 11 DATED SEPTEMBER DECEMBER 16,

1    Except as provided in the Plan, the entry of an order confirming the Plan vests all

2  property of the Estate in the Debtor and, pursuant to 11 U.S.C. § 362(c)(1), the automatic

3  stay no longer applies to property of the Estate.  However, the stay of § 362(a) continues

4  to prohibit collection or enforcement of pre-petition claims against the Debtor and the

5  Debtor's property until the Debtor receives a discharge.

6          **B.    Discharge of Liability for Payments of Debts**

7    The Debtor seeks confirmation under 11 U.S.C. § 1191(a).  On the Effective Date

8  of the Plan, the Debtor will be discharged from any debt that arose before confirmation of

9  this Plan, as provided in 11 U.S.C. § 1141(d)(1)(A), except as provided in above as to the

10  Lease.  Pursuant to § 1141(d)(6), the Debtor will not be discharged from any debt of a

11  kind specified in 11 U.S.C. §§ 523(a)(2)(A)-(B) that is owed to a domestic governmental

12  unit, or owed to a person as the result of an action filed under subchapter III of Chapter 37

13  of title 31 or any similar State statute, or for a tax or customs duty with respect to which

14  the debtor made a fraudulent tax return or willfully attempted in any manner to evade or to

15  defeat such tax or such customs duty.

16    Alternatively, pursuant to 11 U.S.C. § 1192, the Court shall grant the Debtor a

17  discharge of all debts (i) provided in 11 U.S.C. § 1141(d)(1)(A), and (ii) allowed under 11

18  U.S.C. § 503 and provided for in the Plan, and shall do so as soon as is practicable after

19  the Debtor completes all payments due within the first 3 years of this Plan or as otherwise

20  provided in 11 U.S.C. § 1192.  The Debtor will not be discharged from any debt (i) on

21  which the last payment is due after the first 3 years of the Plan, or as otherwise provided

22  in § 1192, or (ii) which is excepted from discharge under § 523(a), except as provided in

23  FRBP 4007(c).  Nor will the Debtor and/or Reorganized Debtor be discharged from any

24  obligations under the Lease.

25  **XIII.    GENERAL PROVISIONS**

26          **A.    Definitions and Rules of Construction**

27    The definitions and rules of construction set forth in §§ 101 and 102 of the Code

28  shall apply when terms defined or construed in the Code are used in this Plan.

Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

AMENDED PLAN OF REORGANIZATION
FOR SMALL BUSINESS UNDER CHAPTER
11 DATED SEPTEMBER DECEMBER 16,

**B.    Effective Date**

The Effective Date of the Plan will be the first business day that is at least fifteen (15) days after the entry of an order confirming the Plan ("Confirmation Order"), provided there has been no order staying the effectiveness of the Confirmation Order.

**C.    Severability**

If any provision of this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

**D.    Binding Effect**

The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

**E.    Modification of the Plan**

The Debtor may modify the Plan pursuant to 11 U.S.C. § 1193, and as otherwise permitted by the Court or other laws, rules, and regulations.

**F.    Exculpation and Releases**

Effective upon the entry of the Confirmation Order, none of the Debtor, its accountant and staff who assisted in preparation of the Plan and related exhibits, the Debtor's professionals employed in this case (Golden Goodrich LLP) (collectively, "Exculpated Parties" and each an "Exculpated Party"), shall have or incur any liability to any person, including any creditor of the Debtor, for any act or omission in connection with, relating to or arising out of the post-petition formulation, negotiation, implementation, confirmation or consummation of this Plan, or any contract, instrument, release or other agreement or document entered into during the chapter 11 case or otherwise created in connection with this Plan; provided, however, that nothing in this Section shall be construed to release or exculpate any Exculpated Party from willful misconduct or gross negligence.

**G.    Captions**

Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

24

AMENDED PLAN OF REORGANIZATION FOR SMALL BUSINESS UNDER CHAPTER 11 DATED ~~SEPTEMBER~~ DECEMBER 1 6,

1    The headings contained in this Plan are for convenience of reference only and do

2    not affect the meaning or interpretation of this Plan.

3    **H.    Controlling Effect**

4    Unless a rule of law or procedure is supplied by federal law (including the Code or

5    the Federal Rules of Bankruptcy Procedure), the laws of the State of California will govern

6    this Plan and any agreements, documents, and instruments executed in connection with

7    this Plan, except as otherwise provided in this Plan.

8    **I.    Retention of Jurisdiction**

9    The Court will retain exclusive jurisdiction during the Plan payout period to resolve

10    disputes and conflicts arising from the administration of the Plan, upon request of a party-

11    in-interest and after notice and a hearing, including, without limitation:

12    1.    The adjudication of the validity, scope, classification, allowance, and

13         disallowance of any claim;

14    2.    The estimation of any claim;

15    3.    The allowance or disallowance of professional fee claims, compensation, or

16         other administrative claims;

17    4.    To hear and determine claims concerning taxes pursuant to Bankruptcy

18         Code §§ 346, 505, 525, and 1146;

19    5.    To hear and determine any action or proceeding brought under Bankruptcy

20         Code §§ 108, 510, 543, 544, 545, 547, 548, 549, 550, 551, and 553;

21    6.    To hear and determine all actions and proceedings which relate to pre-

22         confirmation matters;

23    7.    To hear and determine any issue relating to the assumption or rejection of

24         executory contracts and unexpired leases;

25    8.    To hear and determine any modification to the Plan in accordance with the

26         Bankruptcy Rules and the Bankruptcy Code;

27    9.    To enforce and interpret the terms of the Plan;

28

**Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

AMENDED PLAN OF REORGANIZATION
FOR SMALL BUSINESS UNDER CHAPTER
11 DATED ~~SEPTEMBER~~ DECEMBER 16,

10. To correct any defects, cure any omissions, or reconcile any inconsistency in the Plan or the confirmation order as may be necessary to carry out the purpose and intent of the Plan;

11. The entry of any order, including injunctions, necessary to enforce title, rights and powers of the Debtor or Reorganized Debtor, and to impose such limitations, restrictions, terms and conditions on such title, rights and powers as the Court may deem necessary including, without limitation, any right of the Debtor or Reorganized Debtor to recover and liquidate assets;

12. To determine the validity, extent and priority of all liens and security interests against property of the Estate or the Reorganized Debtor;

13. To hear and resolve any disputes regarding employment applications and professional fees;

14. To hear and determine such matters and make such orders as are consistent with the Plan as may be necessary to carry out the provisions thereof and to adjudicate any disputes arising under or relating to any order entered by the Court in this Case;

15. The entry of an order concluding and terminating this Case; and

16. To resolve any disputes as to whether there has been a default under the Plan.

**J.    Final Decree**

Once the Plan has been consummated, a final decree may be entered upon motion of the Debtor.  The effect of the final decree is to close the bankruptcy case.  After such closure, a party seeking any type of relief relating to a Plan provision can seek such relief in a state court of general jurisdiction.

**Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

AMENDED PLAN OF REORGANIZATION
FOR SMALL BUSINESS UNDER CHAPTER
11 DATED ~~SEPTEMBER~~ DECEMBER 1~~6~~,

1 | Dated: ~~September 16~~December 1, 2022    GOLDEN GOODRICH LLP

2

3                                            By:   */s/ Beth E. Gaschen*
                                                   DAVID M. GOODRICH
4                                                  BETH E. GASCHEN
                                                   Attorneys for Debtor and Debtor-in-
5                                                  Possession, Cloud Mountain Inc.

6

7 | Dated: ~~September 16~~December 1, 2022

8

9                                            By:   .
                                                   HANBING SHI
10                                                 Chief Executive Officer, Cloud
                                                   Mountain Inc.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

~~4895-1631-8529~~4895-1631-8529~~1377~~283.1          27          AMENDED PLAN OF REORGANIZATION
FOR SMALL BUSINESS UNDER CHAPTER
11 DATED ~~SEPTEMBER~~ DECEMBER 1~~6~~,

# EXHIBIT 1

0.0

## Cash Flow Projection(Cloud Mountain)

| CASH RECEIPTS | Q4-2022 | Q1-2023 | Q2-2023 | Q3-2023 | Q4-2023 | 20240101-20241231 | 20250101-20251231 | 20260101-20261231 | 20270101-20271231 |
|---|---|---|---|---|---|---|---|---|---|
| Cash sales | 1,505,410.87 | 1,774,565.51 | 3,103,740.27 | 3,602,733.88 | 3,742,452.09 | 14,691,579.61 | 16,915,883.45 | 18,279,301.68 | 20,688,191.16 |
| PARTNER INVESTMENT | 2,435,107.06 | | | | | | | | |
| Begginning Cash | 139,085.91 | | | | | | | | |
| TOTAL CASH RECEIPTS | 4,079,603.84 | 1,774,565.51 | 3,103,740.27 | 3,602,733.88 | 3,742,452.09 | 14,691,579.61 | 16,950,000.00 | 18,279,301.68 | 20,688,191.16 |

| CASH PAID OUT | Q4-2022 | Q1-2023 | Q2-2023 | Q3-2023 | Q4-2023 | 20240101-20241231 | 20250101-20251231 | 20260101-20261231 | 20270101-20271231 |
|---|---|---|---|---|---|---|---|---|---|
| Materials and supplies (in COGS) | 524,121.04 | 749,023.38 | 908,644.94 | 1,228,498.45 | 1,238,242.08 | 4,665,612.90 | 5,631,540.03 | 6,081,144.86 | 6,989,101.65 |
| Advertising | 59,926.75 | 73,110.64 | 82,387.08 | 109,865.71 | 119,853.51 | 435,467.74 | 476,795.00 | 540,095.41 | 815,758.47 |
| Commissions and fees | 67,916.99 | 71,912.10 | 80,864.49 | 119,853.51 | 143,824.21 | 522,561.29 | 692,154.00 | 888,114.49 | 1,218,910.17 |
| Shipping Expenses | 35,956.05 | 39,951.17 | 55,432.25 | 65,919.43 | 71,912.10 | 261,280.65 | 346,077.00 | 444,057.24 | 609,455.08 |
| 3PL Warehouse service fee | 59,951.17 | 64,920.65 | 66,387.08 | 64,871.82 | 69,853.51 | 245,467.74 | 576,795.00 | 740,095.41 | 915,758.47 |
| Business trip | 4,993.90 | 4,993.90 | 4,993.90 | 4,993.90 | 4,993.90 | 39,951.17 | 59,926.75 | 79,902.34 | 99,877.92 |
| Platform operation | 90,000.00 | 90,000.00 | 90,000.00 | 90,000.00 | 90,000.00 | 360,000.00 | 360,000.00 | 360,000.00 | 360,000.00 |
| Wages plus payroll taxes | 35,000.00 | 15,000.00 | 15,000.00 | 30,000.00 | 30,000.00 | 120,000.00 | 120,000.00 | 120,000.00 | 120,000.00 |
| Rent LBA OCT | 297,929.06 | | | | | | | | |
| Rent REXFORD | 2,435,107.06 | | 1,305,321.18 | 1,305,321.18 | 1,305,321.18 | 5,282,454.36 | 5,482,138.68 | 5,691,307.92 | 5,910,412.68 |
| Contract labor | 168,480.00 | 160,480.00 | 160,160.00 | 200,160.00 | 235,200.00 | 940,800.00 | 940,800.00 | 940,800.00 | 940,800.00 |
| Rent: equipment,maintenance | 29,735.42 | 36,980.56 | 36,980.56 | 36,980.56 | 36,980.56 | 147,922.24 | 147,922.24 | 147,922.24 | 147,922.24 |
| Supplies (not in COGS)COST OF GOODS | 29,963.38 | 35,956.05 | 35,956.05 | 35,956.05 | 35,956.05 | 149,816.88 | 149,816.88 | 149,816.88 | 149,816.88 |
| Office expense | 2,397.07 | 2,397.07 | 2,397.07 | 2,397.07 | 2,397.07 | 9,588.28 | 9,588.28 | 9,588.28 | 9,588.28 |
| System maintenance | 30,559.02 | 9,000.00 | 9,000.00 | 9,000.00 | 9,000.00 | 36,000.00 | 36,000.00 | 36,000.00 | 36,000.00 |
| Insurance(warehouse/platforms) | 5,992.68 | 5,992.68 | 5,992.68 | 5,992.68 | 5,992.68 | 23,970.70 | 23,970.70 | 23,970.70 | 23,970.70 |
| Network& 800 telephone | 2,607.72 | 2,607.72 | 2,607.72 | 2,607.72 | 2,607.72 | 10,430.89 | 10,430.89 | 10,430.89 | 10,430.89 |
| Taxes and licenses | 14,981.69 | 14,981.69 | 14,981.69 | 14,981.69 | 14,981.69 | 79,902.34 | 99,877.92 | 119,853.51 | 119,853.51 |
| Employee benefit programs | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 24,000.00 | 36,000.00 | 50,000.00 | 50,000.00 |
| Utilities | 2,506.79 | 2,506.79 | 2,506.79 | 2,506.79 | 2,506.79 | 10,027.16 | 10,027.16 | 10,027.16 | 10,027.16 |
| Corporate lawyer | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 6,000.00 | 6,000.00 | 6,000.00 | 6,000.00 |
| Accounting firm | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 12,000.00 | 12,000.00 | 12,000.00 | 12,000.00 |
| Bank charges | 2,444.72 | 2,444.72 | 2,444.72 | 2,444.72 | 2,444.72 | 12,223.60 | 12,223.60 | 12,223.60 | 12,223.60 |
| Unpredictable | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 24,000.00 | 24,000.00 | 24,000.00 | 24,000.00 |
| SUBTOTAL | 3,911,070.51 | 1,392,759.12 | 2,892,558.20 | 3,342,851.28 | 3,432,567.77 | 13,419,477.94 | 15,264,084.13 | 16,497,350.93 | 18,591,907.70 |
| **Cash on hand** | 168533.33 | 381806.39 | 211182.07 | 259882.6 | 309884.32 | 1272101.67 | 1685915.87 | 1781950.75 | 2096283.46 |

**PLAN PAYMENTS**

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Trustee Fees /35000 | | 35,000.00 | | | | | | | |
| Golden Goodrich/150000 | | 150,000.00 | | | | | | | |
| SCIE, Inc./27023.04 | | 1,351.15 | 1,351.15 | 1,351.15 | 1,351.15 | 5,404.61 | 5,404.61 | 5,404.61 | 5,404.61 |

EXHIBIT 1  PAGE  28

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| IRS 1  / 42827.17 priority | | 42,827.17 | | | | | | |
| IRS 2  /13015.04 | | 650.75 | 650.75 | 650.75 | 650.75 | 2,603.01 | 2,603.01 | 2,603.01 | 2,603.01 |
| Meta Global Trade Inc./135000 | | 6,750.00 | 6,750.00 | 6,750.00 | 6,750.00 | 27,000.00 | 27,000.00 | 27,000.00 | 27,000.00 |
| Franchise Tax Board ("FTB")/1185.27 | | 1,185.27 | | | | | | |
| Franchise Tax Board 2 ("FTB") 834.09 | | 41.70 | 41.70 | 41.70 | 41.70 | 166.82 | 166.82 | 166.82 | 166.82 |
| Metropolitan Warehouse & Delivery/57531.42 | | 2,876.57 | 2,876.57 | 2,876.57 | 2,876.57 | 11,506.28 | 11,506.28 | 11,506.28 | 11,506.28 |
| Farivar Law Firm, APC/10353.26 | | 517.66 | 517.66 | 517.66 | 517.66 | 2,070.65 | 2,070.65 | 2,070.65 | 2,070.65 |
| ADP Express LLC/117458.88 | | 5,872.94 | 5,872.94 | 5,872.94 | 5,872.94 | 23,491.78 | 23,491.78 | 23,491.78 | 23,491.78 |
| 500 Warner Avenue, LLC | | 57,281.27 | 57,281.27 | 57,281.27 | 57,281.27 | 229,125.07 | 229,125.07 | 229,125.07 | 229,125.07 |
| KlearNow Corporation/24585.6 | | 1,229.28 | 1,229.28 | 1,229.28 | 1,229.28 | 4,917.12 | 4,917.12 | 4,917.12 | 4,917.12 |
| Ameri-Hua, Inc./40000 | | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 8,000.00 | 8,000.00 | 8,000.00 | 8000 |
| ART Outdoor Limited/260000 | | 13,000.00 | 13,000.00 | 13,000.00 | 13,000.00 | 52,000.00 | 52,000.00 | 52,000.00 | 52000 |
| C.H. Robinson /11853.7 | | 592.69 | 592.69 | 592.69 | 592.69 | 2,370.74 | 2,370.74 | 2,370.74 | 2370.74 |
| China U. Technology /10000 | | 500.00 | 500.00 | 500.00 | 500.00 | 2,000.00 | 2,000.00 | 2,000.00 | 2000 |
| Circlelink Group LLC /70000 | | 3,500.00 | 3,500.00 | 3,500.00 | 3,500.00 | 14,000.00 | 14,000.00 | 14,000.00 | 14000 |
| Cope Services Incorporated /600000 | | 30,000.00 | 30,000.00 | 30,000.00 | 30,000.00 | 120,000.00 | 120,000.00 | 120,000.00 | 120000 |
| Durkee /28000 | | 1,400.00 | 1,400.00 | 1,400.00 | 1,400.00 | 5,600.00 | 5,600.00 | 5,600.00 | 5600 |
| Eng Law /9454.5 | | 472.73 | 472.73 | 472.73 | 472.73 | 1,890.90 | 1,890.90 | 1,890.90 | 1890.9 |
| Hangzhou Keynice Leisure | | 4,500.00 | 4,500.00 | 4,500.00 | 4,500.00 | 18,000.00 | 18,000.00 | 18,000.00 | 18000 |
| KlearNow Corporation /80000 | | 4,000.00 | 4,000.00 | 4,000.00 | 4,000.00 | 16,000.00 | 16,000.00 | 16,000.00 | 16000 |
| Lifestyle Garden Co., Limited /18000 | | 900.00 | 900.00 | 900.00 | 900.00 | 3,600.00 | 3,600.00 | 3,600.00 | 3600 |
| Ningbo Rowan /120000 | | 6,000.00 | 6,000.00 | 6,000.00 | 6,000.00 | 24,000.00 | 24,000.00 | 24,000.00 | 24000 |
| Quartz Logistics Inc. /156000 | | 7,800.00 | 7,800.00 | 7,800.00 | 7,800.00 | 31,200.00 | 31,200.00 | 31,200.00 | 31200 |
| Richard Varriale /3000 | | 150.00 | 150.00 | 150.00 | 150.00 | 600.00 | 600.00 | 600.00 | 600 |
| Rowan Electric Appliance /20000 | | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 4,000.00 | 4,000.00 | 4,000.00 | 4000 |
| S&Y Digital Solutions Inc. 12000 | | 600.00 | 600.00 | 600.00 | 600.00 | 2,400.00 | 2,400.00 | 2,400.00 | 2400 |
| SCIF /17687.61 | | 884.38 | 884.38 | 884.38 | 884.38 | 3,537.52 | 3,537.52 | 3,537.52 | 3537.52 |
| Shandong Taipeng Intelligent Co. | | 29,500.00 | 29,500.00 | 29,500.00 | 29,500.00 | 118,000.00 | 118,000.00 | 118,000.00 | 118000 |
| UPS CM /1751.23 | | 87.56 | 87.56 | 87.56 | 87.56 | 350.25 | 350.25 | 350.25 | 350.25 |
| UPS Yinghe /8000 | | 400.00 | 400.00 | 400.00 | 400.00 | 1,600.00 | 1,600.00 | 1,600.00 | 1600 |
| X-United Trucking /20000 | | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 4,000.00 | 4,000.00 | 4,000.00 | 4000 |
| Zage /3000 | | 150.00 | 150.00 | 150.00 | 150.00 | 600.00 | 600.00 | 600.00 | 600 |
| Zhejiian Linya Co., Ltd. /5000 | | 250.00 | 250.00 | 250.00 | 250.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1000 |
| **Total/** 3934186.15 | 0.00 | 414,271.12 | 185,258.68 | 185,258.68 | 185,258.68 | 741,034.75 | 741,034.75 | 741,034.75 | 741,034.75 |
| **Net Cash Flows** | 168,533.33 | -32,464.73 | 25,923.39 | 74,623.92 | 124,625.64 | 531,066.92 | 944,881.12 | 1,040,916.00 | 1,355,248.71 |

EXHIBIT 1  PAGE  29

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**650 Town Center Drive, Suite 600, Costa Mesa, California 92626**

A true and correct copy of the foregoing document entitled (*specify*): **AMENDED PLAN OF REORGANIZATION FOR SMALL BUSINESS UNDER CHAPTER 11 DATED DECEMBER 1, 2022** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **December 1, 2022**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **December 1, 2022**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served)**:** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **December 1, 2022**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Honorable Theodor C. Albert, 411 W. 4th Street, Ctrm 5B. Santa Ana, CA 92701

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| December 1, 2022 | Kelly Adele | *Kelly Adele* |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
0.0

**F 9013-3.1.PROOF.SERVICE**

**Electronic Mail Notice List**

Fahim Farivar    fahim@farivarlaw.com, catherine@farivarlaw.com;lisa@farivarlaw.com
Beth Gaschen    bgaschen@go2.law,
kadele@wgllp.com;cbmeeker@gmail.com;cyoshonis@wgllp.com;lbracken@wgllp.com;bgaschen@ecf.courtdrive.com;gestrada@wgllp.com
David M Goodrich    dgoodrich@go2.law,
kadele@wgllp.com;lbracken@wgllp.com;wgllp@ecf.courtdrive.com;gestrada@wgllp.com
Michael S Greger    mgreger@allenmatkins.com, kpreston@allenmatkins.com
Queenie K Ng    queenie.k.ng@usdoj.gov
Mark M Sharf (TR)    mark@sharflaw.com, C188@ecfcbis.com;sharf1000@gmail.com
United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov