GIOVANNI ORANTES – State Bar No. 190060
**THE ORANTES LAW FIRM, P.C.**
3435 Wilshire Blvd. 27th Floor
Los Angeles, CA  90010
Telephone:  (213) 389-4362
Facsimile:  (877) 789-5776
go@gobklaw.com

Attorney for Creditor
KlearNow Corporation

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>CLOUD MOUNTAIN, INC.,<br><br>                Debtor and<br>                Debtor-In-Possession. | Case No. 8:22-bk-10442-TA<br><br>Chapter 11 Proceeding<br><br>**LIMITED OPPOSITION TO DEBTOR'S AMENDED CHAPTER 11 PLAN (Docket No. 200)**<br><br><u>**HEARING**</u><br>Date:     AUGUST 23, 2023<br>Time:     1O:00 A.M.<br>Place:    VIA  ZOOM |

**TO THE HONORABLE THEODOR ALBERT, JUDGE OF THE UNITED STATES BANKRUPTCY COURT; THE OFFICE OF THE UNITED STATES TRUSTEE AND ALL OTHER INTERESTED PARTIES:**

COMES NOW, KlearNow Corporation, through its counsel, hereby submits the following limited opposition to confirmation of the Debtor's Amended Chapter 11 Plan (Docket No. 200) ("Plan") and states as follows:

A local treatise explains:

2) [11:2508] **Debtor must allocate projected disposable income or property to plan for three to five years:** As of the plan's effective date, the plan must provide that:
- — all of the Sub V debtor's projected disposable income to be received in the three-year period (or such longer period not to exceed five years)

beginning on the date that the first payment is due under the plan will be applied to make payments under the plan; or

- —— the value of the property to be distributed under the plan in the three-year (maximum five-year) period beginning on the date on which the first distribution is due under the plan is not less than the Sub V debtor's projected disposable income. [11 USC § 1191(c)(2)]

a) [11:2509] **"Disposable income":** For purposes of 11 USC § 1191(c)(2), "disposable income" is income that is received by the Sub V debtor and that is not reasonably necessary to be expended for:

- —— the maintenance or support of the Sub V debtor or a dependent of the debtor (11 USC § 1191(d)(1)(A)); or
- —— a postpetition domestic support obligation (11 USC § 1191(d)(1)(B)); or
- —— the payment of expenditures necessary for the continuation, preservation, or operation of the Sub V debtor's business (11 USC § 1191(d)(2)).

P. "Small Business Debtor" Chapter 11 Cases, Cal. Prac. Guide Bankruptcy Ch. 11-P

The Plan here does not indicate that it applies to make payments under the Plan all of the Sub V debtor's projected disposable income to be received in the three-year period beginning on the date that the first payment is due under the plan. Thus, the Plan should not be confirmed unless the distribution to unsecured creditors (because priority and secured creditors enjoy specific provisions regarding payment) is increased so as to provide all of the debtor's disposable income to make payments under the plan or otherwise the Debtor proves that it already does. 11 U.S.C. § 1191(c)(2).

Next, the plan must provide appropriate remedies, which may include liquidation of assets, to protect the holders of claims or interests in the event plan payments are not made (i.e., in case of default under the Plan). 11 USC § 1191(c)(3)(B).  The Plan cannot be confirmed because it currently does not provide remedies in case of default.

Last, the Exculpation and Releases clause in current paragraph XIII.F is improper because it does not specify a temporal limitation:

Exculpation clauses generally only exculpate those actions taken in connection with a bankruptcy case between the petition date and the effective date of the plan. See, e.g., In re Yellowstone Mountain Club, LLC, 460 B.R. at 271 (The Court read the exculpation clause to only protect those acts that occurred between the petition date and effective date.); In re Lighthouse Lodge, LLC, 2010 WL 4053984, at *6 (The language of the clause expressly limited the exculpation to acts "from the Petition Date to and including the Effective Date.").

*In re Fraser's Boiler Serv., Inc.,* 593 B.R. 636, 640 (Bankr. W.D. Wash. 2018).  This Court should not confirm the Plan with the current exculpation and releases clause because it could swallow the obligation of the Debtor and its professionals to perform under the Plan.  As the cited caselaw

specifies, the effect of the clause should be limited to the period between the petition date and the effective date of the plan.

For the reasons stated above, KlearNow Corporation urges the Court not to approve the Plan as currently proposed unless the above issues are cured along with any other issues raised by other parties by formal objections or at the hearing on plan confirmation.

DATED:  August 9, 2023                         **THE ORANTES LAW FIRM, P.C.**

By:  /s/ Giovanni Orantes
    Giovanni Orantes
    Attorney for Creditor KlearNow Corporation